1

1    STATE OF ILLINOIS)
                     )  SS:
2    COUNTY OF L A K E)

3

         IN THE CIRCUIT COURT FOR THE NINETEENTH
4        JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

5


6    SARINA ERVIN,                      )
                                        )
7            Plaintiff,                 )
                                        )
8        vs.                            )   No. 04 D 1943
                                        )
9                                       )
     RAYMOND ERVIN and GWENDOLYN BARLOW, )
10   et al.,                            )
                                        )
11           Defendants.                )
     -------------------------------------

12

13           REPORT OF PROCEEDINGS had in the matter of

14   the above-entitled case, before the HONORABLE STACEY

15   SENECZKO, Judge of said Court, at 18 North County Street,

16   Waukegan, Illinois, commencing on the November 29, 2018

17   A.D., at the hour of 1:30 p.m.

18

19                   *      *      *

20

21

22            Reported by Susan L. Bruesch, CSR

23

24

2

1    A P P E A R A N C E S:
     RAYMOND BOLDT, ATTORNEY AT LAW
2    209 E. Park Street
     Mundelein, IL 60060
3    847-566-3410
     BY:  MR. RAYMOND BOLDT
4
          Appeared on behalf of Gwen Barlow,
5         the Plaintiff.

6

7    BEERMANN, LLP
     2275 Half Day Road
8    Suite 350
     Bannockburn, IL 60015
9    312-621-4394
     jsteele@beermannlaw.com
10   BY:  MR. JONATHAN D. STEELE

11        Appeared on behalf of Beermann, LLP,
          involved party.
12

13

14   MICHAEL NERHEIM
     LAKE COUNTY STATE'S ATTORNEY
15   18 N. County Street
     Waukegan, IL  60085-4363
16   847-377-3000
     BY:  MS. LISLE STALTER
17
          Appeared on behalf of the State's Attorney's
18        Office.

19

20                      *     *     *     *

21

22

23

24

L&L REPORTING SERVICES, INC.   WAUKEGAN, IL  (847)623-7580

1          MR. BOLDT:  Good afternoon, Judge.

2          THE COURT:  Good afternoon,

3    everyone.

4          MR. STEELE:  Jonathan Steele from

5    Beermann.

6          MR. BOLDT:  Raymond Boldt.  I

7    represent Gwen Barlow, the third-party citation

8    respondent, Judge.

9          MR. STEELE:  Judge, you asked us to

10   give notice to the State the last time we were

11   here so there is an attorney from the State.  I

12   don't know if you want her to step up.

13         THE COURT:  Why don't you come to

14   the bench.

15         MS. STALTER:  Good afternoon, your

16   Honor.  Lisle Stalter on behalf of the State's

17   Attorney's Office.

18         THE COURT:  All right.  Thank you.

19   And then my understanding is we're here for a

20   continued citation; is that correct?

21         MR. BOLDT:  Correct, Judge.

22         THE COURT:  All right.  Were there

23   supposed to be additional documents that were

24   delivered prior to today's date?

1          MR. STEELE:  The documents were due

2    November 14 which would have been seven months

3    after she got the rider in the first place and

4    she delivered nothing so I noticed up for today

5    a petition for rule to show cause seeking a

6    contempt finding against Barlow and then

7    Mr. Boldt today hands me what purports to be a

8    response.  I have a number of issues with it.

9          I would rather be under oath

10   for one after the first citation examination

11   that I had with her which seemed to be less

12   than truthful.  There's a number of redactions

13   on the few bank statements that are in here,

14   specifically, all deposits into this account

15   are redacted as to their source and it's a

16   joint account with the debtor so I think I'm

17   entitled to know the source of those deposits.

18          This is going to sound in a

19   vacuum, but I asked for ten years of bank

20   statements, and the reason is this arrearage

21   and support goes back almost 20 years so I was

22   trying to see what kind of financial transfers

23   have gone back and forth between husband and

24   wife, and I get the first page of a checking

1    account statement for about six months so where

2    the rest of the page is, why are they redacted,

3    where are the rest of the statements.

4                        I asked for tax returns and the

5    answer is there are none because there's

6    currently an investigation by the IRS.  I don't

7    know that those two things are in conflict with

8    each another.  I think you can be under

9    investigation and still have tax returns and I

10   just got this stuff today so I would like the

11   rest of what I think is properly tendered, and

12   if she doesn't have it today then I guess we

13   can't continue the citation exam today, but I'd

14   like a rule to issue on the petition that I

15   filed because the stuff was due weeks ago, not

16   thanks for filing a contempt petition, here's a

17   half answer.

18                   THE COURT:  I haven't seen the

19   petition.  When did you file it?

20                   MR. STEELE:  We submitted it for

21   filing yesterday.

22                   MR. BOLDT:  Yes, Judge.

23                   MR. STEELE:  Here's a copy of it

24   showing we submitted it for filing yesterday.

1          THE COURT:  I take it then Mr. Boldt

2    didn't receive it until yesterday as well?

3          MR. STEELE:  That's correct.

4          MR. BOLDT:  About 4 p.m., Judge.

5          THE COURT:  Mr. Boldt, do you have

6    something you'd like to say?

7          MR. BOLDT:  Just by the fact of

8    emailing it to me yesterday and it's only set

9    for presentation, first of all, I believe the

10   rule indicates that its service isn't effective

11   until today because he emailed it to me

12   yesterday at about 4:00 o'clock so the service

13   date is actually today which means that it was

14   just as if he handed it up today.

15          I guess -- I don't want to rule

16   the issue because notice is not proper.  It

17   just isn't.

18          THE COURT:  So what about the

19   substance of that?

20          MR. BOLDT:  I received that this

21   morning from my client.  It's dated the 28th.

22   I talked to my client and advised her that she

23   needed to provide me the documents and that she

24   had promised them to me on the 14th.  She

1    tendered that to me this morning via email and

2    I tendered it to counsel.

3                THE COURT:  Just for what he's

4    saying, I haven't read the motion or petition,

5    rather, it sounds like he concerned about the

6    documents that were redacted or were not

7    provided.

8                MR. BOLDT:  Well, Judge, I only got

9    the documents that I handed to him when we

10   walked into court this morning and the motion

11   or the petition for indirect civil contempt

12   does not address any of those things, they

13   addressed his concerns that he placed before

14   the Court on the last occasion when we went in

15   the room for the citation.

16                So if counsel wants to address

17   those issues on another date and come back, I

18   guess we can.  I would want time to respond to

19   the motion as to what's going on.

