STATE OF ILLINOIS ) (21509)
) SS.
COUNTY OF COOK )

## IN THE CIRCUIT COURT FOR THE NINETEENTH
## JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

SARINA ERVIN, )
)
       Petitioner, )
)
vs. ) NO. 04 D 1943
)
RAYMOND ERVIN, )
       Respondent. )

### TRIAL BRIEF

### FRAUD

UIFSA, at 750 ILCS 22-607(a)(2) provides that one of the defenses to the registration, validity or enforcement is: "The Order was obtained by fraud." Your Respondent has submitted that there was fraud upon the court in Canada in obtaining the Order that Petitioner seeks to have registered. As to the issue of fraud upon the Court, various facts are uncontested. SARINA ERVIN testified, and thus represented to the Canadian court, that MR. ERVIN made $120,000.00 in 1996 as actual income and also made $120,000.00 as actual income in 1997. These statements were false.

The Appellate Court for the Second District on *Oldendorf v. General Motors Corp.*, 322 Ill.App.3d 825, 751 N.E.2d 214 (2nd Dist. 2001) succinctly defined fraud as:

> ". . . (1) a statement by defendant; (2) of a material nature as opposed to opinion; (3) that was untrue; (4) that was known or believed by the speaker to be untrue or made in <u>culpable ignorance of its truth</u> or falsity; (5) that was relied on by the plaintiff to his detriment; (6) made for the purpose of inducing reliance; and (7) such reliance led to the plaintiff's injury."

The Illinois Supreme Court in *McMeehn v. Whipple*, 23 Ill.2d 352, 178 N.E.2d 351 (Sup.Ct. 1961) dictated that it was not a necessary element that the perpetrator of the fraud knew that the

statement was false but simply that they "should have known" of its falsity. The court said in this case:

> "It is not certain that Whipple knew the representation to be false since he testified that he had never seen the road. He had owned the land for two years and should have known that the statement was false."

The parties, RAYMOND ERVIN and SARINA ERVIN, filed joint tax returns in 1996 and in 1997. These tax returns were signed by both SARINA ERVIN and RAYMOND ERVIN under penalty of perjury. The actual income for 1996 (Exhibit B) was $21,890.00 and the income for 1997 (Exhibit C) was $20,830.00. Accordingly, the representations by SARINA ERVIN to the court were patently false. In receiving this testimony, and relying on the same, the court applied a multiplier of 1.45 and added this false amount of income to MR. ERVIN'S disability income ($70,800.00 per year) to arrive at a finding that MR. ERVIN had imputed income of $384,000.00 Canadian.

Thus, through the false testimony of SARINA ERVIN, MR. ERVIN'S imputed income was increased by $145,000.00 Canadian. This false testimony almost doubled the imputed income of MR. ERVIN resulting in a vastly inflated, and unsupported amount of child support. Such a statement, in such a circumstance, has been found by the Illinois Supreme Court to be fraudulent. In *McMeehn v. Whipple, Id.,* the court held:

> "Under the decisions of false representation of a material existing fact, made with the intention to deceive, either knowing it to be false or making it in culpable ignorance of its truth or falsity, which was believed and justifiably relied upon by the other party to his injury is actionable... It is not certain that Whipple knew the representation to be false since he testified that he had never seen the road. However, he had owned the land for two years and should have known the statement was false." (Emphasis added.)

SARINA ERVIN "should have known that the statement was false" since she had, under the penalty of perjury, asserted that she had reviewed the 1996 and 1997 tax returns, signed the same, thus signifying that they were correct. In fact, SARINA ERVIN'S testimony was:

> "Q. Okay, and these were tax returns that you signed?

-2-

> A. Yes, sir.
>
> Q. And you believed them to be true and correct?
>
> A. Yes, sir.
>
> Q. Do you have any reason to doubt them as we stand here today?
>
> A. No."

Furthermore, the Second District in *Oldendorf v. General Motors Corp., Id.,* held that in order to establish the various elements of fraud a statement "that was known or believed by the speaker to be untrue or made in culpable ignorance of its truth or falsity" was sufficient to establish fraud.

The court relied on these statements and thus entered what was a fraudulent, and thus void, order. SARINA ERVIN testified:

> "Q. And you had testified as to your income in '96 and '97; is that correct?
>
> A. Yes, sir.
>
> Q. And you had testified that the income was $120,000.00 in each of those years?
>
> A. Yes, sir.
>
> Q. And that the court relied on that?
>
> A. Yes, sir.
>
> Q. And the court entered the Order of July 5, 2000, on that testimony?
>
> A. Yes, sir, they did."

The effect of this fraud upon the court is to render the July 5, 2000, Order void.

UIFSA, in 750 ILCS 22/607(a)(2), expressly provides that the following is a defense to the validity, registration or enforcement of a foreign order: "The order was obtained by fraud." Similarly, the court in *Tomm's Redemption, Inc. v. Park,* 333 Ill.App.3d 1003 (1st Dist. 2002), held that where a fraud is committed by a litigant inducing a court to enter an order, such an order is void:

> "Another consideration for the trial court is whether, if this should turn out to be gambling contract, the plaintiff perpetrated a fraud on the court that entered the default order and the order allowing the sheriff's sale. When doing so, the trial court should consider that defendant, but his silence was a willing participant in the fraud. Outright fraud on the courts of this state is not to be countenanced. A judgment procured by fraud is void and will not be enforced."

SARINA ERVIN was not silent as in *Tomm's Redemption Id.*, but rather directly and blatantly testified that MR. ERVIN earned $100,000.00 more than he actually earned. The purpose of this clearly was to have the court award SARINA ERVIN additional monies for child support. Her motivation for making this statement was for her own personal gain and she knew that the court would rely upon her testimony since MR. ERVIN was neither present nor represented by counsel. SARINA ERVIN testified:

> "Q. And am I correct that Canada is like here in Illinois that the more money you make the more support there would be awarded to the children?
>
> A. Yes, sir.
>
> Q. Okay, so there is certain an advantage to have MR. ERVIN making or at least the court believing he made as much income as you would want him to think so that you would get the maximum amount of child support; is that correct?
>
> A. Yes."

There was fraud perpetrated upon the Court on July 5, 2000, resulting in the Order that is being registered here in Illinois, and pursuant to 750 ILCS 22/607(2) this fraud constituted an absolute defense to the registration of the July 7, 2000, Order, and the same should not be confirmed.

Respectfully submitted,

RAYMOND ERVIN

By: _____
His Attorney,
JAMES H. WOLF

JAMES H. WOLF, ESQ.
James M. Wolf, Esq.
Wolf & Tennant
Suite 800
33 North Dearborn Street
Chicago, Illinois 60602
(312) 739-0300
Attorney Code No. 21509

C:\WP51\Work\Ervin-1-brf.docx

-4-