**FILED**
**4/18/2018 5:20 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

2/10/2017

Page 1

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL

      CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE THE MARRIAGE OF:      )

SERINA ERVIN,                     )

           Petitioner,      )

  -and-                     )  No. 04 D 1943

RAYMOND ERVIN,             )

           Respondent.      )


     TRANSCRIPT OF PROCEEDINGS had in the

 above-entitled cause on the 10th day of

 February, 2017, at 1:47 p.m.


  BEFORE:  HONORABLE DANIEL L. JASICA

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

2/10/2017

Page 2

1    APPEARANCES:

2

3     BEERMANN, PRITIKIN, MIRABELLI & SWERDLOVE,

4     (2275 Half Day Road, Suite 350,

5     Bannockburn, Illinois 60015,

6     312-621-4394,

7     jsteele@beermannlaw.com,

8     kcooper@beermannlaw.com,

9     MR. JOHATHAN D. STEEL,

10          -and-

11    MR. KYLE COOPER,

12          Appeared on behalf of the Petitioner;

13

14    WOLF & TENNANT,

15    (33 North Dearborn Street, Suite 800,

16    Chicago, Illinois 60602,

17    312-739-0300), by:

18    MR. JAMES WOLF,

19          Appeared on behalf of the Respondent.

20

21

22

23    REPORTED BY:  KAREN ORENSTEIN, CSR, RPR,

24    CSR No. 84-4693

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

2/10/2017

Page 3

```
 1                 (WHEREUPON THE FOLLOWING
 2                  PROCEEDINGS WERE HAD IN THE
 3                  ABOVE-ENTITLED CAUSE ON THIS
 4                  DATE.)
 5          THE COURT:  All right.  So I have read    01:47PM
 6    the motions.  There's a motion to quash.
 7    There's also a motion to amend.  It makes the
 8    most sense for me to attack the motion to amend
 9    first and then the motion to quash.  Anything
10    else that I'm missing?  Those are the two       01:47PM
11    motions that are pending, right?
12          MR. COOPER:  That is correct, your
13    Honor.
14          THE COURT:  Okay.  It is your motion for
15    leave to amend, so I will let you argue it.     01:47PM
16          MR. STEELE:  You may recall from one of
17    the prior court dates, I made a representation
18    to your Honor that my area of practice is
19    primarily family law.  And if someone were to
20    come into my office today and say, As a parent, 01:48PM
21    what's the longest period of time I can go
22    without paying child support, I would take issue
23    a little bit with the question because I think
24    as an officer of the court and as someone who is
```

2/10/2017

Page 4

1    supposed to look out for the best interest of

2    children, I would say, Support your children;

3    they are your kids; they need to be supported.

4    But if you were asking me a hypothetical

5    question, I would say maybe a year before you        01:48PM

6    were going to find yourself in trouble not

7    paying child support.

8            This case centers around Raymond

9    Ervin going the entire childhood of his children

10   without paying any child support, which is a        01:48PM

11   travesty of an injustice.  And the saying that

12   he has millions for defense and not a penny for

13   support is so appropriate in this case.  This

14   man has gone to the Appellate Court twice; he

15   filed a PLA to the Supreme Court; he went to the    01:49PM

16   7th Circuit; he went to the 7th Circuit Court of

17   Appeals.  Lost, lost, lost, lost.  This man is

18   out of options at this point.

19           My client is pretty destitute for

20   funds.  She has supported the kids her entire       01:49PM

21   life.  I did also make an argument in a prior

22   court date that the State of Illinois Department

23   of Healthcare and Family Service has a listing

24   of what they call deadbeat parents that owe

**2/10/2017**

Page 5

```
 1    child support.  And I have gone through just
 2    kind of skimming to see where he would fit in
 3    this list.  And at the very least --
 4           THE COURT:  I take it he is not on the
 5    list.                                           01:49PM
 6           MR. STEELE:  He is not on the list.  He
 7    deserves an honorable mention if he were to be
 8    on the list.  By our math he owes in excess of
 9    $700,000 without any interest being applied.  So
10    we have him as owing over a million with         01:49PM
11    interest.  And we've attached a table to our
12    motion for leave to amend that shows you how we
13    came up with the number.  My first thought on
14    how to come up with a number was to say how many
15    lapsed between entry of the judgment and the age 01:50PM
16    of majority of the children, multiply that by
17    the amount of Canadian dollars, and then just
18    straight convert it.  And then someone smarter
19    than me, meaning someone who doesn't do family
20    law, says --                                     01:50PM
21           THE COURT:  I am going to interrupt you
22    because I have seen your motion, but I'm not
23    sure -- I want to get that document in front of
24    me while you are telling me about it.
```

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

2/10/2017

Page 6

1       MR. STEELE:  Sure.

2       THE COURT:  I'm sure I have it here.

3       MR. STEELE:  This is Exhibit F.

4       THE COURT:  I have it.

5       MR. STEELE:  So what we instead opted to    01:50PM

6    do to be more accurate was to go month by month

7    and to figure out what was the conversion rate

8    month by month because that would be a more

9    accurate calculation as of today's date what is

10   owed.                                          01:50PM

11       So in terms of equity, I think that the

12   argument to allow leave to amend strongly,

13   strongly favors Ms. Ervin.  And that goes to

14   your discretion and to whether or not you should

15   grant leave to amend.  And I will circle back to   01:51PM

16   that in a minute.  The question that Mr. Wolf is

17   going to address -- and I'm going to try to go

18   off of his response -- is whether or not you

19   have the authority to grant leave to amend or

20   whether you have the authority to exercise your   01:51PM

21   discretion.

22       I read his response.  Mr. Wolf is a

23   smart lawyer.  I think he is doing the best that

24   he can with the facts that you are presented

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**2/10/2017**

Page 7

```
 1    with.  You are not always presented with the
 2    strongest of facts, and that's what you have to
 3    do as a lawyer.  His arguments come down to what
 4    Section 616 of the Code of Civil Procedure
 5    either does not apply to pleadings or -- I'm        01:51PM
 6    sorry -- applies only to pleadings and not a
 7    citation or that it only applies before a final
 8    judgment.
 9              So in reverse order, the statute
10    does say before final judgment you can ask for     01:51PM
11    leave to amend.  The final judgment as it
12    pertains to that statute is not whether or not
13    there's ever been a final judgment.  It refers
14    to whether or not there's a final judgment
15    entered on the pleading which you are seeking to   01:52PM
16    amend.
17              If his interpretation were correct,
18    you could never seek leave to amend any
19    post-decree pleadings because there was a final
20    judgment.  So if you have a petition for rule to   01:52PM
21    show cause to enforce a judgment for dissolution
22    of marriage, you can amend that petition after
23    the judgment.  And it's not a defense to say,
24    Well, there's a final judgment.  The question is
```

2/10/2017

Page 8

1    whether or not there's a final judgment on that

2    pleading that you are seeking to amend.

3          THE COURT:  Well, I think his point was

4    if you are seeking to -- there may be ways you

5    can amend post-judgment pleadings; but if your      01:52PM

6    reliance is on 2-616, then at least that statute

7    doesn't apply in this fact scenario.  I think

8    that's his position.

9          MR. STEELE:  I will let him speak to his

10   own position, but my response to that is that      01:52PM

11   that's an incorrect reading of the statute.  The

12   test is whether or not you have a final judgment

13   on the order that you are seeking to amend.  So

14   in this case we are seeking to amend a citation.

15   There's been no final judgment entered on that     01:53PM

16   citation.

17          It seems like maybe I have lost the

18   Court on this line of argument.

19          THE COURT:  There's never a final

20   judgment entered on a citation.                     01:53PM

21          MR. STEELE:  I think when you enter a

22   turnover order, that's immediately appealable.

23   That would be a final judgment.

24          THE COURT:  Okay.

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

2/10/2017

Page 9

1           MR. STEELE:  So I think that before the

2     final judgment argument falls pretty easily

3     because, if it weren't to fall, anything after a

4     judgment was not subject to be amended, and

5     that's an absurd result.  To not be able to          01:53PM

6     amend any post-decree pleadings is not the

7     application of that statute, first.

8                Second, as to whether or not it

9     applies to a citation to discover assets, a

10    couple things; first, it does not only apply to     01:53PM

11    a pleading.  If you read 616(a), it says that it

12    allows amendments to -- in any process, comma,

13    pleading, comma, bill of particulars or

14    proceedings.

15                So our first position is, this is,       01:54PM

16    in fact, a pleading.  To the extent you find

17    that it's not a pleading, it's certainly a

18    process of some sort or some sort of proceeding,

19    so it's subject to amendment.  But second of

20    all, as I said, our position is that it is a         01:54PM

21    pleading.  A pleading -- and I understand

22    Mr. Wolf cites to the Wolf case, as ironic as

23    that sounds.  The Wolf case is cited a lot in

24    divorce cases, so I'm familiar with it.  It's

**2/10/2017**

Page 10

```
1    normally cited for the proposition that it
2    distinguishes between the motion and a pleading
3    as far as what is subject to attack on of 619
4    motion to strike.  A motion is an application to
5    the Court in a pending proceeding.  A pleading      01:54PM
6    is allegations that bring some sort of filing
7    that brings the parties to court.
8                  So if you are off-call for a number
9    of years, you file something that brings
10   everybody back to court, it's a pleading.  They     01:55PM
11   can look alike but when they are filed can
12   distinguish their character.  So if you are in
13   the middle of a -- and I'm sorry I keep using
14   family law cases, but that's what I know -- if
15   you are in the middle of a divorce case and it's    01:55PM
16   pre-decree and you are asking the Court to
17   modify child support, that's a motion because
18   it's a pending proceeding and you are asking for
19   an application of a ruling.
20                  If you are post-decree and you are    01:55PM
21   five years down the line, you come in and you
22   ask to modify child support, now you are
23   pleading because you are bringing the parties
24   back to court.
```

**2/10/2017**

Page 11

```
 1              A citation, by the terms of
 2    Section 1402, is a supplementary proceeding
 3    that's commenced by the service of a citation.
 4    So this is a new proceeding.  It's a
 5    supplementary proceeding that stems from a        01:55PM
 6    judgment.  So I think under that definition it's
 7    a pleading.  At the very least, it's other
 8    process as contemplated by Section 616.
 9              We also cited to Supreme Court
10    Rule 277, which we have cited some case law to,   01:55PM
11    for the proposition that 277 specifically
12    allowed for amended citations in the case that
13    we cited.  So I think that whether or not you
14    can allow leave to amend is answered in the
15    affirmative.  I think that's pretty clear.  The   01:56PM
16    next question of whether or not you should, I
17    said I would come back to that.
18              So there's a number of cases that I
19    think are persuasive.  So I cite to Mitchell v.
20    Norman -- the cite is 291 Ill. App.3d 927 --      01:56PM
21    which stands for the proposition that any doubt
22    as to whether or not a plaintiff should be
23    granted leave to amend should be decided in
24    favor of allowance of the amendment.
```

2/10/2017

Page 12

1          THE COURT:  And that's just general

2     amendment; it's not specific to --

3          MR. STEELE:  Correct.  So anytime you

4     are juggling between do I allow it, you err on

5     the side of I'm going to allow it.          01:56PM

6              And then there's another case,

7     Dunning vs. -- I don't even know how to say

8     this -- Dynegy.  So that cite is 33 N.E.3d 179.

