1    STATE OF ILLINOIS   )

2                 )   SS:

3    COUNTY OF L A K E   )

4        IN THE CIRCUIT COURT FOR THE NINETEENTH
        JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

5

6
   IN RE: THE MARRIAGE OF       )
7                         )
   SARINA ERVIN,            )
8                         )
               Petitioner,     )
9       and                  ) 04 D 1943
                        )
10   RAYMOND ERVIN,          )
              Respondent.    )
11   _____)

12

13          REPORT OF PROCEEDINGS had in the hearing

14   of the above-entitled matter before the HONORABLE

15   DANIEL JASICA, Judge of said Court, at 18 North

16   County Street, C-307, Waukegan, Illinois on the 11th

17   day of August 2017 at 2:10 PM.

18

19

20

21

22

23

24

25

1

2          BEERMANN PRITIKIN MIRABELLI SWERDLOVE LLP
            161 North Clark Street, Suite 2600
            Chicago, IL  60601

3          BY:  ENRICO J. MIRABELLI, ESQ.
                JONATHAN D. STEELE, ESQ.

4

5          on behalf of Petitioner

6

7          RAYMOND A. BOLDT
            Attorney at Law

8            209 East Park
            Mundelein, IL  60060

9

10         on behalf of Respondent

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  I have got the motion to stay

2     enforcement of the order.  I have a motion to

3     stay the citation and now a motion to continue

4     the citation.

5          MR. BOLDT:  Correct.

6          THE COURT:  All right.  Back on the

7     record.  Ervin versus Ervin 04 D 1943.

8          MR. BOLDT:  Raymond Boldt appears on

9     behalf of the Respondent Raymond Ervin.

10         MR. STEELE:  John Steele on behalf of

11    Sarina Ervin.

12         THE COURT:  Case comes before the Court on

13    several motions; one motion which is fully

14    briefed which is the motion to stay enforcement

15    of the Court's turnover order, I guess I will

16    call it.

17         MR. BOLDT:  Yes.

18         THE COURT:  There's also up for

19    presentment a motion to stay and quash the

20    citation to discover assets served on Mr. Ervin

21    as well as a motion to continue citation to

22    discover assets served on Mr. Ervin.

23         Anything else in front of us today?

24         MR. BOLDT:  No, Your Honor.

25         THE COURT:  All right.  So may be it makes

1    sense for us to take up the motion to stay
2    enforcement of the what I will call turnover
3    order first which that's fully briefed.  And
4    then we will take up the other motions that are
5    just up for presentment today.  Okay.
6         Mr. Boldt, that is your motion.
7         MR. BOLDT:  Yes.  It is, Your Honor.
8         Your Honor, just so we are clear my motion
9    to continue the hearing was set for asking for
10   hearing today, Judge, the one I filed today.
11        THE COURT:  Okay.
12        MR. BOLDT:  Sent to Counsel yesterday.  I
13   had informed Counsel prior in the week that I
14   would be filing that motion.
15        THE COURT:  Okay.
16        MR. BOLDT:  Your Honor, I will try and be
17   as quick as possible on the motion for stay.
18        First of all, Your Honor, my motion for
19   stay is brought under Supreme Court Rule
20   305(b).  This Court did not enter any judgment
21   in any way, shape or form.
22        It entered turnover orders on what I
23   continued to contest, Judge, is not a judgment
24   of this Court or any Court in Lake County as to
25   an arrearage in support.  I have raised what I

1    consider to be four significant issues in the
2    motion to rehear and reconsider, Your Honor.
3    I'll be brief in stating them again and that is
4    the basis for the motion to stay.
5        Number one.  The first significant issue
6    is whether or not the motion to vacate, rehear
7    or reconsider was filed more than 30 days past
8    the date.  It was my position and always has
9    been my position, Judge, that it was filed
10   within the 30 days.  That is based on the PNC
11   case, Judge.  I can provide the, I want to
12   provide the cite to that to the court reporter
13   in open Court, Judge.
14       It is a 2015 case out of the Second
15   District.  PNC Bank, N.A. versus Hoffmann, 394
16   Illinois Decision 680, 36 Northeastern 3rd, 971
17   Second District 2015.
18       That case stands for the proposition,
19   Judge, that under Supreme Court Rule 304(b)(4)
20   that until the person, judgment creditor is
21   entitled to receive the funds it is not a final
22   order.
23       There was no question that on April 12th
24   and April 19th the order became final because
25   the Court lifted the stay.  The motion was

1    filed within 30 days of both.  The other three
2    issues, Judge, are all issues under 1402.
3        The first issue being that there was no
4    signed document in the citation.  As I did in
5    my reply, Judge, and as Counsel is well aware
6    he issued a citation against Mr. Ervin my
7    client dated 7-7-17.
8        There was some discussion back and forth
9    when we argued the motion to reconsider and
10   vacate and rehear that it wasn't clear that the
11   signature line needed, was there or what it was
12   for.  And there's no question under 1402 there
13   must be a certification and a signature.
14       There wasn't on the citation that was used
15   on the three insurance companies on none of
16   them, Judge.  And my position was that the
17   citation is then void and it is void not merely
18   voidable but void, Judge.
19       And besides the most recent citation
20   issued by Counsel prior to that Sarina's
21   Counsel, not Mr. Steele, had issued citation
22   and in fact signed in the appropriate spot.
23       In addition, Judge, there as I stated
24   briefly, there is no judgment entered by this
25   Court.  And the last matter, Judge, is somewhat

1    nuanced and that is the fact that because 1402

2    does not allow this Court based on the contents

3    of 1402 to grab ahold of and effectively cause

4    a surrender of a whole life or any insurance

5    policy outside the terms and conditions of the

6    contract.  That was put forth by me in the

7    Thorlief Larsen case.

8         Again, Judge, for the record I would like

9    to cite it.  It's Thorlief Larsen.  S-E-N.

10   T-H-O-R-L-E-I-F and Son.  Case, Judge, with

11   Itasca Bank versus Thorlief Larsen, 352 Il App

12   3rd, 262, Second District 2004 case.

13        Where the court in that situation, the

14   Appellate Court says that 1401 or 1402 is an

15   exclusive statute meaning that if it is not

16   listed in there the Court can not order that

17   type of action to be taken.

18        I pointed out to the Court that after that

19   case was decided the Illinois Legislature

20   amended 1402 to allow the Court in a citation

21   proceeding to require an individual to cash in

22   or surrender a country club membership or even

23   a seat on a mercantile exchange, Your Honor.

24        And I also pointed out to the Court that

25   in that case the Appellate Court Second

1   District cited the case from the State of
2   Washington that had some powerful language that
3   says that the Court did not have the ability in
4   Washington under the definition of property
5   liable for execution to command enforcement or
6   obedience if it was not listed there.
7        In that case, Judge, recognized stock
8   options in a Boeing executive and they also
9   talked about the Fourth District case where an
10  individual judgment creditor sought to have a
11  judgment debtor keep a job log or seek
12  employment.
13       So, Judge, I believe that those four
14  significant issues should lead this Court to
15  the idea that a stay should be granted, Judge.
16       I have also and continue to cite to this
17  Court, Judge, the Schak versus Blom case.
18  S-C-H-A-K, B-L-O-M case.  334 Illinois 3rd,
19  129, a 2002 case.  Again, it is a First
20  District case, Judge, about the fact that if a
21  Court believes or thinks that an order may be
22  beyond.
23       THE COURT:  Are you objecting to
24  something?
25       MR. STEELE:  I just want to correct him.

1      I don't think he is doing it intentionally but

2      344 not 334.  And it is a Second District not a

3      First District.  At least that's what your

4      pleading says.

5           MR. BOLDT:  I am sorry.  I made have

6      miscited it.  I got 334, Il App 3rd, 129, First

7      District Third Division.  I apologize.  I am

8      sorry.  I apologize.

9           That if the Court finds that an order was

10     entered beyond its authority it has the

11     ability — and, Judge, this addresses

12     specifically the argument of Counsel — it

13     possesses the ability at any time, Judge, to

14     vacate that order that would be seen as void.

15          In fact it states the Court has a duty to

16     expunge those void orders and they are a

17     complete nullity from their inception.

18          So for these reasons, Judge, I am asking

19     that the Court grant the stay.

20          THE COURT:  So what I hear you saying is

21     because of the meritoriousness of your appeal I

22     should grant it.

23          Any response you want to make to what I

24     think is going to be your position?

25          That money that was ordered to be turned

1       over has been turned over and has been, you

2       know they are not holding it any more so it is

3       not, their relief that you are seeking isn't

4       what I can really grant.

5           MR. BOLDT:  Judge, as my reply states they

6       act at their own peril.  That's what happened

7       in Schak versus Blom.

8           The title company Illinois Guarantee Title

9       turned over 56,000 some odd dollars that they

10      should have not turned over.  And this Court,

11      the Schak Court effectively said not only are

12      you going to return the money that you

13      shouldn't have taken in the first place you are

14      going to pay interest on it and attorney's

15      fees.

16          So I understand that they support this

17      Court in the idea that the 30 days have run and

18      Mr. Steele spends a substantial portion of his

19      response arguing what he filed in the Appellate

20      Court which is a motion to dismiss the appeal

21      as being untimely.  I don't think any of that

22      has anything to do in this case, Judge, at this

23      time.  Once I filed the notice of appeal I

24      filed the motion for stay.

25          And if they decide to disburse the funds

1        they are just like in Schak versus Blom they

2        act at their own peril.  That's what they do.

3           I mean Counsel knows.  I don't want to.

4        Let me try that again, Judge.  Counsel is well

5        aware more so than I am and I mean Counsel, his

6        firm is more so aware of Mr. Ervin and his

7        position concerning what went on in Canada and

8        what subsequently has gone in on in the State

9        of Illinois.  So for them to say, well, I have

10       already disbursed the funds and you cannot stay

11       me from doing it again they act at their own

12       peril, Your Honor.

13           Their pleadings and their responses and

14       replies are replete with statements about how

15       Mr. Ervin is never going to let this go and

16       that he is going to continue to litigate and

17       want to have this Court make decisions on and

18       on and on.  So if they are going to take the

19       position that I have already disbursed the

20       funds then I guess the Court has to decide what

21       to do to fashion a remedy at that time.

22           I mean to presume that they are going to

23       win on appeal on a motion to strike it as being

24       untimely I wouldn't, I can't say what the

25       Appellate Court could do.  But if they lose

1       that motion and then because of the what I see
2       as meritorious claims the Appellate Court rules
3       in my client's position, on my client's
4       position favorably I don't think the Appellate
5       Court will take kindly to the idea, well, I
6       gave the money away there's nothing you can do
7       to me now or I have disbursed it all there is
8       nothing you can do to me now.
9           Because that's what happened in Schak.
10      And the Appellate Court says, yeah, you are
11      going to go back, you are going to pay them the
12      money, you are going to pay interest and
13      entertain attorney's fees.
14          THE COURT:  All right.  Thank you.
15          Mr. Steele.
16          MR. STEELE:  A couple of things.
17          First Your Honor indicated in the preface
18      of this that it was, you interpreted it to be a
19      motion to stay the turnover orders.
20          I was listening carefully because I was
21      trying to find out from Counsel what it is that
22      he is attempting to stay.  And his prayer for
23      relief on the motion offers little to no
24      guidance to find a sufficient basis for a stay,
25      issue a stay, require no bond for a stay; in

1          the alternative grant a stay and set a bond.

2              A stay of what?  Is he trying to stay the

3          turnover orders that were entered in March?