20                THE COURT:  So, again, I haven't had

21   the benefit of reading it.  Does this petition

22   include your concerns regarding the inadequacy

23   of the response that he provided?  I assume not

24   because you just got it.

1          MR. STEELE:  I got it today so that

2   petition says you didn't give me anything and

3   you were ordered to by November 14.

4          THE COURT:  Sp what I propose that

5   we do is if you want to file some type of a

6   written motion relative to the insufficiency or

7   other inadequacies of the response and provide

8   Mr. Boldt an opportunity to respond to that as

9   well as the petition for rule to show cause,

10  but I haven't seen anything.  I'm not really

11  prepared to rule.

12         MR. STEELE:  Understood.

13         THE COURT:  So you'll be able to, I

14  assume, work out an agreement.

15         MR. STEELE:  Sure.

16         THE COURT:  Give you a chance to

17  reply to his responses.

18         MR. STEELE:  Can I just ask a matter

19  of procedure in your courtroom?  If in a normal

20  case where somebody's asked to produce

21  documents and they show up and they don't and

22  they produce some and not others, do you

23  require it in a motion from the person seeking

24  the documents normally or is it because this

1    case is a little more?

2              THE COURT:  From what I -- this case

3    seems to be anything but normal.

4              MR. STEELE:  Right.

5              THE COURT:  But from what you're

6    telling me, and I don't have the benefit of

7    knowing what he produced to you or even the

8    subpoena that was served, I don't have that

9    information in front of me now nor was I

10   provided the opportunity to review it prior to

11   the Court today.

12             It sounds like you're

13   disputing, like I said, that the redaction of

14   information and the failure to produce certain

15   returns and so forth and I wouldn't rule on

16   that without you, you know, giving me

17   information beyond you just tell me and having

18   afforded counsel the opportunity to respond to

19   those arguments.

20             MR. STEELE:  Sure.  Just by way of

21   example, here's one page of a checking account

22   statement that shows deposits and they're

23   redacted as to the source.  So I'm not sure

24   what authority there is to redact those, and if

1    you'll see in the top joint account with

2    Mr. Ervin, I don't know if Mr. Boldt has a

3    response that he thinks that's appropriate.

4                    If you want me to put a motion

5    in writing, I can.  I'm trying to streamline

6    the work that I'm doing.

7                    THE COURT:  Sure.  What you're

8    tendering me, you know, in a vacuum sounds

9    reasonable what you're saying, but I don't know

10   enough to make that statement and I don't know

11   if the two of you have communicated in terms of

12   the 201(k) conference to try to resolve your

13   objections to the responses to see if you might

14   reach some common ground.  So I want to afford

15   you the opportunity to do that and afford me

16   the opportunity to have advanced notice of the

17   documents and arguments so that we can all

18   discuss it intelligently.

19                    MR. STEELE:  Okay.

20                    THE COURT:  And I can't do that

21   today without having any of that information.

22                    MR. STEELE:  I certainly understand

23   that quandary the Court is in because I'm in a

24   similar one when I was just handed this today.

1    Perhaps the State doesn't need to come back.  I

2    think she can speak for herself about what

3    their interest is but that's why you wanted us

4    to give notice.

5                    THE COURT:  That's why I asked you

6    to step up.

7                    MS. STALTER:  That's fine.  So the

8    Department of Health Care and Family Services

9    is our clients in the matter and they're the

10   ones that refer to the specific action to the

11   State's Attorney's Office to partake in.  They

12   did that a little over a year ago.  We filed a

13   petition to intervene.  Our petition for

14   setting arrearages was denied.  We've advised

15   our client of that.

16                   They have not requested any

17   additional action on behalf of them at this

18   point in time.  So until they ask us to take

19   additional action, I don't know if we're needed

20   to be involved in the proceedings.

21                   THE COURT:  But, Mr. Boldt, didn't

22   you submit something last time?

23                   MR. BOLDT:  Yes, Judge, and I

24   brought the documents.  They're permitted to

1    intervene.

2              THE COURT:  That I do recall.  I

3    thought you showed us --

4              MR. BOLDT:  There is a notice sent

5    as an attachment to the supplement I provided

6    to the Court that showed that the Illinois

7    Department of Health Care and Family Services

8    had sent a notice to Mr. Ervin who emailed it

9    to me showing that the Illinois Department of

10   Health Care and Family Services are involved

11   and are seeking approximately a quarter of a

12   million dollars from him.

13              This note was dated and

14   attached to my documents.  I'll send

15   Ms. Stalter a copy.  It was Exhibit A.  That

16   was sent to my client and was presented to this

17   Court as part of my supplement when I

18   questioned the idea of Mr. Steele and his

19   client pursuing money from 2000 for moneys due

20   and owing Ms. Ervin because if you look at --

21   and I can leave those with the Court --

22   Ms. Stalter on behalf of the State's Attorney

23   in July or, no, May of 2017 filed a verified

24   petition indicating that moneys up until 2006

1    belonged to the province of Ontario, Canada

2    by way of a certified petition in paragraph 8.

3               You can keep all these, Judge.

4    They're all yours, if you wish.  And when you

5    look at Mr. Steele's documents and his response

6    and his calculations and so forth, his

7    Exhibit A starts in August of 2000.

8               So it appears to me as I was

9    trying to explain to the Court on the last

10   occasion that both Mr. Steele and the Illinois

11   Department of Health Care and Family Services

12   are seeking money for the same period of time.

13          THE COURT:  But it may not be the

14   same money.

15          MR. BOLDT:  But it is, Judge,

16   because when we look at his calculations and

17   his attachments, that's what it is.  It's the

18   child support money that he calculated out and

19   put together that document.

20          MR. STEELE:  It sounds like he wants

21   the State to pursue money that they're saying

22   they're not pursuing.  I think there's one

23   person pursuing --

24          MR. BOLDT:  But they are pursuing

1    it.  I attached that document.  I'm sorry.

2                    THE COURT:  Let's hear from the

3    State.

4                    MS. STALTER:  By statute Mr. Boldt

5    is fully aware of this.  The State has the

6    ability to pursue administrative processes to

7    collect moneys that are due in child support

8    enforcement matters.  Our office isn't involved

9    in the administrative process.  Mr. Boldt

10   complaining about having last minute notice on

11   a citation, he hands me this in Court and has

12   responded.