9     And, again, this is more just a general

10    statement of law that the trial Court should    01:57PM

11    exercise discretion liberally in favor of

12    allowing amendments to pleadings to the extent

13    that it furthers the ends of justice.  I don't

14    think that Counsel will stand before you and

15    argue that justice is furthered by quashing    01:57PM

16    these citations, releasing the money, and

17    continuing to deprive Ms. Ervin of support for

18    her children.  I think the ends of justice are

19    very clearly erring on our side because the

20    public policy in the state of Illinois strongly    01:57PM

21    favors supporting children, which this man has

22    evaded for far too long.  I think the time has

23    come for him to stop being able to avoid paying

24    child support.  I think that jobbing the legal

**2/10/2017**

```
 1    system has run its course.  He's gone as far as

 2    he can go.

 3              At this point it's a matter of

 4    enforcement.  I think that to allow him to exalt

 5    form over substance in this matter would be a        01:58PM

 6    grave injustice to Ms. Ervin and to her

 7    children.  And I think even if you do exalt form

 8    over substance, the form here still favors

 9    Ms. Ervin because, as I said, I think that you

10    have the authority.  I think it's a matter of       01:58PM

11    discretion.  I think that the discretion favors

12    granting the leave to amend.

13              And based on that, we are asking

14    that we be granted leave to amend.  And

15    specifically what we are asking to do is that       01:58PM

16    the citations that we are asking to amend be

17    modified to say that the operative judgment is

18    the judgment for dissolution of marriage, the

19    subsequent order that enrolled it in Lake

20    County, and then every month thereafter of          01:58PM

21    missed support payments is a separate

22    enforceable judgment under 505(d) of the IMDMA.

23              THE COURT:  So I have a few questions.

24    And I asked this when this case first came up,
```

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**2/10/2017**

Page 14

```
 1    and I don't know if you currently are pursuing

 2    it.  But why aren't you on the first floor of

 3    the courthouse trying to enforce that decree

 4    trying to get it reduced to a judgment figure in

 5    dollars here in 2017 or even to try to have the      01:59PM

 6    defendant held in contempt?  Why are you

 7    pursuing the citation instead of going to the

 8    first floor to try to get a judgment, to get the

 9    order that you have from the Canadian Court

10    reduced to a judgment here in Lake County?           01:59PM

11            MR. STEELE:  The reason for that is,

12    first, if we were to seek a contempt finding --

13            THE COURT:  Or even just to seek an

14    order determining --

15            MR. STEELE:  The amount.                      01:59PM

16            THE COURT:  -- the amount.  And you have

17    had almost a month and a half since the first

18    time this case came up to try to do that.  So I

19    don't understand why you haven't gone back down

20    there.                                               02:00PM

21            MR. STEELE:  If we were to seek a

22    contempt finding, a contempt finding is

23    immediately appealable.  So we would be entering

24    into another two years of appeal with Mr. Ervin,
```

**2/10/2017**

Page 15

 1   which I don't want to take that on on behalf of

 2   my client for a good reason.  And that good

 3   reason answers the other part of your question,

 4   which is why don't you go to that Court and

 5   reduce it to a specific dollar amount.  And the        02:00PM

 6   reason is under Section 505(d), I have a series

 7   of judgments as I stand here.  That's why we

 8   used the original numbers in our citation that

 9   were sought to be quashed, because it was kind

10   of just a snapshot at that point in time, what        02:00PM

11   was owed.  And Section 505(d) specifically

12   carves out child support as not needing to be

13   reduced to a judgment because every missed

14   payment by operation of law is a money judgment

15   that's enforceable by citation proceedings.  So        02:00PM

16   the answer is, I have a judgment.

17            THE COURT:  Let me take a look at

18   Section 505(d).  So here it is.  Any new or

19   existing support order entered by the Court

20   under this section -- the section being the           02:01PM

21   Illinois Marriage and Dissolution -- shall be

22   deemed to be a series of judgments.

23            So I guess my question is, the

24   order that you are asking me to enforce and to

2/10/2017

Page 16

1    deem a series of judgments is an order from a

2    Canadian Court?

3            MR. STEELE:  That was registered in

4    Lake County.

5            THE COURT:  That was registered in          02:01PM

6    Lake County.  But was it a support order entered

7    by the Court under the Illinois Marriage and

8    Dissolution of Marriage Act?

9            MR. STEELE:  I think that upon

10   enrollment, the answer is yes.  And the           02:01PM

11   enrollment was contested.  I think the

12   enrollment was the subject of appeal and it was

13   affirmed that it was enrolled.  And it is,

14   therefore, subject to enforcement under our

15   laws.                                             02:02PM

16              So, yes, I think that once we adopt

17   it, once we enroll it, it's governed by our

18   Illinois Marriage and Dissolution of Marriage

19   Act.  If it weren't, on the first floor we would

20   be sitting there applying the Canadian law,       02:02PM

21   which would not be an appropriate exercise of

22   authority.  I think that once you enroll it, all

23   of the remedies of the IMDMA are available to

24   either party and it's as if that judgment was

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

2/10/2017

```
                                                    Page 17
 1   entered here.

 2          THE COURT:  So is it enrolled under some

 3   process available under the Illinois Marriage

 4   and Dissolution of Marriage Act of Illinois?  Or

 5   is it simply enrolled like any other foreign       02:02PM

 6   judgment would be enrolled in Lake County?

 7   Maybe I need to take a look at the order of

 8   enrollment.

 9          MR. COOPER:  That's the order upholding

10   the registration of the Canadian judgment.        02:03PM

11          THE COURT:  Is it attached to one of the

12   documents as an exhibit?

13          MR. STEELE:  I don't know.

14          MR. COOPER:  I don't believe that order

15   is, your Honor, but it is cited in the motion.    02:03PM

16          THE COURT:  Okay.  Anything else?

17          MR. STEELE:  No.

18          THE COURT:  Response?

19          MR. WOLF:  Yes, your Honor.

20              First, for the record, when Counsel     02:06PM

21   was speaking, I did indicate to the Court I

22   wished to say something which would have been an

23   objection to anything that was beyond what I

24   believe are the narrow issues before this Court.
```

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

2/10/2017

Page 18

```
 1     So I just want that for the record.
 2            THE COURT:  Thank you.
 3            MR. WOLF:  We have a narrow issue before
 4     your Honor that confines the facts to what we
 5     have here.  And what happened, just somewhat        02:07PM
 6     historically, is that the plaintiff had a
 7     citation issued, based it on a judgment that had
 8     been vacated, then orally before your Honor
 9     started talking about another judgment that had
10     also been vacated.  And now he comes before this   02:07PM
11     Court asking to amend the citation.  And that's
12     all that's before this Court, all that's before
13     this Court.
14            And they come before the Court
15     relying on 2-616 of the Illinois Code of Civil     02:07PM
16     Procedure.  And there are two sections to that,
17     Subsection A and Subsection C, that deal with
18     amending -- amendments generally.  And it is
19     important to know that that is the section in
20     the Illinois Code of Civil Procedure that deals    02:08PM
21     with amendments, nothing else.  Section A
22     provides that there can be amendments before a
23     judgment.  And as I pointed out, you can't have
24     a citation unless there is a judgment, so that's
```

2/10/2017

Page 19

1   inapplicable.

2            Secondly, C provides that you can

3   amend pleadings.  And I am underlining pleadings

4   to conform with proofs.  It's not just amending

5   pleadings, but you have to be amending them to          02:08PM

6   conform with proof.  That's what it says.

7            So what we have here, first of all,

8   is you cannot have a citation unless you have a

9   judgment, so A is inapplicable.  C, whether we

10  argue it's not a pleading -- and we think we            02:09PM

11  have authority, and I have been cautioned often

12  by judges who when I refer to a motion as a

13  pleading say, Counsel, that's not a pleading.

14  They say there are specific pleadings and we

15  know them.  There's a complaint; there's an             02:09PM

16  answer; there's a reply; there's a counterclaim

17  and an answer or reply to the counterclaim.  And

18  so C provides that it only applies to pleadings

19  but only to conform with proof.

20            Now, accordingly, coming on upon              02:09PM

21  2-616 provides no avail for the plaintiff here.