4              Is he trying to stay the June 2nd order

5          that's the basis of his appeal?  I don't know.

6          I don't know how Your Honor would know.

7              The only thing that is remotely relevant

8          to a motion for stay within the motion to stay

9          is paragraph 28 that says Raymond Ervin seeks

10         to have this Court issue a stay as to

11         distributions of funds for the reasons stated

12         above.

13             The rest of his motion is what I am

14         interpreting to be an attempt to do a

15         bystanders report after he already attempted to

16         do a bystanders report.  So it's just remaking

17         the same arguments or allegedly the same

18         arguments that have already been made to this

19         Court, none of which support why a stay should

20         be granted.  So I am at a loss to understand

21         what it is that he is seeking to stay.

22             Is he trying to stay the June 2nd order

23         that says that the funds that our firm was

24         holding can be disbursed without delay?  Is he

25         trying to stay the turnover order?  Counsel.

1       THE COURT:  Yeah.  I am not sure if he is

2       asking to have the money come back to your firm

3       for you to hold or if he is asking for the

4       money to go back to his client.  But he will

5       have a reply.  So I am sure he will clarify

6       that for us.

7          MR. STEELE:  All right.  So I was at a bit

8       of a loss to understand that myself.

9          I hear from Counsel that the turnover

10      order was not filed.  And he cites to the PNC

11      case.  I am confused by that statement because

12      Counsel filed on May 12th a motion to

13      reconsider; and in paragraph four he states a

14      turnover order is a final and appealable order.

15         I'm a little confused by the talking out

16      of both sides of Counsel's mouth here.

17         I also hear from Counsel that he is

18      proceeding under Rule 305(b).  And when I said

19      in my response that I didn't know which rule he

20      was proceeding under that was a genuine

21      statement despite him saying it was

22      disingenuous.

23         I sent Counsel an email and a fax asking

24      what rule are you proceeding under before my

25      response was due.  Counsel sends me a letter on

1    July 19th acknowledging my request and saying I

2    will provide you my response as soon as I am

3    able to do so.  So he didn't tell me what rule

4    he was proceeding under; then on July 28th

5    finally sends me a letter saying I am

6    proceeding under Rule 305(b)

7        For the purposes of my response I took

8    both as possible.  My position is, back up and

9    get a little bit of background.  As you know

10   the turnover orders were entered on March 15th

11   of 2017.

12       The case law is clear and Counsel has

13   admitted in his motion to reconsider those that

14   turnover orders were final and appealable upon

15   their entry.  About two months later Counsel

16   files this motion to reconsider those turnover

17   orders which he brings pursuant to Section 1203

18   of the Code of Civil Procedure.

19       Section 1203(a) specifically allows for

20   the challenge of the judgment.  He uses the

21   word judgment three times.  So Counsel when he

22   filed his motion to reconsider, vacate and

23   rehear the turnover orders under Rule 1203 is

24   conceding that the orders that he seeking to

25   challenge are in fact judgment.  Now as he

1    stands here today he wants to say those were

2    not judgments; those were just other appealable

3    orders so I am under 305(b)

4          He can't have it both ways.  Either they

5    are judgments and your 1203 motion was proper

6    albeit untimely; or there are other orders and

7    your 1203 motion was not proper and also

8    untimely.

9          I suggested the former; that these are in

10   fact judgments.  And Counsel I believe

11   disingenuously argues to the Court that these

12   aren't in fact judgments.

13         I am going to tender a copy of one of the

14   three turnover orders that was entered and

15   direct the Court's attention to paragraph three

16   which states that a judgment in the sum of

17   $93,906.31 is hereby entered against Lincoln

18   Financial Group and in favor of Raymond Ervin

19   for the use of Sarina Ervin.

20         To say that that's not a judgment lacks

21   any basis in law or in fact.  To have a money

22   judgment it has to say a judgment is entered

23   for a specific dollar amount in favor of a

24   specific person and against a specific person.

25         And I cited to a case in my response for

1    that proposition.  These are very clearly
2    judgments.  And the distinction between 305(a)
3    and 305(b) is more than academic.

4         Because under 305(a) had Counsel tried to
5    stay the entry of the turnover order he was
6    required to file his motion for stay within the
7    time for filing his notice of appeal and to
8    have posted a bond.  He didn't do that.

9         Even if he were correct about when the
10   notice of appeal was due and it was in fact due
11   within 30 days of June 2nd, July; that's not
12   the date.  His motion for stay would have
13   needed to be filed within 30 days of the
14   June 2nd order.  And it wasn't.  It was filed
15   on July 7th.  So it would be untimely.

16        It would also be defective in that it was
17   not accompanied by a bond.  Counsel argues to
18   Your Honor that the argument that I make about
19   the untimeliness of the appeal have no place in
20   this Court, and I disagree to some extent.

21        The reason that I disagree is that the
22   purpose of a motion for stay is to preserve the
23   fruits of a meritorious appeal.  So to the
24   extent Counsel had filed a motion to reconsider
25   timely and then a notice of appeal timely

1  Counsel and I could disagree about whether or
2  not there was merits to his claim.  But when
3  Counsel blew both of the deadlines for the
4  motion to reconsider and the notice of appeal I
5  don't believe that there's any good faith
6  argument there's any merit whatsoever to this
7  appeal.
8      And I don't know whether Your Honor was
9  aware, but I am sure you heard Counsel say we
10 did file a motion to dismiss the appeal.  To me
11 there can be no argument that there is merit
12 because a notice of appeal under Rule 301 is
13 jurisdictional.  The rest of the deadlines are
14 not.
15     So when you blow the filing date on a
16 notice of appeal you are out of the
17 jurisdiction to the Appellate Court.
18     The problem that I see with, well, one of
19 problems that I see with his application for a
20 stay today is that, and Your Honor guessed what
21 I was going to argue rather well.  And perhaps
22 it was because it was in my response that you
23 can't put the toothpaste back in the tube so to
24 speak.
25     In this case or generally speaking what a

1     stay is, is — I am going to use the colloquial

2     phrase of — you are pushing a pause button;

3     you are stopping the enforcement of something

4     pending something else.

5          So what I read this to say is to the

6     extent he wants to stop the enforcement of the

7     turnover orders and you are correct about that

8     that horse has left the barn; you cannot stop

9     it because it's already happened.

10         To the extent what he is actually seeking

11    is to first hit the rewind button, go back in

12    time and then hit the pause button Your Honor

13    doesn't have the jurisdiction to do that any

14    more.  Those orders that he wants to rewind

15    back to are on appeal.

16         So even if Your Honor agreed with Counsel

17    and you wanted to say, okay, get the money back

18    from your client, hold it in escrow that would

19    be a modification of the Court's orders and

20    Your Honor can not modify those orders because

21    they are on appeal.

22         Now assuming for the sake of argument —

23    and I think it's a misguided argument — but

24    that 305(b) was applicable and that these

25    somehow weren't judgments despite the judicial

1     admission by filing a 1203 motion that only

2     applies to judgments attacking those judgments

3     and the very clear language in the turnover

4     order that it is in fact a judgment 305(b)

5     still does not avail Mr. Ervin of the relief he

6     is seeking from this Court.  The reason being

7     the similar reasons to why it doesn't apply to

8     305(a) other than the lack of the posting of

9     the bond and the lack of filing notice of

10    appeal within the same time period as the

11    motion for stay that it was untimely that it

12    lacks any semblance of merit.

13         And finally, while I personally don't

14    think it could be any clearer that there is no

15    basis to enter a stay I think Raymond is not

16    without avenue to seek the relief he is

17    requesting.

18         To the extent Your Honor denies the motion

19    and says, I can't undue what the June 2nd or

20    the turnover order allows, I can't undue what

21    those allowed for because they are on appeal he

22    can go to the Appellate Court under Rule 305(b)

23    with his motion for stay.  And I respectfully

24    suggest.

25         THE COURT:  But he first has to come here;

1    doesn't he?

2        MR. STEELE:   In the first instance he

3    needs to come to the trial Court unless he can

4    show to the Appellate Court that it would be

5    impractical I believe is the language.

6        But I think it would be more appropriate

7    for him to go in front of the Appellate Court

8    and say, I am in need of a stay.  Because the

9    Appellate Court correctly stated by Mr. Boldt

10   is the one that's going to be ruling on the

11   motion to dismiss.

12       So I think they should have both motions

13   in front of them at the same time.  To the

14   extent they find that his deadline for filing

15   the appeal passed they grant the motion to

16   dismiss there goes his motion for stay.

17       To the extent they say we are going to

18   take your motion with the case may be they will

19   grant you stay, may be they will say your

20   motion was untimely, maybe they will say you

21   didn't find a bond.

22       In any event, I think the only Court that

23   should even be entertaining the request is the

24   Appellate Court because for the reasons I have

25   stated you cannot go back and modify the orders

1    that allowed us to disburse the funds.

2         So for those reasons I am asking that the

3    motion for stay be denied.

4         THE COURT:  Thank you.  You get the last

5    word.

6         MR. BOLDT:  Thank you, Judge.

7         First of all, I am going to point out to

8    this Court that Counsel admitted that a stay is

9    a pause or stopping the enforcement of a Court

10   order.  This April, Court's April 12, 2017

11   order as to two of the three Third-Party

12   citations in paragraph two authored by Counsel

13   the stay of the turnover orders against Penn

14   Mutual and Lincoln Financial Group is lifted.

15        So Counsel admits it was stayed.  It was

16   stopped.  It was no enforcement.  No money

17   being turned over.  So his whole argument as to

18   the 30 days crashes in on himself by his own

19   words because that is what he has done.

20        He has admitted on the record that a stay

21   is a pause or a stopping of enforcement.  He

22   has admitted that the earlier orders were

23   stopped by this Court.

24        And it plays it right in to the PNC Bank

25   case and says and I quote, an order in a 2-1402

1    proceeding is said to be final when the

2    citation Petitioner is in a position to collect

3    against the judgment debtor or a Third-Party or

4    the citation Petitioner has been ultimately

5    foreclosed from doing so.

6         Counsel by his own admission first on

7    April 12th then on April 19th had the final

8    order at that time.  To argue otherwise when

9    this Court entered a stay and he admits it is a

10   pause and a stopping of enforcement is where I

11   come up with the words disingenuous, Your

12   Honor.  Because Counsel is well aware of the

13   PNC case.  He has not cited any other case that

14   says when you enter the turnover order even if

15   it's stayed it's a final and appealable order

16   at that time.

17        Now a 1203 judgment, Judge, Counsel seems

18   to try and equate that with everything.  It's

19   any judgment.  It's not just a money judgment,

20   Judge.  It's any judgment.

21        And what I am putting forth about the

22   failure to have a judgment is again recited in

23   the Schak case where it says that citation

24   proceedings may only be initiated after the

25   Circuit Court enters a judgment.  Counsel in

1      his most recent citation has attached two

2      documents to my client's citation; the order in

3      Ontario, Canada, the Province, and the order

4      here of Judge Geiger in Rolling Meadows.  He

5      has no other judgment; no number judgment.

6      So a citation proceedings as my argument

7      goes forth has a meritorious claim and will be

8      placed in front of the Appellate Court is he

9      didn't have a judgment.  How can he have a

10     citation?

11     The turnover order and all the orders

12     afterwards again are nullities.  They are void.

13     That's the meritorious claim.

14     And Counsel correctly points out that I

15     have to set forth facts of a meritorious

16     appeal.  I pointed those out to the Court at

17     this point in time.  I think this Court under

18     Schak and under the law for the stay has every

19     ability to quote undue or modify its orders.