13                   MR. BOLDT:  No.

14                   MS. STALTER:  This was a document

15   that was filed in early October, has not filed

16   a motion against the State, just here, State,

17   handing it to me and saying, respond, this is

18   unfair.  I can't -- at this point in time.

19                       However, I will indicate that

20   Mr. Boldt is fully aware that the State does

21   have authority to pursue administrative moneys

22   due administratively.  The State's Attorney's

23   Office is not involved in that process.  That

24   is totally the administrative process permitted

1   by statute.

2              THE COURT:  Okay.  So if I

3   understand what you're saying is that most

4   recent correspondence that was sent, what,

5   October, is it?

6              MR. BOLDT:  I didn't send --

7              THE COURT:  Not from you.  I'm

8   sorry.  That was sent from the Department of

9   Health Care.

10             MS. STALTER:  He filed this in

11  October.  I have not seen this --

12             THE COURT:  I know that.

13             MS. STALTER:  -- until this morning

14  and it was dated September 28.

15             MR. BOLDT:  And received by me from

16  Mr. Ervin a few days before I filed that

17  response, Judge.

18             THE COURT:  Right.

19             MR. BOLDT:  And I know that the

20  State can pursue it administratively.  I'm just

21  trying to figure out who's owed what amount of

22  money.  If the State can -- whether the State's

23  Attorney's involved or not, it appears the

24  State of Illinois is involved and asking for

1    money based on prior pleadings from '98 to

2    2016.  They withdraw their motion to determine

3    arrearage and it was done at the request of the

4    State's Attorney and it was done without

5    prejudice.  All I'm pointing out to the Court

6    is that it appears that the money that

7    Mr. Steele is pursuing pursuant to his

8    documents and the administrative documents

9    along with that in May of 2017, they overlap.

10          THE COURT:  And I don't know whether

11    they do or not, but I did see that the State

12    had intervened previously and I guess I wanted

13    to keep you in the loop --

14          MS. STALTER:  Right.

15          THE COURT:  -- in terms of this.

16          MS. STALTER:  And that I understand

17    and I don't mind getting notice.  Right now

18    notices do go to Ms. Curren.  She's no longer

19    in the office.  I'm the one in the office that

20    supervises child support.  So any notices can

21    come to me directly.

22          THE COURT:  Okay.

23          MS. STALTER:  I don't mind receiving

24    notes so that we're aware of what's going on.

```
1    So if something does come up that our office is

2    involved in or Mr. Boldt wants some type of

3    accounting properly, not this kind of

4    setting --

5              THE COURT:  I appreciate that.

6              MS. STALTER:  -- so that is fine to

7    keep me in the loop so that if something comes

8    up or if HFS decides to send us something to

9    take further action on, we at least know what's

10   happening with the rest of the case.

11             At this point in time the

12   arrearages about the petition to intervene was

13   denied and that was the last action that was

14   requested from our office in this matter.  The

15   client hasn't requested any further action at

16   the point in time.  It looks like they've been

17   attempting to pursue the moneys through the

18   administrative processes which they have the

19   statutory right to do.

20             THE COURT:  Okay.

21             MR. BOLDT:  Just so we're clear,

22   Judge, the only reason I brought it up is

23   because, again, Mr. Ervin contacted me and

24   indicated that they are pursuing I believe
```

1    social security benefits as of either

2    December 1 or perhaps November 1.  I'm not

3    sure.  He's not my client, Ms. Barlow is.  And

4    the documents are being emailed to me, and all

5    I'm trying to do is bring to the Court's

6    attention what appears to possibly be a

7    conflict.  I'm not pointing fingers at anybody.

8    I'm not, Judge.

9              THE COURT:  And so what I understand

10   a possible conflict, and that's a little bit

11   beyond, again, what we're here for today, I

12   just wanted the State to be aware that this

13   proceeding was ongoing and then if you choose

14   or don't choose to participate, at least you're

15   now aware of it.

16             MS. STALTER:  Right.

17             THE COURT:  But as of today we had

18   the continued citation, it looks like it's not

19   going to go forward because we have alleged

20   inadequate documentation and so I want to

21   afford counsel the opportunity to see if you

22   might resolve that, boil down what exactly this

23   is you're disputing about, file the motion in

24   that regard, respond, reply, courtesy copies to

1    me so I can make an informed ruling.  So -- but

2    this has been --

3                MR. BOLDT:  Thank you.

4                THE COURT:  Even though I have not

5    been involved since the beginning, I can tell

6    that this has dragged on longer than it should

7    so I think we can have an abbreviated briefing

8    schedule if the parties are agreeable to that.

9                MR. STEELE:  I certainly am and I

10   will file the motion that you're requesting.

11               THE COURT:  But including that that

12   you've spoken to him.  So, obviously, speak

13   with him.

14               MR. STEELE:  Sure.

15               THE COURT:  And see if he might say

16   you're right of not -- you know, redact the

17   deposits, I agree with you and whatever.

18               MR. STEELE:  With respect to the

19   petition that's noticed up today, I understand

20   you didn't have advanced copy so you can't

21   issue a rule on it necessarily.  Aside from

22   possibly having won a bet with Ms. Stalter that

23   there be no objection with Mr. Boldt despite

24   how many times Mr. Boldt has emailed me on

1    motions and I've said no objection to notice,

2    perhaps for judicial economy since you're not

3    going to issue a rule on it, can I take the

4    time to respond to it and we can address it on

5    the next court date?

6                    THE COURT:  I would like a

7    corresponding briefing schedule on this.  We

8    can address the next on the Court date,

9    absolutely.

10                   MR. BOLDT:  I will respond to that

11   motion.

12                   THE COURT:  So because of the

13   objection to the notice and because I didn't

14   receive it, I'm not going to rule on it, but I

15   don't think that precludes me from entering the

16   briefing scheduling and that's what I'm going

17   to do.

18                   I need you to get -- if you

19   want to see if you can work out a schedule then

20   I think you're probably excused.

21                   MS. STALTER:  Just a point of

22   clarification.  Mr. Boldt doesn't represent

23   Mr. Ervin anymore in this matter.  You

24   represent Ms. Barlow?

1          MR. BOLDT:  Correct.

2          MS. STALTER:  I was not aware of

3   that.

4          MR. STEELE:  He also said the HFS

5   notice was sent to his client which probably

6   further confused everybody.

7          MR. BOLDT:  No, it was sent to me.

8   I stood in front of, Judge Seneczko the last

9   time when I remarked my client said she doesn't

10  get mail of Raymond Ervin and how did she get

11  this and I said Mr. Ervin sent it to me.