22  They cannot amend pursuant to 2-616.  And they

23  have not submitted to this Court or quoted from

24  any other provision that allows amendment under

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**2/10/2017**

Page 20

```
 1    the Illinois Code of Civil Procedure.  There is

 2    no other one.  That is it, 2-616.

 3              Now, what they have said in their

 4    pleading, they said, Oh, we have presented

 5    cases.  And I think the language they used is    02:10PM

 6    where a party has used Supreme Court Rule 277 to

 7    amend a citation to discover assets.  Here's the

 8    cases.

 9         THE COURT:  I have read the cases.

10         MR. WOLF:  Not a mention of 277.            02:10PM

11         THE COURT:  There's a mention to an

12    amended citation to discover assets, but it

13    doesn't describe --

14         MR. WOLF:  Let's talk about how we can

15    go about issuing an amended citation.  As the    02:10PM

16    plaintiff did here, I could go down to the

17    clerk's office using the caption of this case

18    and come up with a fictitious date and a

19    fictitious amount for a judgment and the clerk

20    will issue a citation.  Monday I could walk in    02:10PM

21    to the clerk and title something an amended

22    citation, present it to the clerk, they stamp

23    it, and give it back to me.  That's how a

24    citation is issued.  It doesn't go before the
```

**2/10/2017**

Page 21

```
1    Court.  It's a simple clerical matter.  That's
2    presumably what they could have done in each of
3    those cases.  But it doesn't say so.  All it
4    says is they were issued.  And the only person
5    who issues a citation is the Clerk of the Court.   02:11PM
6    So these cases are of no benefit to the
7    plaintiff at all.  I mean, they don't provide
8    any authority that under 277 you can amend.
9         THE COURT:  Just so I'm clear, is it
10   your position that there's no -- and I          02:11PM
11   understand they have only cited 2-616 but under
12   your understanding, there's no authority
13   whatsoever for the issuance or the
14   Court-sanctioned allowance of an amended
15   citation to discover assets?                    02:11PM
16        MR. WOLF:  I'm relying on the plaintiff.
17   They haven't presented any.  I know of none.
18        THE COURT:  Okay.  Go ahead.
19        MR. WOLF:  So therefore -- and quite
20   simply, we have a citation that was improperly  02:11PM
21   issued, there being no judgment.  The plaintiff
22   has come before this Court and said, We want to
23   amend it and we want to amend it under 2-616.
24   2-616 does not allow them to amend this
```

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**2/10/2017**

Page 22

1   proceeding, this document.

2           THE COURT:  What about their argument

3   that this is a process, it's a post-judgment

4   process under 616(a), and it's a new process,

5   separate process, a supplemental process, if you    02:12PM

6   will, and that therefore they can amend it

7   anytime prior to -- and I don't know what a

8   final judgment and citation is, but their

9   suggestion is a turnover would be a final

10  judgment in the citation.  But, anyway, reliance    02:12PM

11  on 616(a) to say that they are changing the

12  claims and allegations and any process

13  allocating bill of particulars or proceedings.

14  So this is a proceeding that they can amend

15  under 616(a) because it's a supplemental.  It's    02:13PM

16  a new proceeding.

17               So the fact that there was a final

18  judgment, yes, it's prerequisite to a

19  supplemental proceeding, but there's still some

20  final judgment that would be entered on the    02:13PM

21  citation and therefore they can avail themselves

22  of 616(a).

23          MR. WOLF:  Well, under 2-616(a), the

24  legislature has used specific language.  And had

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**2/10/2017**

Page 23

1    they wanted it to be broader than it is, they

2    could have added that language.  They have not

3    done it.  And it's not up to the Court to add

4    language.  You can interpret, you can enforce,

5    which is very topical these days nationally, but    02:13PM

6    the Court cannot add language to something that

7    the legislature has promulgated.  And the

8    language, I think, is very specific.  It's very

9    narrow.  And I submit that the attempt to amend

10   the citation must be denied because there is no    02:14PM

11   basis in law.

12            The plaintiff argues, as they

13   might, they have not presented the Court with

14   any basis to amend that.  We have looked and

15   presented the Court with 2-616; we have argued    02:14PM

16   on that because that is what the plaintiff

17   relied on.  And that does not provide them any

18   basis to have this Court to allow them to amend.

19            So given all of that -- and I

20   understand, you know, when you don't have the    02:14PM

21   law, you use the facts.  And I understand the

22   facts of this case.  I'm not going to comment on

23   them, but I don't think they are relevant.  The

24   only facts that are relevant are as they relate

2/10/2017

Page 24

1    to the motion to amend.

2              Respectfully, I think it should be

3    denied.

4         THE COURT:  And it's your motion, so I

5    would give you the final word.              02:14PM

6         MR. STEELE:  I would like to correct a

7    misstatement.  He argued that I made an oral

8    request premised upon a second judgment that was

9    vacated.  That's not correct.  Our initial

10   citation was premised upon a judgment that was   02:15PM

11   vacated.  We filed a response and said, Let us

12   use this judgment, and it turned out that was

13   vacated.

14             But when we argued to your Honor,

15   your Honor asked me, Are you making an oral      02:15PM

16   motion to amend your citation to cite as the

17   basis of dissolution?

18             And I said, Yes.

19             And you said, Well, I'm not going

20   to entertain it as an oral motion; I'm going to  02:15PM

21   enter and continue this; maybe you will file a

22   written motion.

23             So I get the sense that you are

24   wanting to do the right thing here and you are

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**2/10/2017**

Page 25

1   just wanting me to give you a basis to do it.  I

2   don't think anyone, as officers of the court,

3   wants these children to go their entire lives

4   without support.  So when Counsel says, It's not

5   about the facts, I take exception to that.  I    02:15PM

6   think it is about the facts.  I think it is

7   about these children that went their whole lives

8   without support.  To try to ignore it and base

9   it solely on a technicality, I think it ignores

10   reality.  I think it ignores our purpose here to    02:16PM

11   administer justice.

12            Second, Counsel focuses a lot on

13   616(c).  You may notice I didn't say a word

14   about 616(c).  My argument is 616(a).  So it's

15   kind of a red herring.    02:16PM

16            I'm sorry.  Let me back up a

17   second.  The argument that the facts don't

18   matter, I thought was interesting because I have

19   only been here in two out of the three or four

20   court appearances.  But what I have not heard or    02:16PM

21   seen in anything that was filed -- although I

22   did think it was ironic that Counsel referred to

23   my response as a pleading after taking exception

24   to what is and isn't a pleading -- I haven't

**2/10/2017**

Page 26

```
1   seen in any of the briefs a dispute that the
2   money is owed.  He is not even standing here as
3   an officer of the court saying, My client
4   doesn't owe the money.  He's just saying, Maybe
5   that's not the right date; maybe that's not the      02:16PM
6   right amount.  He owes in excess of the funds
7   that have been frozen.  That much is clear.  He
8   owes, we believe, $700,000.  We have frozen with
9   our citation about $300,000, which will provide
10  much needed relief to my client who has been        02:17PM
11  forced to solely support her children for her
12  entire life.
13              Counsel says that a pleading is
14  either a complaint, an answer, or cross-claim.
15  I argued initially that this is a supplementary      02:17PM
16  proceeding.  So whatever initiates your
17  proceeding is, in fact, a complaint.  So if your
18  citation initiates your proceeding, your
19  citation is in effect your complaint.
20              Counsel argues extensively that our      02:17PM
21  entire basis for motion for leave to amend is
22  Section 616.  I'm not sure if he missed the
23  preamble of our motion, but we cite to
24  Section 1402; we cite to Supreme Court 277; and
```

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

2/10/2017

Page 27

1    we cite to Section 616.

2              I will concede that my primary

3    argument here is 616(a).  Counsel also described

4    what he believes is the process for issuance of

5    an amended citation that all you have to do is          02:18PM

6    walk downstairs, write "amended citation" on a

7    ham sandwich, hand it to the clerk, they stamp

8    it, and you get an amended citation.  I make

9    light of the ham sandwich analogy, but I think

10   you get the point.                                       02:18PM

11             That's not the process.  Second,

12   1402 specifically prohibits someone from issuing

13   successive citations without leave of Court.  So

14   could we have made an end-run around your

15   Honor's ruling and just gone and issued another         02:18PM

16   citation upon what we believe it should be

17   amended to?  Sure.  I'm not going to make an

18   end-run around your Honor.  I could have gone

19   into the clerk's office, but I think that would

20   have been improper.  The code that we are under,        02:18PM

21   which is Section 1402, specifically requires us

22   to seek leave of Court if we are going to issue

23   successive citations.

24             And I want to respond to what

**2/10/2017**

Page 28

```
 1    looked like your Honor's reaction to what is a
 2    final judgment in a citation proceeding.  I
 3    would direct you to Illinois Supreme Court
 4    Rule 304(b)(4), which provides matters that are
 5    appealable immediately or appealable without a      02:19PM
 6    special finding.  And it specifically says that
 7    a final judgment or order entered in a
 8    proceeding under Section 2-1402 -- which is this
 9    kind of proceeding -- of the Code of Civil
10    Procedure.  So the Supreme Court Rule 304(b)(4)      02:19PM
11    specifically contemplates a final judgment in a
12    citation proceeding because it provides that
13    it's such a proceeding -- such a final judgment
14    is, in fact, appealable.
15            And if you are asking what would be          02:19PM
16    a final judgment in a citation proceeding, the
17    proceeding ends when a turnover order is
18    entered.  And I think there are other orders
19    that can be entered when it is not issued to a
20    third-party respondent, like if you are bringing    02:19PM
21    in a defendant.  A dismissal of it, if you find
22    that he doesn't have money, maybe that's a final
23    judgment.  A payment schedule that's entered
24    into by agreement, maybe that's a final
```

2/10/2017

Page 29

1    judgment.  But when you have a citation that's
2    served on a third-party bank, the citation
3    necessarily ends when they turn over the funds
4    they have.  So that's the end of that
5    proceeding.  That is the final judgment in this        02:20PM
6    proceeding.  If you couldn't have a final
7    judgment in a citation proceeding, I don't think
8    that there would be Supreme Court
9    Rule 304(b)(4).
10              So for those reasons, again, what           02:20PM
11   I'm asking your Honor to do is to allow us leave
12   to amend the citations and allow us to get to
13   the merits, which are that Mr. Ervin owes a
14   significant -- probably the most significant you
15   are going to see sitting on this bench -- amount      02:20PM
16   of child support.  And what I'm trying to do is
17   what I think we are sworn as officers of the
18   court, have a duty to do, which is under our
19   public policy, to support children.
20              So I think that it's appropriate.           02:20PM
21   I think that you should exercise your discretion
22   to allow us leave to amend.
23         THE COURT:  All right.  Thank you.
24         MR. WOLF:  I object to any reference to

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**2/10/2017**

Page 30

1    304(b) because it was not pled and it takes me

2    by surprise.