20     For Counsel to sit here and say because we

21     have disbursed the funds there's nothing you

22     can do, Judge.  Really.  If that's the way it

23     works then everybody who gets a judgment and

24     may collect from any source or even collect

25     from the judgment debtor and says, sorry, we

1      spent the money.  Oh, Judge, you decided to

2      reconsider your judgment or you have been

3      brought something to your attention that would

4      have you vacate a portion or all of that

5      judgment order or an amount of that and then to

6      say, sorry, we already took the money and spent

7      it or gave it away.  I don't think that Counsel

8      means that type of argument in any way, shape

9      or form.

10          So I am asking the Court to set a stay or

11     issue a stay, asking the Court; there is no

12     judgment so there should be no bond.  Because

13     under 503(a) they are talking about a monetary

14     judgment entered by a Court whether it's a

15     Judge or a jury that's when you have to do

16     something along those lines and file the motion

17     simultaneously and post a bond.

18          I am not seeking the Court to do that.

19     This Court did not enter any monetary judgment.

20          I am seeking the Court to keep the parties

21     in the status quo that existed at the time of

22     the filing or should have existed at the time

23     of the filing of the motion to reconsider and

24     rehear within 30 days.

25          Thank you, Your Honor.

```
1              THE COURT:  All right.  Thank you.  I am
2         going to deny the motion to stay.
3              You know that there is several other
4         motions that are up today.  And I guess I have
5         not read either of them to be honest with you.
6         But I see there is a motion to stay the ongoing
7         citation and a motion to continue the hearing.
8              MR. BOLDT:  My motion to stay or in the
9         alternative to quash was set for presentation
10        today.  I don't know if Counsel wants time to
11        respond to that.
12             MR. STEELE:  Assuming I waive response
13        time will Your Honor hear that today?
14             THE COURT:  Sure.  I will read it.  And
15        yes, I plan to hear it.
16             Now what about the motion to continue?
17        Are they in the alternative?
18             MR. BOLDT:  Judge, first of all as to the
19        motion to stay and/or quash Counsel made that
20        offer to me.  I said, no thank you, if you want
21        to waive it we will waive it in an order.
22             I wish to reserve a date for hearing on
23        that and present case law appropriate to the
24        Court.  So my motion to stay or in the
25        alternative to quash the current citation dated
```

1          7-7 I would like to set a hearing date on and

2          be permitted time to present any and all brief

3          memorandum of law to the Court.

4               MR. STEELE:  There is not a single case

5          cited in this motion.

6               MR. BOLDT:  There isn't.

7               MR. STEELE:  So.

8               THE COURT:  Well, all right.  Well, if I

9          was to set a briefing schedule I would give him

10         an opportunity to respond, and then I would set

11         it or give you time to reply and set it for

12         hearing.

13              MR. BOLDT:  If he wishes to waive.

14              THE COURT:  If he is not going to file a

15         response then obviously I would not give you an

16         opportunity to file a reply.

17              The only opportunity you would have is I

18         suppose in accordance with the local rules if

19         there was some case that you anticipate citing

20         at the hearing that is not in your brief you

21         would have to give me and opposing Counsel the

22         citations.

23              MR. BOLDT:  Correct, Judge.

24              MR. STEELE:  Judge, can I just clarify one

25         thing?  The only way I was going to waive

1     response time would be if we could argue it

2     right now.  If you enter and entertain his

3     request to set it out and delay more I will

4     respond.  I just wanted to be able to get rid

5     of it today, but Counsel says I am not prepared

6     to proceed on my own motion.  To the extent you

7     want to give him time to supplement it or

8     provide cases I will respond.  I will file a

9     response.

10     I think it could be dealt with today.  I

11     don't think we should continue wasting the

12     Court's time coming back repeatedly but that

13     will be up to Your Honor.  If you are going to

14     set it for a hearing date.

15     THE COURT:  All right.  So you are not

16     prepared to argue today.  You filed it today

17     but you are not prepared to argue it.

18     MR. BOLDT:  No.  I filed it on the 9th,

19     Judge.

20     THE COURT:  But your motion to continue

21     the citation you are ready to argue today?

22     MR. BOLDT:  I am ready to argue today,

23     Judge.  And I will be blunt.  The reason I am

24     ready to argue that is because my client has a

25     medical issue that prevents him from being here

```
 1      today.  And I just received the note from the
 2      doctor yesterday by fax from my client.  It is
 3      attached to the document and it's dated
 4      8-10-17.  And that's why I have to be prepared
 5      to argue it today, Judge.
 6          MR. STEELE:  Can I respond to that motion
 7      then if we are arguing it?  Is that the
 8      argument?
 9          THE COURT:  Yes.  I guess we are arguing
10      today so that's.  Anything else you want to say
11      in support of your motion to continue the
12      citation hearing?
13          MR. BOLDT:  Just for the Court to review
14      my client's affidavit and the statement of his
15      position that indicates that as well as his
16      affidavit that indicates that he has a medical
17      condition that causes him to bleed from the
18      nose and the mouth, Judge, and that he is, it
19      says he cannot participate — I'm reading the
20      best I can the doctor's script — in actions
21      that will raise his stress level and, I can't
22      read that word, something his health.
23          THE COURT:  Let me read the affidavit in
24      support.
25          (Brief Interruption)
```

1          THE COURT:  All right.  Do you wish to

2     respond to the motion to continue the citation

3     hearing?

4          MR. STEELE:  I do.

5          THE COURT:  Okay.

6          MR. STEELE:  At the last Court appearance

7     I asked Your Honor to order Mr. Ervin to be

8     here.  I did that because I had a suspicion

9     that he wouldn't be here.

10          And that's suspicion is based upon the

11     fact that when we initially issued citations to

12     Mr. Ervin and Mr. Ervin's wife Mr. Ervin's wife

13     contacted our firm and said health issues, will

14     you continue this out for a period of time.

15          And we said sure provided that the stay

16     on, the freeze on the assets remains in effect

17     and we are not staying, not not proceeding on

18     the Third-Party citation.  All of a sudden the

19     medical issue goes away.

20          So I don't mean to doubt Mr. Ervin.  I

21     have never met Mr. Ervin.  But I had a little

22     bit of a suspicion that this was convenient

23     timing.

24          Now I read the motion, and I don't frankly

25     understand the basis.  Is it the mother or is

1      it the person?

2           THE COURT:  The mother-in-law or him.  I

3      don't get it.

4           MR. STEELE:  So if it's the mother and he

5      had to go travel it's negating himself by

6      saying I can't travel.  And if it's him and

7      it's because he is bleeding from the nose and

8      he cannot travel neither one of those are

9      stated in this doctor's note.

10          I was going to object to it being hearsay.

11     But I actually kind of like something that's

12     stated in there about he can't engage in any,

13     participant in activities that will raise his

14     stress levels.  If I could subscribe to that

15     same doctor.

16          THE COURT:  Sign me up.

17          MR. STEELE:  I am not coming to work any

18     more.  I am not doing anything any more.  I am

19     not even going to the gym anymore.

20          You cannot enforce this judgment because

21     it's going to raise my stress level.  How is

22     that a basis to come before the Court when

23     there is an order entered?

24          Now when I asked for an order that he be

25     ordered to appear Your Honor said no; it's

1    superfluous because the citation orders him to

2    appear and if he is not present on the 11th I

3    will issue a rule to show cause for him to show

4    cause why he is not present.

5        So you know I don't take lightly to

6    objecting to motions to continue based on

7    health issues.  And Counsel says I refused to

8    extend him professional courtesy.

9        But professional courtesy to me is if

10   Counsel had an issue.  If Counsel had a medical

11   issue or any other issue or any travel plans I

12   would have said absolutely no problem.

13       THE COURT:  Or I can't be there this

14   Friday but we will be there next Wednesday or

15   something along those lines; not, well, I am

16   suffering from chronic pain so until my doctor

17   releases me I am not going to be showing up.

18   Yes.  I am troubled by that.

19       MR. STEELE:  So I have an issue with how I

20   am supposed to accomodate or extend

21   professional courtesy.  To the extent I am

22   going to argue past the substantive issues and

23   argue a little bit of the procedural ones

24   because I like those things.

25       Supreme Court Rule 231 which he says he is

1        bringing this pursuant to in paragraph 12 deals

2        with the absence of material evidence and has

3        to be supported by an affidavit that says if I

4        was given a continuance I could obtain material

5        evidence.  Then he cites to Rule 183 which

6        allows you for an extension of time more so

7        applicable to filing deadlines.  And then he

8        cites to 1007.  1007 of the Code of Procedure I

9        would concede is broad enough to encompass a

10       motion to continue something like today.

11            But the reason that I focus on that one as

12       opposed to the other two rules is that rule,

13       that statute allows for the Court to fashion

14       any circumstances that it deems just in the

15       conditioning of the grant of a continuance.

16            So first I would suggest that there is no

17       basis to continue the citation hearing.  I

18       would suggest that Mr. Ervin, Judge, should

19       have been here today based on the citation that

20       was personally served on him and that a rule to

21       show cause should issue.

22            To the extent Your Honor says, I am

23       troubled by the bleeding from the nose; it's

24       not attested to in the doctor's note or some

25       other conditions I think that the terms that

1      are just need to be fashioned in such a way

2      that it is not just I am continuing this

3      indefinitely because you have chronic pain.

4           There is a judgment.  I know Counsel

5      disagrees with that.  There is a substantial

6      amount of money that's owed.  If avoiding

7      stress was enough of an excuse I don't think

8      there would be anybody in your courtroom ever.

9           So for those reasons I think the motion to

10     continue the citation hearing should be denied.

11          I think that Your Honor should issue a

12     rule to show cause, and Mr. Ervin should appear

13     and demonstrate to your Your Honor in person

14     why he wasn't here today.

15          And frankly, I think it's disrespectful of

16     Mr. Ervin to not appear in front of Your Honor.

17          THE COURT:  So I guess that's my question,

18     Mr. Boldt.  Hypothetically, if I was inclined

19     to grant the continuance it would not be some

20     open ended until your doctor clears you.  It's

21     going to be to a date certain at Mr. Steele's

22     choosing.

23          MR. BOLDT:  Again, Judge, I don't know.

24          I received it yesterday.  As far as the

25     argument concerning the fact that stress would

1       eliminate everyone in the courtroom, Judge. I

2       have been through this before with a client

3       whose doctor says don't bring him to Court,

4       don't put him under stress; similar type

5       symptoms, bleeding from the nose and ears, high

6       blood pressure and laugh, laugh, chuckle,

7       chuckle by the other attorney and the Judge

8       because everybody is under stress in Court.

9           And that gentleman now has no vision out

10      of one eye and cannot drive and is basically

11      home bound because at the time we were sitting

12      in the courtroom his blood pressure medication

13      literally had him pass out in Court. It was

14      200 over 100.

15          I don't know what Mr. Ervin's current

16      condition is. What I will tell the Court is

17      and what I had anticipated doing until

18      yesterday receiving the note from the doctor is

19      that Mr. Ervin was going to be out of town. He

20      was going to be in Youngstown, Ohio. That he

21      had planned to be traveling to take care of his

22      mother.