12         MR. STEELE:  But today you said my

13  client sent me this.

14         MR. BOLDT:  Oh.  I misspoke.

15         MS. STALTER:  Thank you.  I

16  appreciate it.

17         THE COURT:  All right.  So hopefully

18  you can work that out, and be sure to update

19  your service list so it has the appropriate

20  State's Attorney list.

21         MR. BOLDT:  I know it's

22  Mrs. Stalter.  That's who I called because I

23  didn't get it out.

24

1          THE COURT:  Whoever got the notice.

2          MR. STEELE:  We sent it.

3          THE COURT:  That's fine.

4               (Which were all the proceedings

5               had in the above-entitled

6               matter.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

STATE OF ILLINOIS)
         ) SS:
COUNTY OF L A K E)

        I, SUSAN L. BRUESCH, a notary public within and for the County of Lake and State of Illinois, do hereby certify that I am a Certified Shorthand Reporter doing business in the County of Lake and State of Illinois; that I reported the foregoing proceedings by means of machine shorthand and that the foregoing is a true and correct transcript of my shorthand notes taken to the best of my ability as aforesaid.

        I further certify that the reading and signing of said proceedings was waived by the witness and witness' counsel.

        I further certify that the taking of these proceedings was pursuant to notice and that there were present at the taking of these proceedings counsel on behalf of the plaintiff and counsel on behalf of the defendant.

        I further certify that I am not counsel for, nor in any way related to any of the parties to this suit, nor am I in any way interested in the outcome thereof.

1          In testimony whereof I have hereunto set

2     my hand and affixed my notarial seal this 11th day of

3     December, 2018, A.D.

4

5

6

7

8

9     SUSAN L. BRUESCH, CSR
      Notary Public, Lake County, IL
10    CSR License No. 084-003663

11

12

13

14

15

16

17

18

19

20

21

22

23

24

'

**'98** [1] - 16:1

## 0

**04** [1] - 1:8
**084-003663** [1] - 24:10

## 1

**1** [2] - 18:2
**11th** [1] - 24:2
**14** [2] - 4:2, 8:3
**14th** [1] - 6:24
**18** [2] - 1:15, 2:15
**1943** [1] - 1:8
**1:30** [1] - 1:17

## 2

**20** [1] - 4:21
**2000** [2] - 12:19, 13:7
**2006** [1] - 12:24
**201(k** [1] - 10:12
**2016** [1] - 16:2
**2017** [2] - 12:23, 16:9
**2018** [2] - 1:16, 24:3
**209** [1] - 2:2
**2275** [1] - 2:7
**28** [1] - 15:14
**28th** [1] - 6:21
**29** [1] - 1:16

## 3

**312-621-4394** [1] - 2:9
**350** [1] - 2:8

## 4

**4** [1] - 6:4
**4:00** [1] - 6:12

## 6

**60015** [1] - 2:8
**60060** [1] - 2:2
**60085-4363** [1] - 2:15

## 8

**8** [1] - 13:2
**847-377-3000** [1] - 2:16
**847-566-3410** [1] - 2:3

## A

**A.D** [2] - 1:17, 24:3
**abbreviated** [1] - 19:7
**ability** [2] - 14:6, 23:11
**able** [1] - 8:13
**above-entitled** [2] - 1:14, 22:5
**absolutely** [1] - 20:9
**account** [5] - 4:14, 4:16, 5:1, 9:21, 10:1
**accounting** [1] - 17:3
**action** [6] - 11:10, 11:17, 11:19, 17:9, 17:13, 17:15
**additional** [3] - 3:23, 11:17, 11:19
**address** [4] - 7:12, 7:16, 20:4, 20:8
**addressed** [1] - 7:13
**administrative** [6] - 14:6, 14:9, 14:21, 14:24, 16:8, 17:18
**administratively** [2] - 14:22, 15:20
**advanced** [2] - 10:16, 19:20
**advised** [2] - 6:22, 11:14
**affixed** [1] - 24:2
**afford** [3] - 10:14, 10:15, 18:21
**afforded** [1] - 9:18
**aforesaid** [1] - 23:11
**afternoon** [3] - 3:1, 3:2, 3:15
**ago** [2] - 5:15, 11:12
**agree** [1] - 19:17

**agreeable** [1] - 19:8
**agreement** [1] - 8:14
**al** [1] - 1:10
**alleged** [1] - 18:19
**almost** [1] - 4:21
**amount** [1] - 15:21
**answer** [2] - 5:5, 5:17
**Appeared** [3] - 2:4, 2:11, 2:17
**appreciate** [2] - 17:5, 21:16
**appropriate** [2] - 10:3, 21:19
**arguments** [2] - 9:19, 10:17
**arrearage** [2] - 4:20, 16:3
**arrearages** [2] - 11:14, 17:12
**aside** [1] - 19:21
**assume** [2] - 7:23, 8:14
**AT** [1] - 2:1
**attached** [2] - 12:14, 14:1
**attachment** [1] - 12:5
**attachments** [1] - 13:17
**attempting** [1] - 17:17
**attention** [1] - 18:6
**attorney** [1] - 3:11
**ATTORNEY** [2] - 2:1, 2:14
**Attorney** [3] - 12:22, 16:4, 21:20
**Attorney's** [2] - 2:17, 3:17, 11:11, 14:22, 15:23
**August** [1] - 13:7
**authority** [2] - 9:24, 14:21
**aware** [6] - 14:5, 14:20, 16:24, 18:12, 18:15, 21:2

## B

**bank** [2] - 4:13, 4:19
**Bannockburn** [1] - 2:8
**BARLOW** [1] - 1:9
**Barlow** [5] - 2:4, 3:7, 4:6, 18:3, 20:24
**based** [1] - 16:1
**BEERMANN** [1] - 2:7