3            THE COURT:  I have considered the

4    arguments by Counsel.  I have also looked for

5    case authority that would support either          02:21PM

6    position.  I have read the motions and the

7    responsive documents.  I do understand and

8    appreciate that it appears that there's an

9    inordinate amount of child support that is owed

10   and that has not been paid.  But the question     02:21PM

11   facing the Court is whether the citation that

12   was initially issued was proper and whether, in

13   light of that, the Court should allow an amended

14   citation to be issued as opposed to what's

15   specifically contemplated in Section 277, which   02:22PM

16   would be to grant leave to the judgment creditor

17   to file a new and corrected citation.

18            It's undisputed that the original

19   order upon which the citation was issued had, in

20   fact, been vacated.  There was argument -- and,   02:22PM

21   again, Counsel probably has a better

22   recollection than I do, but I also know there

23   was a second order that was referenced, I

24   believe, by the judgment creditor, as perhaps

**2/10/2017**

Page 31

```
 1    being an alternative basis for the issuance of

 2    the citation.  And it was discovered that that

 3    order also had been vacated.

 4              So the original citation that was

 5    issued supported by an attorney's affidavit was,    02:22PM

 6    in fact, an order that had been vacated.  It

 7    strikes me that the appropriate response at that

 8    point in time would have been to seek leave,

 9    then to have issued a new citation based on a

10    successive citation, which is specifically          02:23PM

11    contemplated by Rule 277, which the Court would

12    have granted and would still grant.

13              I understand the judgment

14    creditor's position as well; but between the

15    time they prepared that citation and got it         02:23PM

16    served, the $300,000 that are being frozen could

17    be unfrozen and moved.  And I assume the concern

18    was that that money would be transferred or

19    moved such that it would then fall back to the

20    judgment creditor trying to search out where        02:23PM

21    these dollars might be.

22              So having found no case authority

23    to support the proposition that the Court can

24    allow an amended citation to discover assets,
```

2/10/2017

Page 32

 1    although I did acknowledge there are cases out

 2    there where Courts have said they are faced with

 3    an amended citation to discover assets, but none

 4    of them explain how they got there or whether it

 5    was authorized by a Court, I am not going to be          02:24PM

 6    granting the motion to amend based on not,

 7    obviously, the fact that I'm not sure that's the

 8    correct way to do it but the proposed amendment,

 9    as I understand it, is also problematic because

10    the judgment creditor is asking the Court to            02:24PM

11    allow the amendment to cite to a Canadian

12    judgment and asking the Court to then convert

13    the Canadian dollars that are being owed to U.S.

14    dollars and to calculate how much money would

15    have been owed since the issuance of the               02:24PM

16    Canadian order back in 1999.

17                I understand the argument that the

18    Court has the authority to treat nonpayment of

19    each month of the Canadian judgment child

20    support order that didn't get paid as a judgment        02:25PM

21    in the United States, but the specific statute

22    that authorizes that does say that it's based on

23    a support order entered pursuant to the Illinois

24    Marriage and Dissolution of Marriage Act and the

2/10/2017

1    order that the judgment creditor seeks to go now
2    amend and to be the basis of the amended
3    citation is a Canadian child support order
4    doesn't strike me as an order that was entered
5    pursuant to the Illinois Dissolution of Marriage    02:25PM
6    Act.
7              As I have suggested on multiple
8    occasions, I think the recourse that remains for
9    the judgment creditor is to go back to the
10   family law court, file, as they have on at least    02:26PM
11   two occasions in the past, some sort of motion
12   to have the Canadian judgment order -- to get a
13   judgment order in current dollars based on the
14   nonpayment of the monthly child support from the
15   Canadian Court.  And I'm sure a first-floor        02:26PM
16   Court would do that and then they would have a
17   judgment here in Lake County for a sum certain
18   upon which they could issue a citation.
19             I understand only too well that
20   this may result in the judgment creditor having    02:26PM
21   to go chase down dollars that should have been
22   paid years ago.  But to me that is the
23   appropriate recourse that exists, not to try to
24   correct and amend a citation that, frankly, was

**2/10/2017**

Page 34

 1   improperly issued and was sworn to by an

 2   attorney as being a valid judgment when, in

 3   fact, the judgment had been vacated.

 4           So while there are certainly

 5   equitable considerations that weigh in favor of      02:27PM

 6   granting the amendment and going into some

 7   uncharted territory, there are also some

 8   equitable arguments that the citation that was

 9   issued by Counsel was, to say the least,

10   improper.  So the motion to amend is denied.         02:27PM

11           That leaves us, I think, with the

12   motion to quash the citations.  Any argument you

13   wish to make on that motion?

14       MR. WOLF:  I don't think so, your Honor.

15   I think pretty much anything that needs to be        02:27PM

16   said has been said.  The citations we moved to

17   quash are contained within the four corners of

18   judgment that had never been -- it had been

19   entered, but it had been vacated.

20           The Section 1402 in 277 requires             02:28PM

21   there to be a valid judgment.  There was no

22   valid judgment.  And, therefore, the only course

23   this Court can take should be not only quashing

24   it but terminating it because as of this date,

2/10/2017

```
                                                        Page 35
 1    there is no judgment.
 2            THE COURT:  Any response?
 3            MR. STEELE:  I'm not sure what the
 4    difference between quashing and terminating
 5    would be in this context.                          02:28PM
 6                  I have a question for the Court as
 7    far as your ruling on the prior motion.  I
 8    understand you're suggesting an available remedy
 9    to the plaintiff.  Are you making a finding that
10    that's the only remedy that's available to the    02:28PM
11    plaintiff?  Because it's our intention to issue
12    another citation premised upon what we believe
13    is our judgment.
14            THE COURT:  Are you seeking leave of
15    court to do that?                                   02:29PM
16            MR. STEELE:  Yes, I am.  And I think
17    that there's authority for the proposition
18    that -- based on your concern that it was not
19    entered by this State -- and I'm going to
20    paraphrase because I only hear it; I don't         02:29PM
21    actually read it -- that a judgment entered by
22    another authority has the same attributes when
23    enrolled as though it had been enrolled in this
24    state.
```

**2/10/2017**

Page 36

1           So I still think that despite the

2   fact it was entered in another jurisdiction,

3   when it was enrolled here, it's still

4   enforceable here.  I think that it's still

5   subject to our laws as if it were entered here.    02:29PM

6   I think that's what it means when something is

7   enrolled.

8           So our intention is to issue a

9   citation and to the extent your Honor had not

10  had the issue before you, at this time, because    02:29PM

11  you are not granting us leave to amend, I'm just

12  asking, are you making any such claim being that

13  we are prohibited?  Or can we, in fact, have

14  leave to issue a successive citation?

15      THE COURT:  So before I directly             02:30PM

16  respond, what I have appears to be an oral

17  motion to issue a successive citation.

18          And your response to that?

19      MR. WOLF:  I do object to that, your

20  Honor.  I think he has a right to come before     02:30PM

21  you with the motion.  And that matter is not

22  properly before you.  So if you want to issue an

23  order that says he can file any motion he wants

24  to, that's one thing.  But to give him a

**2/10/2017**

Page 37

```
 1    specific order saying, You can file a motion in
 2    reference to this matter, I don't think it's
 3    properly before you.
 4         THE COURT:  Leave is granted to file a
 5    successive or second citation to discover assets    02:30PM
 6    against the judgment debtor.  I have not said
 7    that going back to the first floor is your only
 8    recourse, but obviously you have heard my
 9    thoughts and concerns with what I assume is your
10    proposed successive citation.  And I look          02:31PM
11    forward to reading the authority and case law
12    that would support it if, in fact, it's
13    challenged.
14         MR. WOLF:  And for the record, your
15    Honor, I do wish to challenge the fact that you    02:31PM
16    are granting him leave to file a successive
17    citation because I think 277 has specific
18    provisions that are requirements for someone who
19    is filing a successive citation.
20         THE COURT:  So just so I'm clear, what        02:31PM
21    it says is if there's been a prior supplemental
22    proceeding -- and, again, we didn't -- I think
23    this is different than a situation where we have
24    actually gone down the road and started a
```

2/10/2017

```
                                                              Page 38
 1    citation where the citation was challenged.  We
 2    have never even had the initial supplemental
 3    proceeding, if you will, because it got knocked
 4    out of the box, so to speak.
 5             So to the extent that a new           02:32PM
 6    citation would, in fact, require a leave of
 7    court, what it provides is that no further
 8    proceeding shall be commenced against him except
 9    with leave of court.  Leave may be granted upon
10    ex parte motion of the judgment creditor but    02:32PM
11    only upon a finding of certain prerequisites.
12             So I'm not granting it on an
13    ex parte basis.  There's nothing in there that
14    says it must be submitted via written motion.
15    And under the circumstances where it was your   02:32PM
16    motion to quash -- so we have not even
17    started -- supplemental proceeding has not
18    gotten underway.
19             I'm overruling your objection and
20    I'm granting them leave to file what could be   02:33PM
21    called a second citation to discover assets.
22         MR. STEELE:  Thank you.
23         MR. WOLF:  Do I then presume that the
24    motion to quash is granted?
```

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**2/10/2017**

Page 39

1          THE COURT:  The motion to quash is

2    granted.  The original or the pending citation

3    to discover assets, whether you want to call it

4    quashed or dismissed...

5          MR. WOLF:  Terminated.                    02:33PM

6          THE COURT:  Involuntarily terminated.

7    I'm fine with all of those characterizations.

8    So why don't we just say dismissed.

9          MR. WOLF:  Your Honor, just

10   understanding what Counsel is going to do, may I   02:33PM

11   in the order on the motion to quash, which

12   provides that that citation is dismissed, in the

13   meantime my client has no availability of any

14   money for himself.  And I'm not talking about

15   withdrawing hundreds of thousands of dollars,     02:34PM

16   but can I provide in there that the citations --

17   and I would name the specific citations are

18   dismissed and this citation is of no force and

19   effect pending further order of Court?