23          The reason he is not traveling is because

24      of the doctor's note and the doctor says you

25      will not get in the car. So I had let Counsel

1    know that I would be filing the motion.  And to
2    be honest with you I had dictated the motion
3    and the affidavit and everything changed
4    yesterday after four o'clock in the afternoon
5    when I got the documents.  That's the truth.
6    That's what happened.
7         Otherwise he would have been out of town
8    caring for his mother with the second degree
9    burns in Youngstown, Ohio as he did when she
10   broke her leg.  Again, I don't know the nature
11   and extent of what is going on.
12        I can tell the Court that my client
13   asserted to me that the bleeding began on
14   Tuesday, the 8th, got worse on the 9th and he
15   was able to obtain a doctor's appointment on
16   the 10th.  That's all I can tell the Court at
17   this point in time.
18        And that I had been alerted by my client
19   on I believe the 7th after he received the
20   phone call about his mother that he was going
21   to have to be out of town and to get ready to
22   prepare the documents and he would be back in
23   touch with me.  And I spoke and I think it was
24   Wednesday, the 9th and then the 10th things
25   changed.  That's where I'm at, Judge.

1          THE COURT:  All right.  I am going to

2     grant the continuance to a date certain.

3          When would you like that date certain, Mr.

4     Steele?

5          MR. STEELE:  Well, I will give you the

6     specific date in just a second.  I would like

7     it to be the same date that the motion to

8     quash, stay, whatever verbs Counsel just used

9     in his motion; that they be heard on the same

10    day because I would just like to minimize the

11    fees in coming out here multiple times.  So I

12    would like to be able to dispense with the

13    motion to quash and then.

14         THE COURT:  And proceed with the motion.

15         Yeay.  We are not going to do something

16    where the motion quash is denied.  Well, he

17    wasn't here because he thought the motion to

18    quash might be granted.  And, therefore, now we

19    have to come back on another day so.

20         MR. STEELE:  Right.  Then at one point I

21    advised Counsel that I was intending to proceed

22    on the citation.  And Counsel said, I am going

23    to ask for time to respond.

24         I have never heard of responding to a

25    citation.  I have never heard of that being

```
1     requested.
2             THE COURT:  Well, he could file a motion
3     to quash.
4             MR. BOLDT:  And that's what I did, Judge.
5             THE COURT:  All right.
6             MR. STEELE:  What I interpreted that to
7     mean is I want to respond to the citation
8     meaning.
9             THE COURT:  Documents.
10            MR. STEELE:  So what I don't want to
11    happen is to show up on the next date, argue
12    the motion to quash and then have Counsel say I
13    want to respond in writing to the citation.
14            If the motion to quash is denied on
15    whatever date Your Honor said I want to proceed
16    right to the citation examination.
17            THE COURT:  No.  And I understand that.
18            I think that's reasonable and I agree.  I
19    guess.  I have read your motion.  I guess
20    unless you are asking for leave to file a
21    supplement or an amended motion I am prepared
22    to hear it today.
23            MR. STEELE:  I am prepared to argue today.
24    I think it's colaterally estopped.
25            THE COURT:  Unless you are saying you want
```

1     to file an amended motion.  You are asking for

2     leave to file an amended motion.

3          MR. BOLDT:  You mean the motion to quash

4     or stay?

5          THE COURT:  Motion to quash or stay.  Yes.

6     Then I would be prepared to hear it today.

7          MR. BOLDT:  I would like based on the

8     Court's reading the motion obviously I guess I

9     will ask leave to amend.

10          THE COURT:  All right.  I will give you

11     seven days to filed an amended motion to stay

12     or quash.

13          How much time would you like to respond to

14     it?

15          MR. STEELE:  Can I respond just to the

16     request to amend it?

17          As you may recall at prior hearings I

18     requested leave to amend the citation.  There

19     was vehement objection to that saying a

20     citation is not a pleading and therefore cannot

21     be amended.  This is a motion.  This is not a

22     pleading.

23          Under the Southerland case and under the

24     In Re the Marriage of Wolf case motions are not

25     pleadings.  And by the same logic that has been

```
 1      thrown at me how can a motion be amended?
 2             MR. BOLDT:  There is a difference, Judge.
 3      There is a case on point that says citations
 4      can be amended.
 5             THE COURT:  Right.  All right.  So leave
 6      is granted to file an amended motion to stay or
 7      quash within the next seven days.
 8             How much time would you like to respond to
 9      it?
10             MR. STEELE:  Seven days.
11             THE COURT:  Seven days.  So that puts us
12      at August 25th.  So September 1st for hearing
13      on the motion.
14             MR. STEELE:  I am here on September 8th
15      anyway.
16             THE COURT:  Okay.  That's fine.  Then I
17      will give you; then, Mr. Boldt, you can have a
18      week for a reply.
19             MR. BOLDT:  Sure.
20             THE COURT:  September 1st.  September 8th
21      leave for the hearing on the motion, the
22      amended motion to stay or quash.  If there is
23      no amended motion filed then it will be the
24      hearing on the original motion to stay or
25      quash.  And then the citation is continued to
```

1    September 8th at -- are we doing 1:30?

2         MR. STEELE:  That should be fine.

3         THE COURT:  1:30.  But if the motion is

4    denied we are going to go right into the

5    citation hearing so Mr. Ervin is ordered to be

6    here on that day.

7         MR. STEELE:  Can we also say in today's

8    order that the freeze on his assets continues

9    until the citation is heard?

10        That's the same language that was in the

11   last order.  I would just like that to be

12   continued until the examination.

13        THE COURT:  Yes.  I think it's the

14   citation lien I think remains in full force and

15   effect.  Anything else?  Thank you.

16        (Proceedings concluded at 2:55 PM)

17

18

19

20

21

22

23

24

25

1    STATE OF ILLINOIS   )

2                        ) SS:
     COUNTY OF L A K E   )
3

4           I, Debra L. Zeit, do hereby certify that I

5    am a Court Reporter doing business in the County of

6    Lake and State of Illinois; that I reported by means

7    of machine shorthand the testimony given at the

8    foregoing Report of Proceedings, and that the

9    foregoing is a true and correct transcript of my

10   shorthand notes so taken as aforesaid.

11

12

13
                         _____
14                       DEBRA L. ZEIT, CSR
                         Lake County, IL
15                       CSR License No. 084-003456

16

17

18

19

20

21

22

23

24

25

$93,906.31 [1] 16/17

**0**

003456 [1] 42/15
04 [2] 1/9 3/7
084-003456 [1] 42/15

**1**

100 [1] 35/14
1007 [2] 33/8 33/8
10th [2] 36/16 36/24
11th [1] 1/16 32/2
12 [2] 22/10 33/1
1203 [7] 15/17 15/19 15/23 16/5 16/7 20/1 23/17
129 [2] 8/19 9/6
12th [3] 5/23 14/12 23/7
1401 [1] 7/14
1402 [7] 6/2 6/12 7/1 7/3 7/14 7/20 22/25
15th [1] 15/10
161 [1] 2/2
17 [2] 6/7 29/4
18 [1] 1/15
183 [1] 33/5
1943 [2] 1/9 3/7
19th [3] 5/24 15/1 23/7
1:30 [2] 41/1 41/3
1st [2] 40/12 40/20

**2**

2-1402 [1] 22/25
200 [1] 35/14
2002 [1] 8/19
2004 [1] 7/12
2015 [2] 5/14 5/17
2017 [3] 1/17 15/11 22/10
209 [1] 2/8
231 [1] 32/25
25th [1] 40/12
2600 [1] 2/2
262 [1] 7/12
28 [1] 13/9
28th [1] 15/4
2:10 [1] 1/17
2:55 [1] 41/16
2nd [5] 13/4 13/22 17/11 17/14 20/19

**3**

30 [8] 5/7 5/10 6/1 10/17 17/11 17/13 22/18 25/24
301 [1] 18/12
304 [1] 5/19
305 [11] 4/20 14/18 15/6 16/3 17/2 17/3 17/4 19/24 20/4 20/8 20/22
307 [1] 1/16
334 [3] 8/18 9/2 9/6
344 [1] 9/2
352 [1] 7/11
36 [1] 5/16
394 [1] 5/15
3rd [4] 5/16 7/12 8/18 9/6

**5**

503 [1] 25/13
56,000 [1] 10/9

**6**

60060 [1] 2/8
60601 [1] 2/2
680 [1] 5/16

**7**

7-7 [1] 27/1
7-7-17 [1] 6/7
7th [2] 17/15 36/19

**8**

8-10-17 [1] 29/4
8th [4] 36/14 40/14 40/20 41/1

**9**

971 [1] 5/16
9th [3] 28/18 36/14 36/24

**A**

ability [4] 8/3 9/11 9/13 24/19
able [4] 15/3 28/4 36/15 37/12
about [13] 8/9 8/20 11/14 15/15 17/9 17/18 18/1 19/7 23/21 25/13 26/16 31/12 36/20
above [2] 1/14 13/12
above-entitled [1] 1/14
absence [1] 33/2
absolutely [1] 32/12
academic [1] 17/3
accomodate [1] 32/20
accompanied [1] 17/17
accordance [1] 27/18
acknowledging [1] 15/1
act [3] 10/6 11/2 11/11
action [1] 7/17
actions [1] 29/20
activities [1] 31/13
actually [2] 19/10 31/11
addition [1] 6/23
addresses [1] 20/1 23/6
admission [2] 20/1 23/6
admits [2] 22/15 23/9
admitted [4] 15/13 22/8 22/20 22/22
advised [1] 37/21
affidavit [5] 29/14 29/16 29/23 33/3 36/3
aforesaid [1] 42/10
after [5] 7/18 13/15 23/24 36/4 36/19
afternoon [1] 36/4
afterwards [1] 24/12
again [9] 5/3 7/8 8/19 11/4 11/11 23/22 24/12 34/23 36/10
against [3] 6/6 16/17 16/24 22/13 23/3
agree [1] 38/18
agreed [1] 19/16
ahold [1] 7/3
albeit [1] 16/6
alerted [1] 36/18
all [22] 3/6 3/25 4/18 6/2 12/7 12/14 14/7 22/7 24/11 25/4 26/1 26/18 27/2 27/8 28/15 30/1 30/18 36/16 37/1 38/5 39/10 40/5
allegedly [1] 13/17
allow [2] 7/2 7/20
allowed [2] 20/21 22/1
allows [4] 15/19 20/20 33/6 33/13
along [2] 25/16 32/15
already [6] 11/10 11/19 13/15 13/18 19/9 25/6
also [6] 3/18 7/24 8/8 8/16 14/17 16/7 17/16 41/7
alternative [4] 13/1 26/9 26/17 26/25
always [1] 5/8
am [42] 9/5 9/7 9/18 11/5 13/13 13/20 14/1 14/5 14/11 15/2 15/5 16/3 16/13 18/9 19/1 21/8 22/2 22/7 23/21 25/10 25/20 26/1 28/5 28/22 28/23 31/17 31/18 31/18 32/15 32/17 32/18 32/20 32/21 33/22 34/2 37/1 37/22 38/21 38/23 40/14 42/5
amend [3] 39/9 39/16 39/18
amended [11] 7/20 38/21 39/1 39/2 39/11