**Beermann** [2] - 2:11, 3:5
**beginning** [1] - 19:5
**behalf** [5] - 2:4, 2:11, 2:17, 3:16, 11:17, 12:22, 23:18
**belonged** [1] - 13:1
**bench** [1] - 3:14
**benefit** [2] - 7:21, 9:6
**benefits** [1] - 18:1
**best** [1] - 23:11
**bet** [1] - 19:22
**between** [1] - 4:23
**beyond** [2] - 9:17, 18:11
**bit** [1] - 18:10
**boil** [1] - 18:22
**BOLDT** [25] - 2:1, 2:3, 3:1, 3:6, 3:21, 5:22, 6:4, 6:7, 6:20, 7:8, 11:23, 12:4, 13:15, 13:24, 14:13, 15:6, 15:15, 15:19, 17:21, 19:3, 20:10, 21:1, 21:7, 21:14, 21:21
**Boldt** [14] - 3:6, 4:7, 6:1, 6:5, 8:8, 10:2, 11:21, 14:4, 14:9, 14:20, 17:2, 19:23, 19:24, 20:22
**briefing** [3] - 19:7, 20:7, 20:16
**bring** [1] - 18:5
**brought** [2] - 11:24, 17:22
**BRUESCH** [2] - 23:4, 24:9
**Bruesch** [1] - 1:22
**business** [1] - 23:7
**BY** [3] - 2:3, 2:10, 2:16

## C

**calculated** [1] - 13:18
**calculations** [2] - 13:6, 13:16
**Canada** [1] - 13:1
**Care** [5] - 11:8, 12:7, 12:10, 13:11, 15:9
**case** [5] - 1:14, 8:20, 9:1, 9:2, 17:10
**certain** [1] - 9:14
**certainly** [2] - 10:22, 19:9

**certified** [1] - 13:2
**Certified** [1] - 23:6
**certify** [4] - 23:6, 23:12, 23:15, 23:20
**chance** [1] - 8:16
**checking** [2] - 4:24, 9:21
**child** [3] - 13:18, 14:7, 16:20
**choose** [2] - 18:13, 18:14
**CIRCUIT** [2] - 1:3, 1:4
**citation** [7] - 3:7, 3:20, 4:10, 5:13, 7:15, 14:11, 18:18
**civil** [1] - 7:11
**clarification** [1] - 20:22
**clear** [1] - 17:21
**client** [10] - 6:21, 6:22, 11:15, 12:16, 12:19, 17:15, 18:3, 21:5, 21:9, 21:13
**clients** [1] - 11:9
**collect** [1] - 14:7
**commencing** [1] - 1:16
**common** [1] - 10:14
**communicated** [1] - 10:11
**complaining** [1] - 14:10
**concerned** [1] - 7:5
**concerns** [2] - 7:13, 7:22
**conference** [1] - 10:12
**conflict** [3] - 5:7, 18:7, 18:10
**confused** [1] - 21:6
**contacted** [1] - 17:23
**contempt** [3] - 4:6, 5:16, 7:11
**continue** [1] - 5:13
**continued** [2] - 3:20, 18:18
**copies** [1] - 18:24
**copy** [5] - 5:23, 12:15, 19:20
**correct** [5] - 3:20, 3:21, 6:3, 21:1, 23:10
**correspondence** [1] - 15:4
**corresponding** [1] - 20:7
**counsel** [8] - 7:2, 7:16, 9:18, 18:21,

23:14, 23:17, 23:18, 23:20
**COUNTY** [4] - 1:2, 1:4, 2:14, 23:2
**County** [5] - 1:15, 2:15, 23:5, 23:7, 24:9
**court** [2] - 7:10, 20:5
**COURT** [42] - 1:3, 3:2, 3:13, 3:18, 3:22, 5:18, 6:1, 6:5, 6:18, 7:3, 7:20, 8:4, 8:13, 8:16, 9:2, 9:5, 10:7, 10:20, 11:5, 11:21, 12:2, 13:13, 14:2, 15:2, 15:7, 15:12, 15:18, 16:10, 16:15, 16:22, 17:5, 17:20, 18:9, 18:17, 19:4, 19:11, 19:15, 20:6, 20:12, 21:17, 22:1, 22:3
**Court** [11] - 1:15, 7:14, 9:11, 10:23, 12:6, 12:17, 12:21, 13:9, 14:11, 16:5, 20:8
**Court's** [1] - 18:5
**courtesy** [1] - 18:24
**courtroom** [1] - 8:19
**CSR** [3] - 1:22, 24:9, 24:10
**Curren** [1] - 16:18

### D

**date** [5] - 3:24, 6:13, 7:17, 20:5, 20:8
**dated** [3] - 6:21, 12:13, 15:14
**days** [1] - 15:16
**debtor** [1] - 4:16
**December** [2] - 18:2, 24:3
**decides** [1] - 17:8
**defendant** [1] - 23:19
**Defendants** [1] - 1:11
**delivered** [2] - 3:24, 4:4
**denied** [2] - 11:14, 17:13
**Department** [5] - 11:8, 12:7, 12:9, 13:11, 15:8
**deposits** [4] - 4:14, 4:17, 9:22, 19:17
**despite** [1] - 19:23

**determine** [1] - 16:2
**directly** [1] - 16:21
**discuss** [1] - 10:18
**disputing** [2] - 9:13, 18:23
**document** [3] - 13:19, 14:1, 14:14
**documentation** [1] - 18:20
**documents** [14] - 3:23, 4:1, 6:23, 7:6, 7:9, 8:21, 8:24, 10:17, 11:24, 12:14, 13:5, 16:8, 18:4
**dollars** [1] - 12:12
**done** [2] - 16:3, 16:4
**down** [1] - 18:22
**dragged** [1] - 19:6
**due** [5] - 4:1, 5:15, 12:19, 14:7, 14:22

### E

**early** [1] - 14:15
**economy** [1] - 20:2
**effective** [1] - 6:10
**either** [1] - 18:1
**email** [1] - 7:1
**emailed** [4] - 6:11, 12:8, 18:4, 19:24
**emailing** [1] - 6:8
**enforcement** [1] - 14:8
**entering** [1] - 20:15
**entitled** [3] - 1:14, 4:17, 22:5
**Ervin** [8] - 10:2, 12:8, 12:20, 15:16, 17:23, 20:23, 21:10, 21:11
**ERVIN** [2] - 1:6, 1:9
**et** [1] - 1:10
**exactly** [1] - 18:22
**exam** [1] - 5:13
**examination** [1] - 4:10
**example** [1] - 9:21
**excused** [1] - 20:20
**Exhibit** [2] - 12:15, 13:7
**explain** [1] - 13:9