20         THE COURT:  What I typically have seen      02:34PM

21   is orders that would say something to the effect

22   that the citation to discover assets is

23   dismissed and the assets which are being held

24   are unfrozen or no longer subject to any sort of

2/10/2017

Page 40

1   lien or freeze.

2              What is your response to his

3   request?

4       MR. STEELE:  My response is that the

5   funds that are being held are in a whole-life      02:34PM

6   insurance policy.  We haven't frozen a checking

7   account or savings account, so I'm a little

8   confused by saying his client doesn't have any

9   money.

10              But I think that if his motion is      02:35PM

11  to quash the citations and the citations are

12  quashed, I think it naturally follows that the

13  funds are released.  To the extent you believe I

14  have any leg to stand on to say keep them frozen

15  until we issue the new citation, of course I am    02:35PM

16  going to ask you to do that.

17      THE COURT:  And I wasn't sure what kind

18  of account this was.  So I don't think it really

19  alters things; but I guess I would say why don't

20  we say this, the citations to discover assets      02:35PM

21  are quashed and funds are released, period.

22      MR. STEELE:  The only issue I would have

23  with that language, Judge, is -- let's assume we

24  are speedy enough to go downstairs and issue a

**2/10/2017**

Page 41

1    citation right now.  The companies that are

2    holding funds are going to get a court order

3    entered on today's date and a citation entered

4    on today's date, they won't know timing, which

5    one was quashed.  So maybe we can say --          02:36PM

6         THE COURT:  Citations dated blank,

7    served upon blank, are quashed.  And any funds

8    being held pursuant to the citation dated blank

9    are released.

10        MR. STEELE:  Okay.                           02:36PM

11        MR. WOLF:  I don't want to work you any

12   harder.  It's Friday.

13        THE COURT:  It's still early on a

14   Friday.  All right.  You have enough to draft

15   orders?                                           02:36PM

16        MR. WOLF:  I think so.

17        MR. STEELE:  Yes.

18        THE COURT:  Thank you for your most

19   thorough and professional arguments and

20   presentations.                                    02:36PM

21             (WHICH WERE ALL THE PROCEEDINGS

22              HAD IN THE ABOVE-ENTITLED CAUSE

23              ON THIS DATE.)

24

**2/10/2017**

Page 42

1      I, KAREN ORENSTEIN, CSR No. 84-4693, a

2  Certified Shorthand Reporter of the State of

3  Illinois, do hereby certify that I reported in

4  shorthand the proceedings had at the hearing

5  aforesaid, and that the foregoing is a true,

6  complete, and correct transcript of the

7  proceedings of said hearing as appears from my

8  stenographic notes so taken and transcribed

9  under my personal direction.

10      IN WITNESS WHEREOF, I do hereunto set my

11  hand at Chicago, Illinois, this 17th day of

12  April, 2018.

13

14

15  KAREN ORENSTEIN, CSR No. 84-4693

16  Certified Shorthand Reporter

17

18

19

20

21

22

23

24

2/10/2017

**A**

**able** 9:5 12:23
**above-entitled** 1:11
  3:3 41:22
**absurd** 9:5
**account** 40:7,7,18
**accurate** 6:6,9
**acknowledge** 32:1
**Act** 16:8,19 17:4
  32:24 33:6
**add** 23:3,6
**added** 23:2
**address** 6:17
**administer** 25:11
**adopt** 16:16
**affidavit** 31:5
**affirmative** 11:15
**affirmed** 16:13
**aforesaid** 42:5
**age** 5:15
**ago** 33:22
**agreement** 28:24
**ahead** 21:18
**alike** 10:11
**allegations** 10:6
  22:12
**allocating** 22:13
**allow** 6:12 11:14
  12:4,5 13:4 21:24
  23:18 29:11,12,22
  30:13 31:24 32:11
**allowance** 11:24
  21:14
**allowed** 11:12
**allowing** 12:12
**allows** 9:12 19:24
**alternative** 31:1
**alters** 40:19
**amend** 3:7,8,15
  5:12 6:12,15,19
  7:11,16,18,22 8:2
  8:5,13,14 9:6
  11:14,23 13:12,14
  13:16 18:11 19:3
  19:22 20:7 21:8

21:23,23,24 22:6
22:14 23:9,14,18
24:1,16 26:21
29:12,22 32:6
33:2,24 34:10
36:11
**amended** 9:4 11:12
  20:12,15,21 21:14
  27:5,6,8,17 30:13
  31:24 32:3 33:2
**amending** 18:18
  19:4,5
**amendment** 9:19
  11:24 12:2 19:24
  32:8,11 34:6
**amendments** 9:12
  12:12 18:18,21,22
**amount** 5:17 14:15
  14:16 15:5 20:19
  26:6 29:15 30:9
**analogy** 27:9
**and-** 1:6 2:10
**answer** 15:16 16:10
  19:16,17 26:14
**answered** 11:14
**answers** 15:3
**anytime** 12:3 22:7
**anyway** 22:10
**App.3d** 11:20
**appeal** 14:24 16:12
**appealable** 8:22
  14:23 28:5,5,14
**Appeals** 4:17
**appearances** 2:1
  25:20
**Appeared** 2:12,19
**appears** 30:8 36:16
  42:7
**Appellate** 4:14
**application** 9:7
  10:4,19
**applied** 5:9
**applies** 7:6,7 9:9
  19:18
**apply** 7:5 8:7 9:10
**applying** 16:20

**appreciate** 30:8
**appropriate** 4:13
  16:21 29:20 31:7
  33:23
**April** 42:12
**area** 3:18
**argue** 3:15 12:15
  19:10
**argued** 23:15 24:7
  24:14 26:15
**argues** 23:12 26:20
**argument** 4:21
  6:12 8:18 9:2
  22:2 25:14,17
  27:3 30:20 32:17
  34:12
**arguments** 7:3 30:4
  34:8 41:19
**asked** 13:24 24:15
**asking** 4:4 10:16,18
  13:13,15,16 15:24
  18:11 28:15 29:11
  32:10,12 36:12
**assets** 9:9 20:7,12
  21:15 31:24 32:3
  37:5 38:21 39:3
  39:22,23 40:20
**assume** 31:17 37:9
  40:23
**attached** 5:11
  17:11
**attack** 3:8 10:3
**attempt** 23:9
**attorney** 34:2
**attorney's** 31:5
**attributes** 35:22
**authority** 6:19,20
  13:10 16:22 19:11
  21:8,12 30:5
  31:22 32:18 35:17
  35:22 37:11
**authorized** 32:5
**authorizes** 32:22
**avail** 19:21 22:21
**availability** 39:13
**available** 16:23

17:3 35:8,10
**avoid** 12:23

**B**

**back** 6:15 10:10,24
  11:17 14:19 20:23
  25:16 31:19 32:16
  33:9 37:7
**bank** 29:2
**Bannockburn** 2:5
**base** 25:8
**based** 13:13 18:7
  31:9 32:6,22
  33:13 35:18
**basis** 23:11,14,18
  24:17 25:1 26:21
  31:1 33:2 38:13
**BEERMANN** 2:3
**behalf** 2:12,19 15:1
**believe** 17:14,24
  26:8 27:16 30:24
  35:12 40:13
**believes** 27:4
**bench** 29:15
**benefit** 21:6
**best** 4:1 6:23
**better** 30:21
**beyond** 17:23
**bill** 9:13 22:13
**bit** 3:23
**blank** 41:6,7,8
**box** 38:4
**briefs** 26:1
**bring** 10:6
**bringing** 10:23
  28:20
**brings** 10:7,9
**broader** 23:1

**C**

**C** 18:17 19:2,9,18
**calculate** 32:14
**calculation** 6:9
**call** 4:24 39:3
**called** 38:21
**Canadian** 5:17

14:9 16:2,20
17:10 32:11,13,16
32:19 33:3,12,15
**caption** 20:17
**carves** 15:12
**case** 4:8,13 8:14
  9:22,23 10:15
  11:10,12 12:6
  13:24 14:18 20:17
  23:22 30:5 31:22
  37:11
**cases** 9:24 10:14
  11:18 20:5,8,9
  21:3,6 32:1
**cause** 1:11 3:3 7:21
  41:22
**cautioned** 19:11
**centers** 4:8
**certain** 33:17 38:11
**certainly** 9:17 34:4
**Certified** 42:2,16
**certify** 42:3
**challenge** 37:15
**challenged** 37:13
  38:1
**changing** 22:11
**character** 10:12
**characterizations**
  39:7
**chase** 33:21
**checking** 40:6
**Chicago** 2:16 42:11
**child** 3:22 4:7,10
  5:1 10:17,22
  12:24 15:12 29:16
  30:9 32:19 33:3
  33:14
**childhood** 4:9
**children** 4:2,2,9
  5:16 12:18,21
  13:7 25:3,7 26:11
  29:19
**circle** 6:15
**Circuit** 1:1,2 4:16
  4:16
**circumstances**

38:15
**citation** 7:7 8:14,16
  8:20 9:9 11:1,3
  14:7 15:8,15 18:7
  18:11,24 19:8
  20:7,12,15,20,22
  20:24 21:5,15,20
  22:8,10,21 23:10
  24:10,16 26:9,18
  26:19 27:5,6,8,16
  28:2,12,16 29:1,2
  29:7 30:11,14,17
  30:19 31:2,4,9,10
  31:15,24 32:3
  33:3,18,24 34:8
  35:12 36:9,14,17
  37:5,10,17,19
  38:1,1,6,21 39:2
  39:12,18,22 40:15
  41:1,3,8
**citations** 11:12
  12:16 13:16 27:13
  27:23 29:12 34:12
  34:16 39:16,17
  40:11,11,20 41:6
**cite** 11:19,20 12:8
  24:16 26:23,24
  27:1 32:11
**cited** 9:23 10:1 11:9
  11:10,13 17:15
  21:11
**cites** 9:22
**Civil** 7:4 18:15,20
  20:1 28:9
**claim** 36:12
**claims** 22:12
**clear** 11:15 21:9
  26:7 37:20
**clearly** 12:19
**clerical** 21:1
**clerk** 20:19,21,22
  21:5 27:7
**clerk's** 20:17 27:19
**client** 4:19 15:2
  26:3,10 39:13
  40:8