amount [3] 16/23 25/5 34/6
and/or [1] 26/19
another [1] 37/19
anticipate [1] 27/19
anticipated [1] 35/17
any [28] 4/20 4/21 4/24 7/4 9/13 9/23 10/2 10/21 16/21 18/5 18/6 19/13 20/12 20/14 21/22 23/13 23/19 23/20 24/24 25/8 25/19 27/2 31/12 31/17 31/18 32/11 32/11 33/14
anybody [1] 34/8
anymore [1] 31/19
anything [5] 3/23 10/22 29/10 31/18 41/15
anyway [1] 40/15
apologize [2] 9/7 9/8
App [2] 7/11 9/6
appeal [21] 9/21 10/20 10/23 11/23 13/5 17/7 17/10 17/19 17/23 17/25 18/4 18/7 18/10 18/12 18/16 19/15 19/21 20/10 20/21 21/15 24/16
appealable [4] 14/14 15/14 16/2 23/15
appear [4] 31/25 32/2 34/12 34/16
appearance [1] 30/6
appears [1] 3/8
Appellate [14] 7/14 7/25 10/19 11/25 12/2 12/4 12/10 18/17 20/22 21/4 21/7 21/9 21/24 24/8
applicable [2] 19/24 33/7
application [1] 18/19
applies [1] 20/2
apply [1] 20/7
appointment [1] 36/15
appropriate [3] 6/22 21/6 26/23
April [6] 5/23 5/24 22/10 22/10 23/7 23/7
April 12 [1] 22/10
April 12th [2] 5/23 23/7
are [52]
aren't [1] 16/12
argue [13] 18/21 23/8 28/1 28/16 28/17 28/21 28/22 28/24 29/5 32/22 32/23 38/11 38/23
argued [1] 6/9
argues [2] 16/11 17/17
arguing [3] 10/19 29/7 29/9
argument [11] 9/12 17/18 18/6 18/11 19/22 19/23 22/17 24/6 25/8 29/8 34/25
arguments [2] 13/17 13/18
arrearage [1] 4/25
as [32] 3/21 3/21 4/17 4/17 4/24 6/4 6/5 6/23 9/14 10/5 10/21 11/23 12/2 13/10 15/2 15/2 15/8 15/9 15/25 20/10 22/11 22/17 24/6 26/19 29/15 29/15 33/11 34/24 34/24 36/9 39/17 42/10
ask [2] 37/23 39/9
asked [2] 30/7 31/24
asking [10] 4/9 9/18 14/2 14/3 14/23 22/2 25/10 25/11 38/20 39/1
asserted [1] 36/13
assets [4] 3/20 3/22 30/16 41/8
assuming [2] 19/22 26/12
attached [2] 24/1 29/3
attacking [1] 20/2
attempt [1] 13/14
attempted [1] 13/15
attempting [1] 12/22
attention [2] 16/15 25/3
attested [1] 33/24
attorney [2] 2/7 35/7
attorney's [2] 10/14 12/13
August [2] 1/17 40/12
August 25th [1] 40/12
authored [1] 22/12
authority [1] 9/10

**A**

avail [1]  20/5
avenue [1]  20/16
avoiding [1]  34/6
aware [5]  6/5 11/5 11/6 18/9 23/12
away [3]  12/6 25/7 30/19

**B**

B-L-O-M [1]  8/18
back [14]  3/6 6/8 12/11 14/2 14/4 15/8 18/23
 19/11 19/15 19/17 21/25 28/12 36/22 37/19
background [1]  15/9
Bank [3]  5/15 7/11 22/24
barn [1]  19/8
based [6]  5/10 7/2 30/10 32/6 33/19 39/7
basically [1]  35/10
basis [8]  5/4 12/24 13/5 16/21 20/15 30/25
 31/22 33/17
be [72]
became [1]  5/24
because [31]  5/24 7/1 9/21 12/1 12/9 12/20
 14/11 17/4 18/12 18/22 19/9 19/20 20/21
 21/8 21/24 22/19 23/12 24/20 25/12 28/24
 30/8 31/7 31/20 32/1 32/24 34/3 35/8 35/11
 35/23 37/10 37/17
been [11]  5/9 10/1 10/1 13/18 23/4 25/2
 33/19 35/2 36/7 36/18 39/25
BEERMANN [1]  2/1
before [5]  1/14 3/12 14/24 31/22 35/2
began [1]  36/13
behalf [4]  2/5 2/10 3/9 3/10
being [8]  6/3 10/21 11/23 20/6 22/17 28/25
 31/10 37/25
believe [5]  8/13 16/10 18/5 21/5 36/19
believes [1]  8/21
besides [1]  6/19
best [1]  29/20
between [1]  17/2
beyond [2]  8/22 9/10
bit [4]  14/7 15/9 30/22 32/23
bleed [1]  29/17
bleeding [4]  31/7 33/23 35/5 36/13
blew [1]  18/3
Blom [3]  8/17 10/7 11/1
blood [2]  35/6 35/12
blow [1]  18/15
blunt [1]  28/23
Boeing [1]  8/8
BOLDT [7]  2/7 3/5 3/8 4/6 21/9 34/18 40/17
bond [8]  12/25 13/1 17/8 17/17 20/9 21/21
 25/12 25/17
both [6]  6/1 14/16 15/8 16/4 18/3 21/12
bound [1]  35/11
brief [4]  5/3 27/2 27/20 29/25
briefed [2]  3/14 4/3
briefing [1]  27/9
briefly [1]  6/24
bring [1]  35/3
bringing [1]  33/1
brings [1]  15/17
broad [1]  33/9
broke [1]  36/10
brought [2]  4/19 25/3
burns [1]  36/9
business [1]  42/5
button [3]  19/2 19/11 19/12
bystanders [2]  13/15 13/16

**C**

C-307 [1]  1/16
call [3]  3/16 4/2 36/20
can [22]  5/11 7/16 10/4 12/6 12/8 13/24
 18/11 19/20 20/22 21/3 24/9 24/22 27/24
 40/17 41/7
can't [9]  11/24 16/4 18/23 20/19 20/20 29/21
 31/6 31/12 32/13
Canada [2]  11/7 24/3
cannot [8]  11/10 19/8 21/25 29/19 31/8 31/20
 35/10 39/20
car [1]  35/25
care [1]  35/21
carefully [1]  12/20
caring [1]  36/8
case [32]  3/12 5/11 5/14 5/18 7/7 7/10 7/12
 7/19 7/25 8/1 8/7 8/9 8/17 8/18 8/19 8/20
 10/22 14/11 15/12 16/25 18/25 21/18 22/25
 23/13 23/13 23/23 26/23 27/4 27/19 39/23
 39/24 40/3
cases [1]  28/8
cash [1]  7/21
cause [5]  7/3 32/3 32/4 33/21 34/12
causes [1]  29/17
certain [3]  34/21 37/2 37/3
certification [1]  6/13
certify [1]  42/4
challenge [2]  15/20 15/25
changed [2]  36/3 36/25
Chicago [1]  2/2
choosing [1]  34/22
chronic [2]  32/16 34/3
chuckle [1]  35/6 35/7
CIRCUIT [3]  1/4 1/4 23/25
circumstances [1]  33/14
citation [39]  3/3 3/4 3/20 3/21 6/4 6/6 6/14
 6/17 6/19 6/21 7/20 23/2 23/4 23/23 24/1
 24/2 24/6 24/10 26/7 26/25 28/21 29/12 30/2
 30/18 32/1 33/17 33/19 34/10 37/22 37/25
 38/7 38/13 38/16 39/18 39/20 40/25 41/5
 41/9 41/14
citations [4]  22/12 27/22 30/11 40/3
cite [3]  5/12 7/9 8/16
cited [4]  8/1 16/25 23/13 27/5
cites [3]  14/10 33/5 33/8
citing [1]  27/19
Civil [1]  15/18
claim [3]  18/2 24/7 24/13
claims [1]  12/2
clarify [2]  14/5 27/24
Clark [1]  2/2
clear [4]  4/8 6/10 15/12 20/3
clearer [1]  20/14
clearly [1]  17/1
clears [1]  34/20
client [8]  6/7 14/4 19/18 28/24 29/2 35/2
 36/12 36/18
client's [4]  12/3 12/3 24/2 29/14
club [1]  7/22
Code [2]  15/18 33/8
colaterally [1]  38/24
collect [3]  23/2 24/24 24/24
colloquial [1]  15/24
come [6]  14/2 20/25 21/3 23/11 31/22 37/19
comes [1]  3/12
coming [3]  28/12 31/17 37/11
command [1]  8/5
companies [1]  6/15
company [1]  10/8
complete [1]  9/17
concede [1]  33/9
conceding [1]  15/24
concerning [2]  11/7 34/25
concluded [1]  41/16
condition [2]  29/17 35/16
conditioning [1]  33/15
conditions [2]  7/5 33/25
consider [1]  5/1
contacted [1]  30/13
contents [1]  7/2
contest [1]  4/23
continuance [4]  33/4 33/15 34/19 37/2
continue [16]  3/3 3/21 4/9 8/16 11/16 26/7
 26/16 28/11 28/20 29/11 30/2 30/14 32/6
 33/10 33/17 34/10
continued [4]  4/23 40/25 41/12
continues [1]  41/8
continuing [1]  34/2
contract [1]  7/6
convenient [1]  30/22
copy [1]  16/13
correct [6]  3/5 8/25 17/9 19/7 27/23 42/9
correctly [2]  21/9 24/14
could [8]  11/25 18/1 20/14 28/1 28/10 31/14
 33/4 38/2
Counsel [50]
Counsel's [1]  14/16
country [1]  7/22
COUNTY [7]  1/3 1/4 1/16 4/24 42/2 42/5
 42/14
couple [1]  12/16
court [87]
Court's [6]  3/15 16/15 19/19 22/10 28/12
 39/8
courtesy [1]  32/8 32/9 32/21
courtroom [3]  34/8 35/1 35/12
crashes [1]  22/18
creditor [2]  5/20 8/10
CSR [2]  42/14 42/15
current [2]  26/25 35/15

**D**

DANIEL [1]  1/15
date [13]  5/8 17/12 18/15 26/22 27/1 28/14
 34/21 37/2 37/3 37/6 37/7 38/11 38/15
dated [6]  6/7 26/25 29/3
day [4]  1/17 37/10 37/19 41/6
days [12]  5/7 5/10 6/1 10/17 17/11 17/13
 22/18 25/24 39/11 40/7 40/10 40/11
deadline [1]  21/14
deadlines [3]  18/3 18/13 33/7
deals [1]  33/1
dealt [1]  28/10
Debra [2]  42/4 42/14
debtor [3]  8/11 23/3 24/25
decide [2]  10/25 11/20
decided [2]  7/19 25/1
Decision [1]  5/16
decisions [1]  11/17
deems [1]  33/14
defective [1]  17/16
definition [1]  8/4
degree [1]  36/8
delay [2]  13/24 28/3
demonstrate [1]  34/13
denied [5]  22/3 34/10 37/16 38/14 41/4
denies [1]  20/18
deny [1]  26/2
despite [2]  14/21 19/25
dictated [1]  36/2
did [8]  4/20 6/4 8/3 18/10 25/19 30/8 36/9
 38/4
didn't [5]  14/19 15/3 17/8 21/21 24/9
difference [1]  40/2
direct [1]  16/15
disagree [3]  17/20 17/21 18/1
disagrees [1]  34/5
disburse [2]  10/25 22/1
disbursed [5]  11/10 11/19 12/7 13/24 24/21