### F

**fact** [1] - 6:7
**failure** [1] - 9:14

**Family** [4] - 11:8, 12:7, 12:10, 13:11
**few** [2] - 4:13, 15:16
**figure** [1] - 15:21
**file** [4] - 5:19, 8:5, 18:23, 19:10
**filed** [7] - 5:15, 11:12, 12:23, 14:15, 15:10, 15:16
**filing** [3] - 5:16, 5:21, 5:24
**financial** [1] - 4:22
**fine** [3] - 11:7, 17:6, 22:3
**fingers** [1] - 18:7
**first** [4] - 4:3, 4:10, 4:24, 6:9
**FOR** [1] - 1:3
**foregoing** [2] - 23:8, 23:9
**forth** [3] - 4:23, 9:15, 13:6
**forward** [1] - 18:19
**front** [2] - 9:9, 21:8
**fully** [2] - 14:5, 14:20

### G

**ground** [1] - 10:14
**guess** [4] - 5:12, 6:15, 7:18, 16:12
**Gwen** [2] - 2:4, 3:7
**GWENDOLYN** [1] - 1:9

### H

**half** [1] - 5:17
**Half** [1] - 2:7
**hand** [1] - 24:2
**handed** [3] - 6:14, 7:9, 10:24
**handing** [1] - 14:17
**hands** [2] - 4:7, 14:11
**Health** [5] - 11:8, 12:7, 12:10, 13:11, 15:9
**hear** [1] - 14:2
**hereby** [1] - 23:6
**hereunto** [1] - 24:1
**herself** [1] - 11:2
**HFS** [2] - 17:8, 21:4
**Honor** [1] - 3:16
**HONORABLE** [1] -

1:14
**hopefully** [1] - 21:17
**hour** [1] - 1:17
**husband** [1] - 4:23

### I

**idea** [1] - 12:18
**IL** [4] - 2:2, 2:8, 2:15, 24:9
**ILLINOIS** [3] - 1:1, 1:4, 23:1
**Illinois** [7] - 1:16, 12:6, 12:9, 13:10, 15:24, 23:5, 23:8
**IN** [1] - 1:3
**inadequacies** [1] - 8:7
**inadequacy** [1] - 7:22
**inadequate** [1] - 18:20
**include** [1] - 7:22
**including** [1] - 19:11
**indicate** [1] - 14:19
**indicated** [1] - 17:24
**indicates** [1] - 6:10
**indicating** [1] - 12:24
**indirect** [1] - 7:11
**information** [4] - 9:9, 9:14, 9:17, 10:21
**informed** [1] - 19:1
**insufficiency** [1] - 8:6
**intelligently** [1] - 10:18
**interest** [1] - 11:3
**interested** [1] - 23:22
**intervene** [3] - 11:13, 12:1, 17:12
**intervened** [1] - 16:12
**investigation** [2] - 5:6, 5:9
**involved** [9] - 2:11, 11:20, 12:10, 14:8, 14:23, 15:23, 15:24, 17:2, 19:5
**IRS** [1] - 5:6
**issue** [4] - 5:14, 6:16, 19:21, 20:3
**issues** [2] - 4:8, 7:17

### J

**joint** [2] - 4:16, 10:1
**JONATHAN** [1] - 2:10
**Jonathan** [1] - 3:4
**jsteele@
beermannlaw.com** [1] - 2:9
**Judge** [15] - 1:15, 3:1, 3:8, 3:9, 3:21, 5:22, 6:4, 7:8, 11:23, 13:3, 13:15, 15:17, 17:22, 18:8, 21:8
**judicial** [1] - 20:2
**JUDICIAL** [1] - 1:4
**July** [1] - 12:23

### K

**keep** [3] - 13:3, 16:13, 17:7
**kind** [2] - 4:22, 17:3
**knowing** [1] - 9:7

### L

**Lake** [3] - 23:5, 23:7, 24:9
**LAKE** [2] - 1:4, 2:14
**last** [7] - 3:10, 7:14, 11:22, 13:9, 14:10, 17:13, 21:8
**LAW** [1] - 2:1
**least** [2] - 17:9, 18:14
**leave** [1] - 12:21
**less** [1] - 4:11
**License** [1] - 24:10
**LISLE** [1] - 2:16
**Lisle** [1] - 3:16
**list** [2] - 21:19, 21:20
**LLP** [2] - 2:7, 2:11
**look** [3] - 12:20, 13:5, 13:16
**looks** [2] - 17:16, 18:18
**loop** [2] - 16:13, 17:7

### M

**machine** [1] - 23:9
**mail** [1] - 21:10

**matter** [6] - 1:13, 8:18, 11:9, 17:14, 20:23, 22:6
**matters** [1] - 14:8
**means** [2] - 6:13, 23:9
**MICHAEL** [1] - 2:14
**might** [3] - 10:13, 18:22, 19:15
**million** [1] - 12:12
**mind** [2] - 16:17, 16:23
**minute** [1] - 14:10
**misspoke** [1] - 21:14
**money** [8] - 12:19, 13:12, 13:14, 13:18, 13:21, 15:22, 16:1, 16:6
**moneys** [5] - 12:19, 12:24, 14:7, 14:21, 17:17
**months** [2] - 4:2, 5:1
**morning** [4] - 6:21, 7:1, 7:10, 15:13
**most** [1] - 15:3
**motion** [11] - 7:4, 7:10, 7:19, 8:6, 8:23, 10:4, 14:16, 16:2, 18:23, 19:10, 20:11
**motions** [1] - 20:1
**MR** [46] - 2:3, 2:10, 3:1, 3:4, 3:6, 3:9, 3:21, 4:1, 5:20, 5:22, 5:23, 6:3, 6:4, 6:7, 6:20, 7:8, 8:1, 8:12, 8:15, 8:18, 9:4, 9:20, 10:19, 10:22, 11:23, 12:4, 13:15, 13:20, 13:24, 14:13, 15:6, 15:15, 15:19, 17:21, 19:3, 19:9, 19:14, 19:18, 20:10, 21:1, 21:4, 21:7, 21:12, 21:14, 21:21, 22:2
**MS** [15] - 2:16, 3:15, 11:7, 14:4, 14:14, 15:10, 15:13, 16:14, 16:16, 16:23, 17:6, 18:16, 20:21, 21:2, 21:15
**Mundelein** [1] - 2:2