**code** 7:4 18:15,20
  20:1 27:20 28:9
**come** 3:20 5:14 7:3
  10:21 11:17 12:23
  18:14 20:18 21:22
  36:20
**comes** 18:10
**coming** 19:20
**comma** 9:12,13
**commenced** 11:3
  38:8
**comment** 23:22
**companies** 41:1
**complaint** 19:15
  26:14,17,19
**complete** 42:6
**concede** 27:2
**concern** 31:17
  35:18
**concerns** 37:9
**confines** 18:4
**conform** 19:4,6,19
**confused** 40:8
**considerations**
  34:5
**considered** 30:3
**contained** 34:17
**contemplated** 11:8
  30:15 31:11
**contemplates** 28:11
**contempt** 14:6,12
  14:22,22
**contested** 16:11
**context** 35:5
**continue** 24:21
**continuing** 12:17
**conversion** 6:7
**convert** 5:18 32:12
**COOPER** 2:11
  3:12 17:9,14
**corners** 34:17
**correct** 3:12 7:17
  12:3 24:6,9 32:8
  33:24 42:6
**corrected** 30:17
**Counsel** 12:14

17:20 19:13 25:4
  25:12,22 26:13,20
  27:3 30:4,21 34:9
  39:10
**counterclaim** 19:16
  19:17
**County** 1:2 13:20
  14:10 16:4,6 17:6
  33:17
**couple** 9:10
**course** 13:1 34:22
  40:15
**court** 1:1 3:5,14,17
  3:24 4:14,15,16
  4:22 5:4,21 6:2,4
  8:3,18,19,24 10:5
  10:7,10,16,24
  11:9 12:1,10
  13:23 14:9,13,16
  15:4,17,19 16:2,5
  16:7 17:2,11,16
  17:18,21,24 18:2
  18:11,12,13,14
  19:23 20:6,9,11
  21:1,5,9,18,22
  22:2 23:3,6,13,15
  23:18 24:4 25:2
  25:20 26:3,24
  27:13,22 28:3,10
  29:8,18,23 30:3
  30:11,13 31:11,23
  32:5,10,12,18
  33:10,15,16 34:23
  35:2,6,14,15
  36:15 37:4,20
  38:7,9 39:1,6,19
  39:20 40:17 41:2
  41:6,13,18
**Court-sanctioned**
  21:14
**courthouse** 14:3
**Courts** 32:2
**creditor** 30:16,24
  31:20 32:10 33:1
  33:9,20 38:10
**creditor's** 31:14

**cross-claim** 26:14
**CSR** 2:23,24 42:1
  42:15
**current** 33:13
**currently** 14:1

———————
**D**
**D** 1:6 2:9
**DANIEL** 1:14
**date** 3:4 4:22 6:9
  20:18 26:5 34:24
  41:3,4,23
**dated** 41:6,8
**dates** 3:17
**day** 1:11 2:4 42:11
**days** 23:5
**deadbeat** 4:24
**deal** 18:17
**deals** 18:20
**Dearborn** 2:15
**debtor** 37:6
**decided** 11:23
**decree** 14:3
**deem** 16:1
**deemed** 15:22
**defendant** 14:6
  28:21
**defense** 4:12 7:23
**definition** 11:6
**denied** 23:10 24:3
  34:10
**Department** 4:22
**deprive** 12:17
**describe** 20:13
**described** 27:3
**deserves** 5:7
**despite** 36:1
**destitute** 4:19
**determining** 14:14
**difference** 35:4
**different** 37:23
**direct** 28:3
**direction** 42:9
**directly** 36:15
**discover** 9:9 20:7
  20:12 21:15 31:24

32:3 37:5 38:21
  39:3,22 40:20
**discovered** 31:2
**discretion** 6:14,21
  12:11 13:11,11
  29:21
**dismissal** 28:21
**dismissed** 39:4,8,12
  39:18,23
**dispute** 26:1
**dissolution** 7:21
  13:18 15:21 16:8
  16:18 17:4 24:17
  32:24 33:5
**distinguish** 10:12
**distinguishes** 10:2
**divorce** 9:24 10:15
**document** 5:23
  22:1
**documents** 17:12
  30:7
**doing** 6:23
**dollar** 15:5
**dollars** 5:17 14:5
  31:21 32:13,14
  33:13,21 39:15
**doubt** 11:21
**downstairs** 27:6
  40:24
**draft** 41:14
**Dunning** 12:7
**duty** 29:18
**Dynegy** 12:8

———————
**E**
**early** 41:13
**easily** 9:2
**effect** 26:19 39:19
  39:21
**either** 7:5 16:24
  26:14 30:5
**end-run** 27:14,18
**ends** 12:13,18
  28:17 29:3
**enforce** 7:21 14:3
  15:24 23:4

enforceable 13:22
 15:15 36:4
enforcement 13:4
 16:14
enroll 16:17,22
enrolled 13:19
 16:13 17:2,5,6
 35:23,23 36:3,7
enrollment 16:10
 16:11,12 17:8
enter 8:21 24:21
entered 7:15 8:15
 8:20 15:19 16:6
 17:1 22:20 28:7
 28:18,19,23 32:23
 33:4 34:19 35:19
 35:21 36:2,5 41:3
 41:3
entering 14:23
entertain 24:20
entire 4:9,20 25:3
 26:12,21
entry 5:15
equitable 34:5,8
equity 6:11
err 12:4
erring 12:19
Ervin 1:4,7 4:9
 6:13 12:17 13:6,9
 14:24 29:13
evaded 12:22
everybody 10:10
ex 38:10,13
exalt 13:4,7
exception 25:5,23
excess 5:8 26:6
exercise 6:20 12:11
 16:21 29:21
exhibit 6:3 17:12
existing 15:19
exists 33:23
explain 32:4
extensively 26:20
extent 9:16 12:12
 36:9 38:5 40:13

**F**
F 6:3
faced 32:2
facing 30:11
fact 8:7 9:16 22:17
 26:17 28:14 30:20
 31:6 32:7 34:3
 36:2,13 37:12,15
 38:6
facts 6:24 7:2 18:4
 23:21,22,24 25:5
 25:6,17
fall 9:3 31:19
falls 9:2
familiar 9:24
family 3:19 4:23
 5:19 10:14 33:10
far 10:3 12:22 13:1
 35:7
favor 11:24 12:11
 34:5
favors 6:13 12:21
 13:8,11
February 1:12
fictitious 20:18,19
figure 6:7 14:4
file 10:9 24:21
 30:17 33:10 36:23
 37:1,4,16 38:20
filed 4:15 10:11
 24:11 25:21
filing 10:6 37:19
final 7:7,10,11,13
 7:14,19,24 8:1,12
 8:15,19,23 9:2
 22:8,9,17,20 24:5
 28:2,7,11,13,16
 28:22,24 29:5,6
find 4:6 9:16 28:21
finding 14:12,22,22
 28:6 35:9 38:11
fine 39:7
first 3:9 5:13 9:7,10
 9:15 13:24 14:2,8
 14:12,17 16:19

17:20 19:7 37:7
first-floor 33:15
fit 5:2
five 10:21
floor 14:2,8 16:19
 37:7
focuses 25:12
FOLLOWING 3:1
follows 40:12
force 39:18
forced 26:11
foregoing 42:5
foreign 17:5
form 13:5,7,8
forward 37:11
found 31:22
four 25:19 34:17
frankly 33:24
freeze 40:1
Friday 41:12,14
front 5:23
frozen 26:7,8 31:16
 40:6,14
funds 4:20 26:6
 29:3 40:5,13,21
 41:2,7
further 38:7 39:19
furthered 12:15
furthers 12:13

**G**
general 12:1,9
generally 18:18
give 20:23 24:5
 25:1 36:24
given 23:19
go 3:21 6:6,17 13:2
 15:4 20:15,16,24
 21:18 25:3 33:1,9
 33:21 40:24
goes 6:13
going 4:6,9 5:21
 6:17,17 12:5 14:7
 23:22 24:19,20
 27:17,22 29:15
 32:5 34:6 35:19

37:7 39:10 40:16
 41:2
good 15:2,2
gotten 38:18
governed 16:17
grant 6:15,19 30:16
 31:12
granted 11:23
 13:14 31:12 37:4
 38:9,24 39:2
granting 13:12
 32:6 34:6 36:11
 37:16 38:12,20
grave 13:6
guess 15:23 40:19

**H**
half 2:4 14:17
ham 27:7,9
hand 27:7 42:11
happened 18:5
harder 41:12
Healthcare 4:23
hear 35:20
heard 25:20 37:8
hearing 42:4,7
held 14:6 39:23
 40:5 41:8
hereunto 42:10
herring 25:15
historically 18:6
holding 41:2
Honor 3:13,18
 17:15,19 18:4,8
 24:14,15 27:18
 29:11 34:14 36:9
 36:20 37:15 39:9
Honor's 27:15 28:1
honorable 1:14 5:7
hundreds 39:15
hypothetical 4:4

**I**
ignore 25:8
ignores 25:9,10
Ill 11:20

Illinois 1:2 2:5,16
 4:22 12:20 15:21
 16:7,18 17:3,4
 18:15,20 20:1
 28:3 32:23 33:5
 42:3,11
IMDMA 13:22
 16:23
immediately 8:22
 14:23 28:5
important 18:19
improper 27:20
 34:10
improperly 21:20
 34:1
inapplicable 19:1,9
incorrect 8:11
indicate 17:21
initial 24:9 38:2
initially 26:15
 30:12
initiates 26:16,18
injustice 4:11 13:6
inordinate 30:9
insurance 40:6
intention 35:11
 36:8
interest 4:1 5:9,11
interesting 25:18
interpret 23:4
interpretation 7:17
interrupt 5:21
Involuntarily 39:6
ironic 9:22 25:22
issuance 21:13 27:4
 31:1 32:15
issue 3:22 18:3
 20:20 27:22 33:18
 35:11 36:8,10,14
 36:17,22 40:15,22
 40:24
issued 18:7 20:24
 21:4,21 27:15
 28:19 30:12,14,19
 31:5,9 34:1,9
issues 17:24 21:5