# D

discover [2]  3/20 3/22
discussion [1]  6/8
disingenuous [2]  14/22 23/11
disingenuously [1]  16/11
dismiss [4]  10/20 18/10 21/11 21/16
dispense [1]  37/12
disrespectful [1]  34/15
distinction [1]  17/2
distributions [1]  13/11
District [9]  5/15 5/17 7/12 8/1 8/9 8/20 9/2
  9/3 9/7
Division [1]  9/7
do [18]  10/22 11/2 11/21 11/25 12/6 12/8
  13/14 13/16 15/3 17/8 19/13 24/22 25/15
  25/18 30/1 30/4 37/15 42/4
doctor [7]  29/2 31/15 32/16 34/20 35/3 35/18
  35/24
doctor's [5]  29/20 31/9 33/24 35/24 36/15
document [2]  6/4 29/3
documents [4]  24/2 36/5 36/22 38/9
does [2]  7/2 20/5
doesn't [3]  19/13 20/7 21/1
doing [7]  9/1 11/11 23/5 31/18 35/17 41/1
  42/5
dollar [1]  16/23
dollars [1]  10/9
don't [23]  9/1 10/21 11/3 12/4 13/5 13/6 18/5
  18/8 20/13 25/7 26/10 28/11 30/20 30/24
  31/3 32/5 34/7 34/23 35/4 35/14 35/15 36/10
  38/10
done [1]  22/19
doubt [1]  30/20
drive [1]  35/10
due [3]  14/25 17/10 17/10
duty [1]  9/15

# E

earlier [1]  22/22
ears [1]  35/5
East [1]  2/8
effect [2]  30/16 41/15
effectively [2]  7/3 10/11
either [2]  16/4 26/5
eliminate [1]  35/1
else [4]  3/23 19/4 29/10 41/15
email [1]  14/23
employment [1]  8/12
encompass [1]  33/9
ended [1]  34/20
enforce [1]  31/20
enforcement [10]  3/2 3/14 4/2 8/5 19/3 19/6
  22/9 22/16 22/21 23/10
engage [1]  31/12
enough [2]  33/9 34/7
ENRICO [1]  2/3
enter [5]  4/20 20/15 23/14 25/19 28/2
entered [11]  4/22 6/24 9/10 13/3 15/10 16/14
  16/17 16/22 23/9 25/14 31/23
enters [1]  23/25
entertain [2]  12/13 28/2
entertaining [1]  21/23
entitled [2]  1/14 5/21
entry [2]  15/15 17/5
equate [1]  23/18
ERVIN [24]  1/7 1/10 3/7 3/7 3/9 3/11 3/20
  3/22 6/6 11/6 11/15 13/9 16/18 16/19 20/5
  30/7 30/12 30/20 30/21 33/18 34/12 34/16
  35/19 41/5
Ervin's [3]  30/12 30/12 35/15
escrow [1]  19/18
ESQ [2]  2/3 2/3

stopped [1]  33/17
even [7]  7/22 17/9 19/16 21/23 23/14 24/24
  31/19
event [1]  21/22
ever [1]  34/8
every [2]  24/18
everybody [2]  24/23 35/8
everyone [1]  35/1
everything [2]  23/18 36/3
evidence [2]  33/2 33/5
examination [2]  38/16 41/12
exchange [1]  7/23
exclusive [1]  7/15
excuse [1]  34/7
execution [1]  8/5
executive [1]  8/8
existed [2]  25/21 25/22
expunge [1]  9/16
extend [2]  32/8 32/20
extension [1]  33/6
extent [11]  17/20 17/24 19/6 19/10 20/18
  21/14 21/17 28/6 32/21 33/22 36/11
eye [1]  35/10

# F

fact [12]  6/22 7/1 8/20 9/15 15/25 16/10
  16/12 16/21 17/10 20/4 30/11 34/25
facts [1]  24/15
failure [1]  23/22
faith [1]  18/5
far [1]  34/24
fashion [1]  11/21 33/13
fashioned [1]  34/1
favor [2]  16/18 16/23
favorably [1]  12/4
fax [2]  14/23 29/2
fees [3]  10/15 12/13 37/11
file [11]  17/6 18/10 25/16 27/14 27/16 28/8
  38/2 38/20 39/1 39/2 40/6
filed [17]  4/10 5/7 5/9 6/1 10/19 10/23 10/24
  14/10 14/12 15/22 17/13 17/14 17/24 28/16
  28/18 39/11 40/23
files [1]  15/16
filing [10]  4/14 17/7 18/15 20/1 20/9 21/14
  25/22 25/23 33/7 36/1
final [7]  5/21 5/24 14/14 15/14 23/1 23/7
  23/15
finally [2]  15/5 20/13
Financial [2]  16/18 22/14
find [4]  12/21 12/24 21/14 21/21
finds [1]  9/9
fine [2]  40/16 41/2
firm [4]  11/6 13/23 14/2 30/13
first [16]  4/3 4/18 5/5 6/3 8/19 9/3 9/6 10/13
  12/17 19/11 20/25 21/2 22/7 23/6 26/18
  33/16
focus [1]  33/11
force [1]  41/14
foreclosed [1]  23/5
foregoing [2]  42/8 42/9
form [2]  4/21 25/9
former [1]  16/9
forth [5]  6/8 7/6 23/21 24/7 24/15
four [4]  5/1 8/13 14/13 36/4
Fourth [1]  8/9
frankly [2]  30/24 34/15
freeze [2]  30/16 41/8
Friday [1]  32/14
front [5]  3/23 21/7 21/13 24/8 34/16
fruits [1]  17/23
full [1]  41/14
fully [2]  3/13 4/3
funds [8]  5/21 10/25 11/10 11/20 13/11

# G

gave [2]  12/6 25/7
Geiger [1]  24/4
generally [1]  18/25
gentleman [1]  35/9
genuine [1]  14/20
get [7]  15/9 19/17 22/4 28/4 31/3 35/25 36/21
gets [1]  24/23
give [8]  27/9 27/11 27/15 27/21 28/7 37/5
  39/10 40/17
given [2]  33/4 42/7
go [9]  11/15 12/11 14/4 19/11 20/22 21/7
  21/25 31/5 41/4
goes [3]  21/16 24/7 30/19
going [34]  9/24 10/12 10/14 11/15 11/16
  11/18 12/12 12/11 12/11 12/12 16/13 18/21
  19/1 21/10 21/17 22/7 26/2 27/14 27/25
  28/13 31/10 31/19 31/21 32/17 32/22 34/21
  35/19 35/20 36/11 36/20 37/1 37/15 37/22
  41/4
gone [1]  11/8
good [1]  18/5
got [4]  3/1 9/6 36/5 36/14
grab [1]  7/3
grant [9]  9/19 9/22 10/4 13/1 21/15 21/19
  33/15 34/19 37/2
granted [2]  8/15 13/20 37/18 40/6
Group [2]  16/18 22/14
Guarantee [1]  10/8
guess [8]  3/15 11/20 26/4 29/9 34/17 38/19
  38/19 39/8
guessed [1]  18/20
guidance [1]  12/24
gym [1]  31/19

# H

had [18]  1/13 4/13 6/21 8/2 17/4 17/24 23/7
  30/8 30/21 31/5 32/10 32/10 35/13 35/17
  35/21 35/25 36/2 36/18
happen [1]  38/11
happened [4]  10/6 12/9 19/9 36/6
has [26]  5/8 9/10 9/15 10/1 10/1 10/22 11/8
  11/20 15/12 16/22 19/8 20/25 22/19 22/20
  22/22 23/4 23/13 24/1 24/5 24/7 24/18 28/24
  29/16 33/2 35/9 39/25
have [53]
he [79]
health [3]  29/22 30/13 32/7
hear [7]  9/20 14/9 14/17 26/13 26/15 38/22
  39/6
heard [5]  18/9 37/9 37/24 37/25 41/9
hearing [17]  1/13 4/9 4/10 26/7 26/22 27/1
  27/12 27/20 28/14 29/12 30/3 33/17 34/10
  40/12 40/21 40/24 41/5
hearings [1]  39/17
hearsay [1]  31/10
her [1]  36/10
here [14]  14/16 16/1 20/25 24/4 24/20 28/25
  30/8 30/9 33/19 34/14 37/11 37/17 40/14
  41/6
hereby [2]  16/17 42/4
high [1]  35/5
him [16]  8/25 14/21 21/7 27/9 28/7 28/25
  29/17 31/2 31/6 32/1 32/3 32/8 33/20 35/3
  35/4 35/13
himself [2]  22/18 31/5
his [33]  10/18 11/5 11/6 12/22 13/5 13/13
  14/4 15/13 15/22 17/6 17/7 17/12 18/19
  20/23 21/14 21/16 22/17 22/18 23/6 24/1
  28/2 29/14 29/15 29/21 29/22 31/13 35/12
  35/21 36/8 36/20 37/9 41/8

**H**

hit [2]  19/11 19/12
Hoffmann [1]  5/15
hold [2]  14/3 19/18
holding [2]  10/2 13/24
home [1]  35/11
honest [2]  26/5 36/2
Honor [28]  3/24 4/7 4/8 4/16 4/18 5/2 7/23
11/12 12/17 13/6 17/18 18/8 18/20 19/12
19/16 19/20 20/18 23/12 25/25 26/13 28/13
30/7 31/25 33/22 34/11 34/13 34/16 38/15
HONORABLE [1]  1/14
horse [1]  19/8
how [8]  11/14 13/6 24/9 31/21 32/19 39/13
40/1 40/8
Hypothetically [1]  34/18

**I**

I'll [1]  5/3
I'm [3]  14/15 29/19 36/25
idea [3]  8/15 10/17 12/5
IL [5]  2/2 2/8 7/11 9/6 42/14
ILLINOIS [10]  1/1 1/4 1/16 5/16 7/19 8/18
10/8 11/9 42/1 42/6
impractical [1]  21/5
inception [1]  9/17
inclined [1]  34/18
indefinitely [1]  34/3
indicated [1]  12/17
indicates [2]  29/15 29/16
individual [2]  7/21 8/10
informed [1]  4/13
initially [1]  30/11
initiated [1]  23/24
instance [1]  21/2
insurance [2]  6/15 7/4
intending [1]  37/21
intentionally [1]  9/1
interest [2]  10/14 12/12
interpreted [2]  12/18 38/6
interpreting [1]  13/14
Interruption [1]  29/25
is [133]
isn't [2]  10/3 27/6
issue [14]  5/5 6/3 12/25 13/10 25/11 28/25
30/19 32/3 32/10 32/11 32/11 32/19 33/21
34/11
issued [4]  6/6 6/20 6/21 30/11
issues [7]  5/1 6/2 6/2 8/14 30/13 32/7 32/22
it [98]
it's [22]  7/9 13/16 19/9 19/23 23/15 23/15
23/18 23/19 23/20 25/14 29/3 31/4 31/5 31/6
31/7 31/21 31/25 33/23 34/15 34/20 38/24
41/13
Itasca [1]  7/11
its [2]  9/10 24/19

**J**

JASICA [1]  1/15
job [1]  30/11
John [1]  3/10
JONATHAN [1]  2/3
Judge [47]
judgment [33]  4/20 4/23 5/20 6/24 8/10 8/11
15/20 15/21 15/25 16/16 16/20 16/22 16/22
20/4 23/3 23/17 23/19 23/19 23/20 23/22
23/25 24/5 24/5 24/9 24/23 24/25 25/2 25/5
25/12 25/14 25/19 31/20 34/4
judgments [8]  16/2 16/5 16/10 16/12 17/2
19/25 20/2 20/2
judicial [2]  1/4 19/25
July [4]  15/1 15/4 17/11 17/15
July 19th [1]  15/1

**J** (cont.)

July 7th [1]  17/15
June [5]  13/4 13/22 17/11 17/14 20/19
June 2nd [2]  13/4 17/11 17/14 20/19
jurisdiction [2]  18/17 19/13
jurisdictional [1]  18/13
jury [2]  25/15
just [19]  4/5 4/8 8/25 11/1 13/16 16/2 23/19
27/24 28/4 29/1 29/13 33/14 34/1 34/2 37/6
37/8 37/10 39/15 41/11