# N

**necessarily** [1] - 19:21
**need** [2] - 11:1,
20:18
**needed** [2] - 6:23, 11:19
**NERHEIM** [1] - 2:14
**next** [2] - 20:5, 20:8
**NINETEENTH** [1] - 1:3
**none** [1] - 5:5
**normal** [2] - 8:19, 9:3
**normally** [1] - 8:24
**North** [1] - 1:15
**notarial** [1] - 24:2
**notary** [1] - 23:4
**Notary** [1] - 24:9
**note** [1] - 12:13
**notes** [2] - 16:24, 23:10
**nothing** [1] - 4:4
**notice** [13] - 3:10, 6:16, 10:16, 11:4, 12:4, 12:8, 14:10, 16:17, 20:1, 20:13, 21:5, 22:1, 23:16
**noticed** [2] - 4:4, 19:19
**notices** [2] - 16:18, 16:20
**November** [4] - 1:16, 4:2, 8:3, 18:2
**number** [2] - 4:8, 4:12

# O

**o'clock** [1] - 6:12
**oath** [1] - 4:9
**objection** [3] - 19:23, 20:1, 20:13
**objections** [1] - 10:13
**obviously** [1] - 19:12
**occasion** [2] - 7:14, 13:10
**October** [3] - 14:15, 15:5, 15:11
**OF** [5] - 1:1, 1:2, 1:13, 23:1, 23:2
**office** [5] - 14:8, 16:19, 17:1, 17:14
**Office** [4] - 2:18, 3:17, 11:11, 14:23
**one** [5] - 4:10, 9:21, 10:24, 13:22, 16:19
**ones** [1] - 11:10
**ongoing** [1] - 18:13
**Ontario** [1] - 13:1
**opportunity** [6] - 8:8,

9:10, 9:18, 10:15, 10:16, 18:21
**ordered** [1] - 8:3
**outcome** [1] - 23:22
**overlap** [1] - 16:9
**owed** [1] - 15:21
**owing** [1] - 12:20

# P

**p.m** [2] - 1:17, 6:4
**page** [3] - 4:24, 5:2, 9:21
**paragraph** [1] - 13:2
**Park** [1] - 2:2
**part** [1] - 12:17
**partake** [1] - 11:11
**participate** [1] - 18:14
**parties** [2] - 19:8, 23:21
**party** [2] - 2:11, 3:7
**perhaps** [3] - 11:1, 18:2, 20:2
**period** [1] - 13:12
**permitted** [2] - 11:24, 14:24
**person** [2] - 8:23, 23:23
**petition** [15] - 4:5, 5:14, 5:16, 5:19, 7:4, 7:11, 7:21, 8:2, 8:9, 11:13, 12:24, 13:2, 17:12, 19:19
**place** [1] - 4:3
**placed** [1] - 7:13
**Plaintiff** [2] - 1:7, 2:5
**plaintiff** [1] - 23:18
**pleadings** [1] - 16:1
**point** [5] - 11:18, 14:18, 17:11, 17:16, 20:21
**pointing** [2] - 16:5, 18:7
**possible** [1] - 18:10
**possibly** [2] - 18:6, 19:22
**precludes** [1] - 20:15
**prejudice** [1] - 16:5
**prepared** [1] - 8:11
**present** [1] - 23:17
**presentation** [1] - 6:9
**presented** [1] - 12:16
**previously** [1] - 16:12
**procedure** [1] - 8:19

**proceeding** [1] - 18:13
**PROCEEDINGS** [1] - 1:13
**proceedings** [6] - 11:20, 22:4, 23:8, 23:13, 23:16, 23:17
**process** [3] - 14:9, 14:23, 14:24
**processes** [2] - 14:6, 17:18
**produce** [3] - 8:20, 8:22, 9:14
**produced** [1] - 9:7
**promised** [1] - 6:24
**proper** [1] - 6:16
**properly** [2] - 5:11, 17:3
**propose** [1] - 8:4
**provide** [2] - 6:23, 8:7
**provided** [4] - 7:7, 7:23, 9:10, 12:5
**province** [1] - 13:1
**Public** [1] - 24:9
**public** [1] - 23:4
**purports** [1] - 4:7
**pursuant** [2] - 16:7, 23:16
**pursue** [5] - 13:21, 14:6, 14:21, 15:20, 17:17
**pursuing** [6] - 12:19, 13:22, 13:23, 13:24, 16:7, 17:24
**put** [2] - 10:4, 13:19

# Q

**quandary** [1] - 10:23
**quarter** [1] - 12:11
**questioned** [1] - 12:18

# R

**rather** [2] - 4:9, 7:5
**Raymond** [2] - 3:6, 21:10
**RAYMOND** [3] - 1:9, 2:1, 2:3
**reach** [1] - 10:14
**read** [1] - 7:4
**reading** [2] - 7:21, 23:12

**really** [1] - 8:10
**reason** [2] - 4:20, 17:22
**reasonable** [1] - 10:9
**receive** [2] - 6:2, 20:14
**received** [2] - 6:20, 15:15
**receiving** [1] - 16:23
**recent** [1] - 15:4
**redact** [2] - 9:24, 19:16
**redacted** [4] - 4:15, 5:2, 7:6, 9:23
**redaction** [1] - 9:13
**redactions** [1] - 4:12
**refer** [1] - 11:10
**regard** [1] - 18:24
**regarding** [1] - 7:22
**related** [1] - 23:21
**relative** [1] - 8:6
**remarked** [1] - 21:9
**reply** [2] - 8:17, 18:24
**REPORT** [1] - 1:13
**reported** [1] - 23:8
**Reported** [1] - 1:22
**Reporter** [1] - 23:7
**represent** [3] - 3:7, 20:22, 20:24
**request** [1] - 16:3
**requested** [3] - 11:16, 17:14, 17:15
**requesting** [1] - 19:10
**require** [1] - 8:23
**resolve** [2] - 10:12, 18:22
**respect** [1] - 19:18
**respond** [7] - 7:18, 8:8, 9:18, 14:17, 18:24, 20:4, 20:10
**responded** [1] - 14:12
**respondent** [1] - 3:8
**response** [6] - 4:8, 7:23, 8:7, 10:3, 13:5, 15:17
**responses** [2] - 8:17, 10:13
**rest** [4] - 5:2, 5:3, 5:11, 17:10
**returns** [3] - 5:4, 5:9, 9:15
**review** [1] - 9:10
**rider** [1] - 4:3
**Road** [1] - 2:7
**room** [1] - 7:15