2/10/2017

**issuing** 20:15 27:12

**J**

**JAMES** 2:18
**JASICA** 1:14
**jobbing** 12:24
**JOHATHAN** 2:9
**jsteele@beerma...**
2:7
**Judge** 40:23
**judges** 19:12
**judgment** 5:15 7:8
7:10,11,13,14,20
7:21,23,24 8:1,12
8:15,20,23 9:2,4
11:6 13:17,18,22
14:4,8,10 15:13
15:14,16 16:24
17:6,10 18:7,9,23
18:24 19:9 20:19
21:21 22:8,10,18
22:20 24:8,10,12
28:2,7,11,13,16
28:23 29:1,5,7
30:16,24 31:13,20
32:10,12,19,20
33:1,9,12,13,17
33:20 34:2,3,18
34:21,22 35:1,13
35:21 37:6 38:10
**judgments** 15:7,22
16:1
**JUDICIAL** 1:1
**juggling** 12:4
**jurisdiction** 36:2
**justice** 12:13,15,18
25:11

**K**

**KAREN** 2:23 42:1
42:15
**kcooper@beerm...**
2:8
**keep** 10:13 40:14
**kids** 4:3,20
**kind** 5:2 15:9 25:15

**28:9** 40:17
**knocked** 38:3
**know** 10:14 12:7
14:1 17:13 18:19
19:15 21:17 22:7
23:20 30:22 41:4
**KYLE** 2:11

**L**

**L** 1:14
**Lake** 1:2 13:19
14:10 16:4,6 17:6
33:17
**language** 20:5
22:24 23:2,4,6,8
40:23
**lapsed** 5:15
**law** 3:19 5:20 10:14
11:10 12:10 15:14
16:20 23:11,21
33:10 37:11
**laws** 16:15 36:5
**lawyer** 6:23 7:3
**leave** 3:15 5:12
6:12,15,19 7:11
7:18 11:14,23
13:12,14 26:21
27:13,22 29:11,22
30:16 31:8 35:14
36:11,14 37:4,16
38:6,9,9,20
**leaves** 34:11
**leg** 40:14
**legal** 12:24
**legislature** 22:24
23:7
**let's** 20:14 40:23
**liberally** 12:11
**lien** 40:1
**life** 4:21 26:12
**light** 27:9 30:13
**line** 8:18 10:21
**list** 5:3,5,6,8
**listing** 4:23
**little** 3:23 40:7
**lives** 25:3,7

**long** 12:22
**longer** 39:24
**longest** 3:21
**look** 4:1 10:11
15:17 17:7 37:10
**looked** 23:14 28:1
30:4
**lost** 4:17,17,17,17
8:17
**lot** 9:23 25:12

**M**

**majority** 5:16
**making** 24:15 35:9
36:12
**man** 4:14,17 12:21
**marriage** 1:3 7:22
13:18 15:21 16:7
16:8,18,18 17:3,4
32:24,24 33:5
**math** 5:8
**matter** 13:3,5,10
21:1 25:18 36:21
37:2
**matters** 28:4
**mean** 21:7
**meaning** 5:19
**means** 26:6
**mention** 5:7 20:10
20:11
**merits** 29:13
**middle** 10:13,15
**million** 5:10
**millions** 4:12
**minute** 6:16
**MIRABELLI** 2:3
**missed** 13:21 15:13
26:22
**missing** 3:10
**misstatement** 24:7
**Mitchell** 11:19
**modified** 13:17
**modify** 10:17,22
**Monday** 20:20
**money** 12:16 15:14
26:2,4 28:22

**31:18** 32:14 39:14
40:9
**month** 6:6,6,8,8
13:20 14:17 32:19
**monthly** 33:14
**motion** 3:6,7,8,9,14
5:12,22 10:2,4,4
10:17 17:15 19:12
24:1,4,16,20,22
26:21,23 32:6
33:11 34:10,12,13
35:7 36:17,21,23
37:1 38:10,14,16
38:24 39:1,11
40:10
**motions** 3:6,11
30:6
**moved** 31:17,19
34:16
**multiple** 33:7
**multiply** 5:16

**N**

**N.E.3d** 12:8
**name** 39:17
**narrow** 17:24 18:3
23:9
**nationally** 23:5
**naturally** 40:12
**necessarily** 29:3
**need** 4:3 17:7
**needed** 26:10
**needing** 15:12
**needs** 34:15
**never** 7:18 8:19
34:18 38:2
**new** 11:4 15:18
22:4,16 30:17
31:9 38:5 40:15
**NINETEENTH**
1:1
**nonpayment** 32:18
33:14
**normally** 10:1
**Norman** 11:20
**North** 2:15

**notes** 42:8
**notice** 25:13
**number** 5:13,14
10:8 11:18
**numbers** 15:8

**O**

**object** 29:24 36:16
**objection** 17:23
38:19
**obviously** 32:7 37:8
**occasions** 33:8,11
**off-call** 10:8
**office** 3:20 20:17
27:19
**officer** 3:24 26:3
**officers** 25:2 29:17
**Oh** 20:4
**Okay** 3:14 8:24
17:16 21:18 41:10
**once** 16:16,17,22
**operation** 15:14
**operative** 13:17
**opposed** 30:14
**opted** 6:5
**options** 4:18
**oral** 24:7,15,20
36:16
**orally** 18:8
**order** 7:9 8:13,22
13:19 14:9,14
15:19,24 16:1,6
17:7,9,14 28:7,17
30:19,23 31:3,6
32:16,20,23 33:1
33:3,4,12,13
36:23 37:1 39:11
39:19 41:2
**orders** 28:18 39:21
41:15
**ORENSTEIN** 2:23
42:1,15
**original** 15:8 30:18
31:4 39:2
**overruling** 38:19
**owe** 4:24 26:4

owed 6:10 15:11
  26:2 30:9 32:13
  32:15
owes 5:8 26:6,8
  29:13
owing 5:10

**P**

p.m 1:12
paid 30:10 32:20
  33:22
paraphrase 35:20
parent 3:20
parents 4:24
part 15:3
parte 38:10,13
particulars 9:13
  22:13
parties 10:7,23
party 16:24 20:6
paying 3:22 4:7,10
  12:23
payment 15:14
  28:23
payments 13:21
pending 3:11 10:5
  10:18 39:2,19
penny 4:12
period 3:21 40:21
person 21:4
personal 42:9
persuasive 11:19
pertains 7:12
petition 7:20,22
Petitioner 1:5 2:12
PLA 4:15
plaintiff 11:22 18:6
  19:21 20:16 21:7
  21:16,21 23:12,16
  35:9,11
pleading 7:15 8:2
  9:11,13,16,17,21
  9:21 10:2,5,10,23
  11:7 19:10,13,13
  20:4 25:23,24
  26:13

pleadings 7:5,6,19
  8:5 9:6 12:12
  19:3,3,5,14,18
pled 30:1
point 4:18 8:3 13:3
  15:10 27:10 31:8
pointed 18:23
policy 12:20 29:19
  40:6
position 8:8,10
  9:15,20 21:10
  30:6 31:14
post-decree 7:19
  9:6 10:20
post-judgment 8:5
  22:3
practice 3:18
pre-decree 10:16
preamble 26:23
premised 24:8,10
  35:12
prepared 31:15
prerequisite 22:18
prerequisites 38:11
present 20:22
presentations
  41:20
presented 6:24 7:1
  20:4 21:17 23:13
  23:15
presumably 21:2
presume 38:23
pretty 4:19 9:2
  11:15 34:15
primarily 3:19
primary 27:2
prior 3:17 4:21
  22:7 35:7 37:21
PRITIKIN 2:3
probably 29:14
  30:21
problematic 32:9
Procedure 7:4
  18:16,20 20:1
  28:10
proceeding 9:18

10:5,18 11:2,4,5
  22:1,14,16,19
  26:16,17,18 28:2
  28:8,9,12,13,16
  28:17 29:5,6,7
  37:22 38:3,8,17
proceedings 1:10
  3:2 9:14 15:15
  22:13 41:21 42:4
  42:7
process 9:12,18
  11:8 17:3 22:3,4,4
  22:5,5,12 27:4,11
professional 41:19
prohibited 36:13
prohibits 27:12
promulgated 23:7
proof 19:6,19
proofs 19:4
proper 30:12
properly 36:22
  37:3
proposed 32:8
  37:10
proposition 10:1
  11:11,21 31:23
  35:17
provide 21:7 23:17
  26:9 39:16
provides 18:22
  19:2,18,21 28:4
  28:12 38:7 39:12
provision 19:24
provisions 37:18
public 12:20 29:19
purpose 25:10
pursuant 19:22
  32:23 33:5 41:8
pursuing 14:1,7

**Q**

quash 3:6,9 34:12
  34:17 38:16,24
  39:1,11 40:11
quashed 15:9 39:4
  40:12,21 41:5,7

quashing 12:15
  34:23 35:4
question 3:23 4:5
  6:16 7:24 11:16
  15:3,23 30:10
  35:6
questions 13:23
quite 21:19
quoted 19:23

**R**

rate 6:7
Raymond 1:7 4:8
reaction 28:1
read 3:5 6:22 9:11
  20:9 30:6 35:21
reading 8:11 37:11
reality 25:10
really 40:18
reason 14:11 15:2,3
  15:6
reasons 29:10
recall 3:16
recollection 30:22
record 17:20 18:1
  37:14
recourse 33:8,23
  37:8
red 25:15
reduce 15:5
reduced 14:4,10
  15:13
refer 19:12
reference 29:24
  37:2
referenced 30:23
referred 25:22
refers 7:13
registered 16:3,5
registration 17:10
relate 23:24
released 40:13,21
  41:9
releasing 12:16
relevant 23:23,24
reliance 8:6 22:10

relied 23:17
relief 26:10
relying 18:15 21:16
remains 33:8
remedies 16:23
remedy 35:8,10
reply 19:16,17
reported 2:23 42:3
Reporter 42:2,16
representation
  3:17
request 24:8 40:3
require 38:6
requirements
  37:18
requires 27:21
  34:20
Respectfully 24:2
respond 27:24
  36:16
respondent 1:8
  2:19 28:20
response 6:18,22
  8:10 17:18 24:11
  25:23 31:7 35:2
  36:18 40:2,4
responsive 30:7
result 9:5 33:20
reverse 7:9
right 3:5,11 24:24
  26:5,6 29:23
  36:20 41:1,14
road 2:4 37:24
RPR 2:23
rule 7:20 11:10
  20:6 28:4,10 29:9
  31:11
ruling 10:19 27:15
  35:7
run 13:1