**K**

keep [2]  8/11 25/20
kind [1]  31/11
kindly [1]  12/5
know [15]  10/2 13/5 13/6 13/6 14/19 15/9
18/8 26/3 26/10 32/5 34/4 34/23 35/15 36/1
36/10
knows [1]  11/3

**L**

lack [2]  20/8 20/9
lacks [2]  16/20 20/12
LAKE [4]  1/4 4/24 42/6 42/14
language [4]  8/2 20/3 21/5 41/10
Larsen [3]  7/7 7/9 7/11
last [4]  6/25 22/4 30/6 41/11
later [1]  15/15
laugh [2]  35/6 35/6
law [7]  2/7 15/12 16/21 24/18 26/23 27/3
31/2
lead [1]  8/14
least [1]  9/3
leave [6]  38/20 39/2 39/9 39/18 40/5 40/21
left [1]  19/8
leg [1]  36/10
Legislature [1]  7/19
let [14]  11/4 11/15 29/23 35/25
letter [2]  14/25 15/5
level [2]  29/21 31/21
levels [1]  31/14
liable [1]  8/5
License [1]  42/15
lien [1]  41/14
life [1]  7/4
lifted [2]  5/25 22/14
lightly [1]  32/5
like [14]  7/8 11/1 27/1 31/11 32/24 33/10
37/3 37/6 37/10 37/12 39/7 39/13 40/8 41/11
Lincoln [2]  16/17 22/14
line [1]  6/11
lines [2]  25/16 32/15
listed [2]  7/16 8/6
listening [1]  12/20
literally [1]  35/13
litigate [1]  11/16
little [5]  12/23 14/15 15/9 30/21 32/23
LLP [1]  2/1
local [1]  27/18
log [1]  8/11
logic [1]  39/25
lose [1]  11/25
loss [2]  13/20 14/8

**M**

machine [1]  42/7
made [3]  9/5 13/18 26/19
make [3]  9/23 11/17 17/18
makes [1]  3/25
March [2]  13/3 15/10
March 15th [1]  15/10
MARRIAGE [2]  1/6 39/24
material [2]  33/2 33/4
matter [2]  1/14 6/25

**M** (cont.)

may [8]  4/25 8/20 9/23 17/11 18/4 19 23/24
24/24 39/17
maybe [1]  21/20
me [18]  7/6 11/4 11/11 12/7 12/8 14/25 15/3
15/5 18/10 26/20 27/21 29/23 31/16 32/9
32/17 36/13 36/23 40/1
Meadows [1]  24/4
mean [6]  11/3 11/5 11/22 30/20 38/7 39/3
meaning [2]  7/15 38/8
means [2]  25/8 42/6
medical [4]  28/25 29/16 30/19 32/10
medication [1]  35/12
membership [1]  7/22
memorandum [2]  27/3
mercantile [1]  7/23
merely [1]  6/17
merit [3]  18/6 18/11 20/12
meritorious [5]  12/2 17/23 24/7 24/13 24/15
meritoriousness [1]  9/21
merits [1]  18/2
met [1]  30/21
might [1]  37/18
minimize [1]  37/10
MIRABELLI [2]  2/1 2/3
miscited [1]  9/6
misguided [1]  19/23
modification [1]  19/19
modify [3]  19/20 21/25 24/19
monetary [2]  25/13 25/19
money [13]  9/25 10/12 12/6 12/12 14/2 14/4
16/21 19/17 22/16 23/19 25/1 25/6 34/6
months [1]  15/15
more [11]  5/7 10/2 11/5 11/6 17/3 19/14 21/6
28/3 31/18 31/18 33/6
most [2]  6/19 24/1
mother [6]  30/25 31/2 31/4 35/22 36/8 36/20
mother-in-law [1]  31/2
motion [95]
motions [6]  3/13 4/4 21/12 26/4 32/6 39/24
mouth [2]  14/16 29/18
MR [23]  3/5 3/10 3/20 4/6 6/6 6/21 10/18
12/15 14/7 20/5 21/9 30/12 33/18 34/12
34/18 34/21 35/19 37/3 37/5 40/10 40/17
41/5 41/7
Mr. [10]  3/22 11/6 11/15 30/7 30/12 30/12
30/20 30/21 34/16 35/15
Mr. Ervin [8]  3/22 11/6 11/15 30/7 30/12
30/20 30/21 34/16
Mr. Ervin's [2]  30/12 35/15
much [2]  39/13 40/8
multiple [1]  37/11
Mundelein [1]  2/8
must [1]  6/13
Mutual [1]  22/14
my [32]  4/8 4/18 5/8 5/9 6/5 6/6 6/16 10/5
12/3 12/3 14/19 14/24 15/1 15/2 15/7 15/8
16/25 18/22 24/2 24/6 26/8 26/24 28/6 28/24
29/2 29/14 31/21 32/16 34/17 36/12 36/18
42/9
myself [1]  14/8

**N**

N.A [1]  5/15
nature [1]  36/10
need [2]  21/8 34/1
needed [2]  6/11 17/13
needs [1]  21/3
negating [1]  31/5
neither [1]  31/8
never [4]  11/15 30/21 37/24 37/25
next [3]  32/14 38/11 40/7
NINETEENTH [1]  1/4
no [25]  3/24 5/23 6/3 6/12 6/24 12/23 12/25

## N

no... [18]  17/19 18/11 20/14 22/16 22/16 24/5
24/5 25/11 25/12 26/20 28/18 31/25 32/12
33/16 35/9 38/17 40/23 42/15
none [2]  6/15 13/19
North [1]  1/15 2/2
Northeastern [1]  5/16
nose [4]  29/18 31/7 33/23 35/5
not [61]
note [5]  29/1 31/9 33/24 35/18 35/24
notes [1]  42/10
nothing [3]  12/6 12/8 24/21
notice [8]  10/23 17/7 17/10 17/25 18/4 18/12
18/16 20/9
now [12]  3/3 12/7 12/8 15/25 19/22 23/17
26/16 28/2 30/24 31/24 35/9 37/18
nuanced [1]  7/1
nullities [1]  24/12
nullity [1]  9/17
number [2]  5/5 24/5

## O

o'clock [1]  36/4
obedience [1]  8/6
object [1]  31/10
objecting [2]  8/23 32/6
objection [1]  39/19
obtain [2]  33/4 36/15
obviously [2]  27/15 39/8
odd [1]  10/9
offer [1]  26/20
offers [1]  12/23
Oh [1]  25/1
Ohio [2]  35/20 36/9
okay [6]  4/5 4/11 4/15 19/17 30/5 40/16
Once [1]  10/23
one [11]  3/13 4/10 5/5 16/13 18/18 21/10
27/24 31/8 33/11 35/10 37/20
ones [1]  32/23
ongoing [1]  26/6
only [7]  10/11 13/7 20/1 21/22 23/24 27/17
27/25
Ontario [1]  24/3
open [2]  5/13 34/20
opportunity [3]  27/10 27/16 27/17
opposed [1]  33/12
opposing [1]  27/21
options [1]  8/8
order [35]  3/2 3/15 4/3 5/22 5/24 7/16 8/21
9/9 9/14 13/4 13/22 13/25 14/10 14/14 14/14
17/5 17/14 20/4 20/20 22/10 22/11 22/25
23/8 23/14 23/15 24/2 24/3 24/11 25/5 26/21
30/7 31/23 31/24 41/8 41/11
ordered [3]  9/25 31/25 41/5
orders [22]  4/22 9/16 12/19 13/3 15/10 15/14
15/17 15/23 15/24 16/3 16/6 16/14 19/7
19/14 19/19 19/20 21/25 22/13 22/22 24/11
24/19 32/1
original [1]  40/24
other [12]  4/4 6/1 16/2 16/6 20/8 23/13 24/5
26/3 32/11 33/12 33/25 35/7
otherwise [2]  23/8 36/7
our [2]  13/23 30/13
out [17]  5/14 7/18 7/24 12/21 14/15 18/16
22/7 24/14 24/16 28/3 30/14 35/9 35/13
35/19 36/7 36/21 37/11
outside [1]  7/5
over [6]  10/1 10/1 10/9 10/10 22/17 35/14
owed [1]  34/6
own [6]  10/6 11/2 11/11 22/18 23/6 28/6

## P

pain [2]  32/16 34/3

paragraph [3]  11/9 11/10 11/13
Park [1]  2/8
participant [1]  31/13
participate [1]  29/19
parties [1]  25/20
Party [3]  22/11 23/3 30/18
pass [1]  35/13
passed [1]  21/15
past [2]  5/7 32/22
pause [5]  19/2 19/12 22/9 22/21 23/10
pay [3]  10/14 12/11 12/12
pending [1]  19/4
Penn [1]  22/13
perhaps [1]  18/21
peril [3]  10/6 11/2 11/12
period [2]  20/10 30/14
permitted [1]  27/2
person [5]  5/20 16/24 16/24 31/1 34/13
personally [2]  20/13 33/20
Petitioner [4]  1/8 2/5 23/2 23/4
phone [1]  36/20
phrase [1]  19/2
place [2]  10/13 17/19
placed [1]  24/8
plan [1]  26/15
planned [1]  35/21
plans [1]  32/11
plays [1]  22/24
pleading [3]  33/4 39/20 39/22
pleadings [2]  11/13 39/25
PM [2]  1/17 41/16
PNC [5]  5/10 5/15 14/10 22/24 23/13
point [5]  22/7 24/17 36/17 37/20 40/3
pointed [3]  7/18 7/24 24/16
points [1]  24/14
policy [1]  7/5
portion [2]  10/18 25/4
position [11]  5/8 5/9 6/16 9/24 11/7 11/19
12/3 12/4 15/8 23/2 29/15
possesses [1]  9/13
possible [2]  4/17 15/8
post [1]  25/17
posted [1]  17/8
posting [1]  20/8
powerful [1]  8/2
prayer [1]  12/22
preface [1]  12/17
prepare [1]  36/22
prepared [7]  28/5 28/16 28/17 29/4 38/21
38/23 39/6
present [4]  26/23 27/2 32/2 32/4
presentation [1]  26/9
presentment [2]  3/19 4/5
preserve [1]  17/22
pressure [2]  35/6 35/12
presume [1]  11/22
prevents [1]  28/25
prior [4]  4/13 6/20 39/17
PRITIKIN [1]  2/1
problem [2]  18/18 32/12
problems [1]  18/19
procedural [1]  32/23
Procedure [2]  15/18 33/8
proceed [4]  28/6 37/14 37/21 38/15
proceeding [8]  7/21 14/18 14/20 14/24 15/4
15/6 23/1 30/17
proceedings [5]  1/13 23/24 24/6 41/16 42/8
professional [2]  32/8 32/9 32/21
proper [2]  16/5 16/7
property [1]  16/5
proposition [2]  5/18 17/1
provide [4]  5/11 5/12 15/2 28/8
provided [1]  30/15

provide [4]  17/22
purpose [1]  17/22
purposes [1]  15/7
pursuant [2]  15/17 33/1
pushing [1]  19/2
put [3]  7/6 18/23 35/4
puts [1]  40/11
putting [1]  23/21

## Q

quash [17]  3/19 26/9 26/19 26/25 37/8 37/13
37/16 37/18 38/3 38/12 38/14 39/3 39/5
39/12 40/7 40/22 40/25
question [3]  5/23 6/12 34/17
quick [1]  4/17
quo [1]  25/21
quote [2]  22/25 24/19