**rule** [10] - 4:5, 5:14, 6:10, 6:15, 8:9, 8:11, 9:15, 19:21, 20:3, 20:14
**ruling** [1] - 19:1

## S

**SARINA** [1] - 1:6
**schedule** [3] - 19:8, 20:7, 20:19
**scheduling** [1] - 20:16
**seal** [1] - 24:2
**security** [1] - 18:1
**see** [7] - 4:22, 10:1, 10:13, 16:11, 18:21, 19:15, 20:19
**seeking** [4] - 4:5, 8:23, 12:11, 13:12
**send** [3] - 12:14, 15:6, 17:8
**Seneczko** [1] - 21:8
**SENECZKO** [1] - 1:15
**sent** [10] - 12:4, 12:8, 12:16, 15:4, 15:8, 21:5, 21:7, 21:11, 21:13, 22:2
**September** [1] - 15:14
**served** [1] - 9:8
**service** [3] - 6:10, 6:12, 21:19
**Services** [4] - 11:8, 12:7, 12:10, 13:11
**set** [2] - 6:8, 24:1
**setting** [2] - 11:14, 17:4
**seven** [1] - 4:2
**Shorthand** [1] - 23:6
**shorthand** [2] - 23:9, 23:10
**show** [3] - 4:5, 8:9, 8:21
**showed** [2] - 12:3, 12:6
**showing** [2] - 5:24, 12:9
**shows** [1] - 9:22
**signing** [1] - 23:13
**similar** [1] - 10:24
**six** [1] - 5:1
**social** [1] - 18:1
**sorry** [2] - 14:1, 15:8
**sound** [1] - 4:18
**sounds** [2] - 7:5,

9:12, 10:8, 13:20
**source** [3] - 4:15, 4:17, 9:23
**sp** [1] - 8:4
**specific** [1] - 11:10
**specifically** [1] - 4:14
**spoken** [1] - 19:12
**SS** [2] - 1:1, 23:1
**STACEY** [1] - 1:14
**STALTER** [15] - 2:16, 3:15, 11:7, 14:4, 14:14, 15:10, 15:13, 16:14, 16:16, 16:23, 17:6, 18:16, 20:21, 21:2, 21:15
**Stalter** [5] - 3:16, 12:15, 12:22, 19:22, 21:22
**starts** [1] - 13:7
**STATE** [2] - 1:1, 23:1
**State** [16] - 3:10, 3:11, 11:1, 13:21, 14:3, 14:5, 14:16, 14:20, 15:20, 15:22, 15:24, 16:11, 18:12, 23:5, 23:7
**STATE'S** [1] - 2:14
**State's** [8] - 2:17, 3:16, 11:11, 12:22, 14:22, 15:22, 16:4, 21:20
**statement** [3] - 5:1, 9:22, 10:10
**statements** [3] - 4:13, 4:20, 5:3
**statute** [2] - 14:4, 15:1
**statutory** [1] - 17:19
**STEELE** [22] - 2:10, 3:4, 3:9, 4:1, 5:20, 5:23, 6:3, 8:1, 8:12, 8:15, 8:18, 9:4, 9:20, 10:19, 10:22, 13:20, 19:9, 19:14, 19:18, 21:4, 21:12, 22:2
**Steele** [4] - 3:4, 12:18, 13:10, 16:7
**Steele's** [1] - 13:5
**step** [2] - 3:12, 11:6
**still** [1] - 5:9
**stood** [1] - 21:8
**streamline** [1] - 10:5
**Street** [3] - 1:15, 2:2, 2:15
**stuff** [2] - 5:10, 5:15
**submit** [1] - 11:22
**submitted** [2] - 5:20,

5:24
**subpoena** [1] - 9:8
**substance** [1] - 6:19
**suit** [1] - 23:22
**Suite** [1] - 2:8
**supervises** [1] - 16:20
**supplement** [2] - 12:5, 12:17
**support** [4] - 4:21, 13:18, 14:7, 16:20
**supposed** [1] - 3:23
**Susan** [1] - 1:22
**SUSAN** [2] - 23:4, 24:9

## T

**tax** [2] - 5:4, 5:9
**ten** [1] - 4:19
**tendered** [3] - 5:11, 7:1, 7:2
**tendering** [1] - 10:8
**terms** [2] - 10:11, 16:15
**testimony** [1] - 24:1
**THE** [43] - 1:3, 3:2, 3:13, 3:18, 3:22, 5:18, 6:1, 6:5, 6:18, 7:3, 7:20, 8:4, 8:13, 8:16, 9:2, 9:5, 10:7, 10:20, 11:5, 11:21, 12:2, 13:13, 14:2, 15:2, 15:7, 15:12, 15:18, 16:10, 16:15, 16:22, 17:5, 17:20, 18:9, 18:17, 19:4, 19:11, 19:15, 20:6, 20:12, 21:17, 22:1, 22:3
**thereof** [1] - 23:23
**they've** [1] - 17:16
**thinks** [1] - 10:3
**third** [1] - 3:7
**third-party** [1] - 3:7
**today** [16] - 4:4, 4:7, 5:10, 5:12, 5:13, 6:11, 6:13, 6:14, 8:1, 9:11, 10:21, 10:24, 18:11, 18:17, 19:19, 21:12
**today's** [1] - 3:24
**together** [1] - 13:19
**top** [1] - 10:1
**totally** [1] - 14:24
**transcript** [1] - 23:10
**transfers** [1] - 4:22
**true** [1] - 23:10
**truthful** [1] - 4:12

**try** [1] - 10:12
**trying** [5] - 4:22, 10:5, 13:9, 15:21, 18:5
**two** [2] - 5:7, 10:11
**type** [2] - 8:5, 17:2

## U

**under** [2] - 4:9, 5:8
**understood** [1] - 8:12
**unfair** [1] - 14:18
**up** [10] - 3:12, 4:4, 6:14, 8:21, 11:6, 12:24, 17:1, 17:8, 17:22, 19:19
**update** [1] - 21:18

## V

**vacuum** [2] - 4:19, 10:8
**verified** [1] - 12:23
**via** [1] - 7:1
**vs** [1] - 1:8

## W

**waived** [1] - 23:13
**walked** [1] - 7:10
**wants** [3] - 7:16, 13:20, 17:2
**Waukegan** [2] - 1:16, 2:15
**weeks** [1] - 5:15
**whereof** [1] - 24:1
**wife** [1] - 4:24
**wish** [1] - 13:4
**withdraw** [1] - 16:2
**witness** [1] - 23:13
**witness'** [1] - 23:14
**won** [1] - 19:22
**writing** [1] - 10:5
**written** [1] - 8:6

## Y

**year** [1] - 11:12
**years** [2] - 4:19, 4:21
**yesterday** [5] - 5:21, 5:24, 6:2, 6:8, 6:12