**S**

sandwich 27:7,9
savings 40:7
saying 4:11 26:3,4
  37:1 40:8

says 5:20 9:11 19:6 21:4 25:4 26:13 28:6 36:23 37:21 38:14
scenario 8:7
schedule 28:23
search 31:20
second 9:8,19 24:8 25:12,17 27:11 30:23 37:5 38:21
Secondly 19:2
section 7:4 11:2,8 15:6,11,18,20,20 18:19,21 26:22,24 27:1,21 28:8 30:15 34:20
sections 18:16
see 5:2 29:15
seek 7:18 14:12,13 14:21 27:22 31:8
seeking 7:15 8:2,4 8:13,14 35:14
seeks 33:1
seen 5:22 25:21 26:1 39:20
sense 3:8 24:23
separate 13:21 22:5
series 15:6,22 16:1
SERINA 1:4
served 29:2 31:16 41:7
service 4:23 11:3
set 42:10
shorthand 42:2,4 42:16
show 7:21
shows 5:12
side 12:5,19
significant 29:14 29:14
simple 21:1
simply 17:5 21:20
sitting 16:20 29:15
situation 37:23
skimming 5:2

smart 6:23
smarter 5:18
snapshot 15:10
solely 25:9 26:11
somewhat 18:5
sorry 7:6 10:13 25:16
sort 9:18,18 10:6 33:11 39:24
sought 15:9
sounds 9:23
speak 8:9 38:4
speaking 17:21
special 28:6
specific 12:2 15:5 19:14 22:24 23:8 32:21 37:1,17 39:17
specifically 11:11 13:15 15:11 27:12 27:21 28:6,11 30:15 31:10
speedy 40:24
stamp 20:22 27:7
stand 12:14 15:7 40:14
standing 26:2
stands 11:21
started 18:9 37:24 38:17
state 4:22 12:20 35:19,24 42:2
statement 12:10
States 32:21
statute 7:9,12 8:6 8:11 9:7 32:21
STEEL 2:9
STEELE 3:16 5:6 6:1,3,5 8:9,21 9:1 12:3 14:11,15,21 16:3,9 17:13,17 24:6 35:3,16 38:22 40:4,22 41:10,17
stems 11:5
stenographic 42:8

stop 12:23
straight 5:18
Street 2:15
strike 10:4 33:4
strikes 31:7
strongest 7:2
strongly 6:12,13 12:20
subject 9:4,19 10:3 16:12,14 36:5 39:24
submit 23:9
submitted 19:23 38:14
Subsection 18:17 18:17
subsequent 13:19
substance 13:5,8
successive 27:13,23 31:10 36:14,17 37:5,10,16,19
suggested 33:7
suggesting 35:8
suggestion 22:9
Suite 2:4,15
sum 33:17
supplemental 22:5 22:15,19 37:21 38:2,17
supplementary 11:2,5 26:15
support 3:22 4:2,7 4:10,13 5:1 10:17 10:22 12:17,24 13:21 15:12,19 16:6 25:4,8 26:11 29:16,19 30:5,9 31:23 32:20,23 33:3,14 37:12
supported 4:3,20 31:5
supporting 12:21
supposed 4:1
Supreme 4:15 11:9 20:6 26:24 28:3 28:10 29:8

sure 5:23 6:1,2 26:22 27:17 32:7 33:15 35:3 40:17
surprise 30:2
SWERDLOVE 2:3
sworn 29:17 34:1
system 13:1

**T**
table 5:11
take 3:22 5:4 15:1 15:17 17:7 25:5 34:23
taken 42:8
takes 30:1
talk 20:14
talking 18:9 39:14
technicality 25:9
telling 5:24
TENNANT 2:14
terminated 39:5,6
terminating 34:24 35:4
terms 6:11 11:1
territory 34:7
test 8:12
Thank 18:2 29:23 38:22 41:18
thing 24:24 36:24
things 9:10 40:19
think 3:23 6:11,23 8:3,7,21 9:1 11:6 11:13,15,19 12:14 12:18,22,24 13:4 13:7,9,10,11 16:9 16:11,16,22 19:10 20:5 23:8,23 24:2 25:2,6,6,9,10,22 27:9,19 28:18 29:7,17,20,21 33:8 34:11,14,15 35:16 36:1,4,6,20 37:2,17,22 40:10 40:12,18 41:16
third-party 28:20 29:2

thorough 41:19
thought 5:13 25:18
thoughts 37:9
thousands 39:15
three 25:19
time 3:21 12:22 14:18 15:10 31:8 31:15 36:10
timing 41:4
title 20:21
today 3:20
today's 6:9 41:3,4
topical 23:5
transcribed 42:8
transcript 1:10 42:6
transferred 31:18
travesty 4:11
treat 32:18
trial 12:10
trouble 4:6
true 42:5
try 6:17 14:5,8,18 25:8 33:23
trying 14:3,4 29:16 31:21
turn 29:3
turned 24:12
turnover 8:22 22:9 28:17
twice 4:14
two 3:10 14:24 18:16 25:19 33:11
typically 39:20

**U**
U.S 32:13
uncharted 34:7
underlining 19:3
understand 9:21 14:19 21:11 23:20 23:21 30:7 31:13 32:9,17 33:19 35:8
understanding 21:12 39:10

2/10/2017

underway 38:18
undisputed 30:18
unfrozen 31:17
    39:24
United 32:21
upholding 17:9
use 23:21 24:12

**V**

v 11:19
vacated 18:8,10
    24:9,11,13 30:20
    31:3,6 34:3,19
valid 34:2,21,22
vs 12:7

**W**

walk 20:20 27:6
want 5:23 15:1
    18:1 21:22,23
    27:24 36:22 39:3
    41:11
wanted 23:1
wanting 24:24 25:1
wants 25:3 36:23
wasn't 40:17
way 32:8
ways 8:4
we've 5:11
weigh 34:5
went 4:15,16 25:7
weren't 9:3 16:19
whatsoever 21:13
WHEREOF 42:10
whole-life 40:5
wish 34:13 37:15
wished 17:22
withdrawing 39:15
WITNESS 42:10
Wolf 2:14,18 6:16
    6:22 9:22,22,23
    17:19 18:3 20:10
    20:14 21:16,19
    22:23 29:24 34:14
    36:19 37:14 38:23
    39:5,9 41:11,16

word 24:5 25:13
work 41:11
write 27:6
written 24:22
    38:14

**X**

**Y**

year 4:5
years 10:9,21 14:24
    33:22

**Z**

**0**

01:47PM 3:5,10,15
01:48PM 3:20 4:5
    4:10
01:49PM 4:15,20
    5:5,10
01:50PM 5:15,20
    6:5,10
01:51PM 6:15,20
    7:5,10
01:52PM 7:15,20
    8:5,10
01:53PM 8:15,20
    9:5,10
01:54PM 9:15,20
    10:5
01:55PM 10:10,15
    10:20 11:5,10
01:56PM 11:15,20
    12:5
01:57PM 12:10,15
    12:20
01:58PM 13:5,10
    13:15,20
01:59PM 14:5,10
    14:15
02:00PM 14:20
    15:5,10,15
02:01PM 15:20
    16:5,10
02:02PM 16:15,20

17:5
02:03PM 17:10,15
02:06PM 17:20
02:07PM 18:5,10
    18:15
02:08PM 18:20
    19:5
02:09PM 19:10,15
    19:20
02:10PM 20:5,10
    20:15,20
02:11PM 21:5,10
    21:15,20
02:12PM 22:5,10
02:13PM 22:15,20
    23:5
02:14PM 23:10,15
    23:20 24:5
02:15PM 24:10,15
    24:20 25:5
02:16PM 25:10,15
    25:20 26:5
02:17PM 26:10,15
    26:20
02:18PM 27:5,10
    27:15,20
02:19PM 28:5,10
    28:15,20
02:20PM 29:5,10
    29:15,20
02:21PM 30:5,10
02:22PM 30:15,20
    31:5
02:23PM 31:10,15
    31:20
02:24PM 32:5,10
    32:15
02:25PM 32:20
    33:5
02:26PM 33:10,15
    33:20
02:27PM 34:5,10
    34:15
02:28PM 34:20
    35:5,10
02:29PM 35:15,20

36:5,10
02:30PM 36:15,20
    37:5
02:31PM 37:10,15
    37:20
02:32PM 38:5,10
    38:15
02:33PM 38:20
    39:5,10
02:34PM 39:15,20
    40:5
02:35PM 40:10,15
    40:20
02:36PM 41:5,10
    41:15,20
04 1:6

**1**

1:47 1:12
10th 1:11
1402 11:2 26:24
    27:12,21 34:20
179 12:8
17th 42:11
1943 1:6
1999 32:16

**2**

2-1402 28:8
2-616 8:6 18:15
    19:21,22 20:2
    21:11,23,24 23:15
2-616(a) 22:23
2017 1:12 14:5
2018 42:12
2275 2:4
277 11:10,11 20:6
    20:10 21:8 26:24
    30:15 31:11 34:20
    37:17
291 11:20

**3**

300,000 26:9 31:16
304(b) 30:1
304(b)(4) 28:4,10

29:9
312-621-4394 2:6
312-739-0300 2:17
33 2:15 12:8
350 2:4

**4**

**5**

505(d) 13:22 15:6
    15:11,18

**6**

60015 2:5
60602 2:16
616 7:4 11:8 26:22
    27:1
616(a) 9:11 22:4,11
    22:15,22 25:14
    27:3
616(c) 25:13,14
619 10:3

**7**

700,000 5:9 26:8
7th 4:16,16

**8**

800 2:15
84-4693 2:24 42:1
    42:15

**9**

927 11:20