## R

raise [3]  29/21 31/13 31/21
raised [1]  4/25
rather [1]  18/21
RAYMOND [7]  1/10 2/7 3/8 3/9 13/9 16/18
20/15
RE [2]  1/6 39/24
read [7]  19/5 26/5 26/14 29/22 29/23 30/24
38/19
reading [2]  29/19 39/8
ready [4]  28/21 28/22 28/24 36/21
really [2]  10/4 24/22
reason [5]  17/21 20/6 28/23 33/11 35/23
reasonable [1]  38/18
reasons [6]  9/18 13/11 20/7 21/24 22/2 34/9
recall [1]  39/17
receive [1]  5/21
received [3]  29/1 34/24 36/19
receiving [1]  35/18
recent [2]  6/19 24/1
recited [1]  23/22
recognized [1]  8/7
reconsider [11]  5/2 5/7 6/9 14/13 15/13
15/16 15/22 17/24 18/4 25/2 25/23
record [3]  3/7 7/8 22/20
refused [1]  32/7
rehear [5]  5/2 5/6 6/10 15/23 25/24
releases [1]  32/17
relevant [1]  13/7
relief [4]  10/3 12/23 20/5 20/16
remains [2]  30/16 41/14
remaking [1]  13/16
remedy [1]  11/21
remotely [1]  13/7
repeatedly [1]  28/12
replete [1]  11/14
replies [1]  11/14
reply [6]  6/5 10/5 14/5 27/11 27/16 40/18
report [4]  1/13 13/16 42/8
reported [1]  42/6
reporter [2]  5/12 42/5
request [4]  15/1 21/23 28/3 39/16
requested [2]  38/1 39/18
requesting [1]  20/17
require [2]  7/21 12/25
required [1]  17/6
reserve [1]  26/22
respectfully [1]  20/23
respond [12]  26/11 27/10 28/4 28/8 29/6
30/2 37/23 38/7 38/13 39/13 39/15 40/8
Respondent [3]  1/10 2/10 3/9
responding [1]  37/24
response [12]  9/23 10/19 14/19 14/25 15/2
15/7 16/25 18/22 26/12 27/15 28/1 28/9
responses [1]  11/13

rest [2] 13/13 18/13
return [1] 10/12
review [1] 29/13
rewind [2] 19/11 19/14
rid [1] 28/4
right [18] 3/6 3/25 12/14 14/7 22/24 26/1
27/8 28/2 28/15 30/1 37/1 37/20 38/5 38/16
39/10 40/5 40/5 41/4
Rolling [1] 24/4
rule [6] 4/19 5/19 14/18 14/19 14/24 15/3
15/6 15/23 18/12 20/22 32/3 32/25 33/5
33/12 33/20 34/12
rules [3] 12/2 27/18 33/12
ruling [1] 21/10
run [1] 10/17

## S

S-C-H-A-K [1] 8/18
S-E-N [1] 7/9
said [11] 1/15 10/11 14/18 23/1 26/20 30/13
30/15 31/25 32/12 37/22 38/15
sake [1] 19/22
same [9] 13/17 13/17 20/10 21/13 31/15 37/7
37/9 39/25 41/10
SARINA [3] 1/7 3/11 16/19
Sarina's [1] 6/20
say [17] 11/9 11/24 16/1 16/20 16/22 18/9
19/5 19/17 21/8 21/17 21/19 21/20 24/20
25/6 29/10 38/12 41/7
saying [7] 9/20 14/21 15/1 15/5 31/6 38/25
39/19
says [20] 7/14 8/3 9/4 12/10 13/9 13/23 20/19
22/25 23/14 23/23 24/25 28/5 29/19 32/7
32/25 33/3 33/22 35/3 35/24 40/3
Schak [7] 8/17 10/7 10/11 11/1 12/9 23/23
24/18
schedule [1] 27/9
script [1] 29/20
seat [1] 7/23
second [7] 5/14 5/17 7/12 7/25 9/2 36/8 37/6
Section [2] 15/17 15/19
see [4] 12/1 18/18 18/19 26/6
seek [2] 8/11 20/16
seeking [7] 10/3 13/21 15/24 19/10 20/6
25/18 25/20
seeks [1] 13/9
seems [1] 23/17
seen [1] 9/14
semblance [1] 20/12
sends [2] 14/25 15/5
sense [1] 4/1
sent [2] 4/12 14/23
September [5] 40/12 40/14 40/20 40/20 41/1
September 1st [2] 40/12 40/20
September 8th [1] 40/14
served [3] 3/20 3/22 33/20
set [11] 4/9 13/1 14/25 25/10 26/9 27/1 27/9
27/10 27/11 28/3 28/14
seven [4] 39/11 40/7 40/10 40/11
several [2] 3/13 26/3
shape [2] 4/21 25/8
she [1] 36/9
shorthand [2] 42/7 42/10
should [16] 8/14 8/15 9/22 10/10 13/19 21/12
21/23 25/12 25/22 28/11 33/18 33/21 34/10
34/11 34/12 41/2
shouldn't [1] 10/13
show [6] 21/4 32/3 32/3 33/21 34/12 38/11
showing [1] 32/17
sides [1] 14/16
Sign [1] 31/16

signature [2] 7/13 42/13
signed [2] 6/4 6/22
significant [3] 5/1 5/5 8/14
similar [2] 20/7 35/4
simultaneously [1] 25/17
single [1] 27/4
sit [1] 24/20
sitting [1] 35/11
situation [1] 7/13
so [55]
some [7] 6/8 8/2 10/9 17/20 27/19 33/24
34/19
somehow [1] 19/25
something [10] 8/24 19/3 19/4 25/3 25/16
29/22 31/11 32/15 33/10 37/15
somewhat [1] 6/25
Son [1] 7/10
soon [1] 15/2
sorry [4] 9/5 9/8 24/25 25/6
sought [1] 8/10
source [1] 24/24
Southerland [1] 39/23
speak [1] 18/24
speaking [1] 18/25
specific [4] 16/23 16/24 16/24 37/6
specifically [2] 9/12 15/19
spends [1] 10/18
spent [2] 25/1 25/6
spoke [1] 36/23
spot [1] 6/22
SS [2] 1/2 42/2
stands [2] 5/18 16/1
STATE [5] 1/1 8/1 11/8 42/1 42/6
stated [6] 6/23 13/11 21/9 21/25 31/9 31/12
statement [3] 14/11 14/21 29/14
statements [1] 11/14
states [4] 9/15 10/5 14/13 16/16
stating [1] 5/3
status [1] 25/21
statute [2] 7/15 33/13
stay [62]
stayed [2] 22/15 23/15
staying [1] 30/17
STEELE [11] 2/3 3/10 3/10 6/21 10/18 12/15
14/7 37/4 37/5 40/10 41/7
Steele's [1] 34/21
still [1] 20/5
stock [1] 8/7
stop [2] 19/6 19/8
stopped [2] 22/16 22/23
stopping [4] 19/3 22/9 22/21 23/10
Street [2] 1/16 2/2
stress [7] 29/21 31/14 31/21 34/7 34/25 35/4
35/8
strike [1] 11/23
subscribe [1] 31/14
subsequently [1] 11/8
substantial [2] 10/18 34/5
substantive [1] 32/22
such [3] 34/1
sudden [1] 30/16
suffering [2] 32/16
sufficient [1] 12/24
suggest [3] 20/24 33/16 33/18
suggested [1] 16/9
Suite [1] 2/2
sum [1] 16/16
superfluous [1] 32/1
supplement [2] 28/7 38/21
support [5] 4/25 10/16 13/19 29/11 29/24
supported [1] 33/3
suppose [1] 27/18
supposed [1] 32/20

sure [6] 14/1 14/5 18/9 26/14 30/15 40/19
surrender [2] 7/4 7/22
suspicion [2] 30/8 30/10 30/22
SWERDLOVE [2] 2/1
symptoms [1] 35/5

## T

T-H-O-R-L-E-I-F [1] 7/10
take [7] 4/1 4/4 11/18 12/5 21/18 32/5 35/21
taken [3] 7/17 10/13 42/10
talked [1] 8/9
talking [2] 14/15 25/13
tell [4] 15/3 35/16 36/12 36/16
tender [1] 16/13
terms [2] 7/5 33/25
testimony [1] 42/7
than [4] 5/7 11/5 17/3 20/8
thank [7] 12/14 22/4 22/6 25/25 26/1 26/20
41/15
that [203]
that's [26] 4/3 9/3 10/6 11/2 12/9 13/5 16/20
17/11 21/10 24/13 24/22 25/15 29/4 29/10
30/10 31/11 34/6 34/17 36/5 36/6 36/16
36/25 38/4 38/18 40/16 41/10
their [8] 9/17 10/3 10/6 11/2 11/11 11/13
11/13 15/15
them [6] 5/3 6/16 11/9 12/11 21/13 26/5
then [24] 4/4 6/17 11/20 12/1 15/4 17/25
19/12 23/7 24/23 25/5 27/10 27/15 29/7 33/5
33/7 36/24 37/13 37/20 38/12 39/6 40/16
40/17 40/23 40/25
there [36] 5/23 6/3 6/8 6/11 6/12 6/14 6/23
6/24 7/16 8/6 12/7 16/6 18/2 18/11 18/11
20/14 21/16 25/11 25/12 26/3 26/6 27/4 27/6
27/19 31/12 31/23 32/13 32/14 33/16 34/4
34/5 34/8 39/18 40/2 40/3 40/22
there's [6] 3/18 6/12 12/6 18/5 18/6 24/21
therefore [2] 37/18 39/20
these [5] 9/18 16/9 16/11 17/1 19/24
they [28] 8/8 9/16 10/2 10/5 10/9 10/16 10/25
11/1 11/1 11/2 11/11 11/18 11/22 11/25 16/4
19/21 20/21 21/12 21/14 21/15 21/17 21/18
21/19 21/20 24/12 25/13 26/17 37/9
thing [2] 13/7 27/25
things [3] 12/16 32/24 36/24
think [24] 9/1 9/24 10/21 12/4 19/23 20/14
20/15 21/6 21/12 21/22 24/17 25/7 28/10
28/11 33/25 34/7 34/9 34/1 34/15 36/23
38/18 38/24 41/13 41/14
thinks [1] 8/21
Third [4] 9/7 22/11 23/3 30/18
Third-Party [3] 22/11 23/3 30/18
this [41] 4/20 4/24 6/24 7/2 8/14 8/16 9/11
10/10 10/16 10/22 10/22 11/15 11/17 12/18
13/10 13/18 15/16 17/20 18/6 18/25 19/5
20/6 22/8 22/10 22/23 23/9 24/17 24/17
25/19 27/5 30/14 30/22 31/9 31/20 32/13
33/1 34/2 35/2 36/17 39/21 39/21
Thorlief [3] 7/7 7/9 7/11
those [7] 8/13 9/16 15/13 15/16 16/1 16/2
19/14 19/20 20/2 20/21 22/2 24/16 25/16
31/8 32/15 32/24 34/9
thought [1] 37/17
three [6] 6/1 6/15 15/21 16/14 16/15 22/11
through [1] 35/2
thrown [1] 40/1
time [26] 9/13 10/23 11/21 17/7 19/12 20/10
21/13 23/8 23/16 24/17 25/21 25/22 26/10
26/13 27/2 27/11 28/1 28/7 28/12 30/14 33/6
35/11 36/17 37/23 39/13 40/8
timely [2] 17/25 17/25
times [2] 15/21 37/11