**FILED**
**4/18/2018 5:21 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

12/27/2016

Page 1

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL

CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE THE MARRIAGE OF:          )

SERINA ERVIN,                   )

        Petitioner,          )

 -and-                          )  No. 04 D 1943

RAYMOND ERVIN,                  )

        Respondent.          )


    TRANSCRIPT OF PROCEEDINGS had in the

above-entitled cause on the 27th day of

December, 2016, at 9:25 a.m.


  BEFORE:  HONORABLE DANIEL L. JASICA

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

12/27/2016

```
                                                        Page 2
 1    APPEARANCES:

 2

 3     BEERMANN, PRITIKIN, MIRABELLI & SWERDLOVE,

 4     (2275 Half Day Road, Suite 350,

 5     Bannockburn, Illinois 60015,

 6     312-621-4394,

 7     jsteele@beermannlaw.com,

 8     kcooper@beermannlaw.com,

 9     MR. JONATHAN D. STEELE,

10          -and-

11     MR. KYLE COOPER,

12          Appeared on behalf of the Petitioner;

13

14     WOLF & TENNANT,

15     (33 North Dearborn Street, Suite 800,

16     Chicago, Illinois 60602,

17     312-739-0300), by:

18     MR. JAMES WOLF,

19          Appeared on behalf of the Respondent.

20

21

22

23    REPORTED BY:  KAREN ORENSTEIN, CSR, RPR,

24     CSR No. 84-4693.
```

12/27/2016

Page 3

```
 1              (WHEREUPON THE FOLLOWING

 2               PROCEEDINGS WERE HAD IN THE

 3               ABOVE-ENTITLED CAUSE ON THIS

 4               DATE.)

 5         THE COURT:  Good morning.

 6         MR. STEELE:  For the record, John Steele

 7    and Kyle Cooper on behalf of Serina Ervin.

 8         MR. WOLF:  Jim Wolf, your Honor, on

 9    behalf of Raymond Ervin.

10         THE COURT:  All right.  So I have read      09:26AM

11    the materials.  My understanding of the motion

12    is that basically the order that is cited in

13    support of the citation is an order that was

14    vacated later.

15         MR. WOLF:  That is correct, Judge.          09:26AM

16         MR. COOPER:  And the response then cites

17    to another order dated in December of -- I can't

18    remember which year -- and suggests that that's

19    the order, actually, upon which the citation

20    should have been based.  The response to that    09:26AM

21    being, well, that order was also vacated.

22         MR. WOLF:  That's correct, Judge.

23         THE COURT:  All right.  So it's your

24    motion.  I will let you argue it.
```

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**12/27/2016**

Page 4

1          MR. WOLF:  Your Honor, simply put, you

2     have correctly summarized it.  In order for

3     there to be a citation issued, there has to be a

4     valid judgment which is the predicate for the

5     citation.  Initially Counsel filed citations          09:27AM

6     allegedly based on a judgment order of May 21,

7     2008; that order, in fact, was vacated on

8     June 5th of 2008.

9               And, in fact, in their response, on

10     at least two or three occasions, Mrs. Ervin in          09:27AM

11     her response indicates that, yes, it, in fact,

12     was vacant.  And in their response, Mrs. Ervin

13     asked that the Court, in fact, allow them to

14     amend something to add this order of December 5,

15     2003.                                                  09:27AM

16               In our reply we indicated it's not

17     properly before your Honor but more so that on

18     July 30, 2004, that order, in fact, was vacated.

19     And so the initial order which was the basis for

20     the citation was vacated.                              09:28AM

21               Counsel then shifts and says, Well,

22     let's amend things and include the order of

23     December 5th of '03; however, in their response

24     they indicate the clerk told them they couldn't

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**12/27/2016**

Page 5

1    do that.  But more importantly it has been

2    vacated also.

3            So there's no judgment upon which a

4    citation can be issued, and accordingly the

5    initial citations issued should be vacated.        09:28AM

6            We would ask for an order finding

7    them null and void and directing anyone who has

8    been served with it that they shall disregard

9    it.

10       THE COURT:  Response?  And as part of        09:28AM

11   your response, I do want to hear what your

12   understanding of why the Circuit Clerk said you

13   had to go under this order, the December 2013

14   order, instead of the original order that you

15   cited in the citation.                            09:28AM

16       MR. STEELE:  Sure.  I will concede I'm

17   not the author of these two what are

18   well-written briefs, but I did read them and I

19   can distill them down to the simple arguments

20   that I think you distilled them down to, which    09:29AM

21   is that Mr. Ervin would have you believe there's

22   no enforceable judgment to entertain citation or

23   turnover proceedings.  We, of course, suggest

24   that there is.

12/27/2016

```
                                                              Page 6
 1              Now, I believe that context is
 2      everything.  And this case before you is not
 3      your typical creditor/debtor lawsuit; it's a
 4      claim regarding unpaid child support.  As
 5      perhaps the only family law attorney in the         09:29AM
 6      room, I can tell you that child support is
 7      treated vastly different under the law.  For
 8      one, just by way of example, a child support
 9      judgment does not require revival to be
10      enforceable, even if it's 15 years down the         09:29AM
11      road.  Two, laches doesn't apply to a child
12      support order.  Three, you have no ability to
13      contract child support.
14              So there are various instances in
15      which child support orders are regarded            09:29AM
16      differently under the law.  And because this
17      matter does stem from a family law matter, the
18      IMDMA, or the Illinois Marriage and Dissolution
19      of Marriage Act, is what applies as the
20      operative underlying statute.  And while it was    09:30AM
21      noted in our response, I don't believe that
22      enough emphasis was placed on the fact that
23      Section 505(d) of the Illinois Marriage and
24      Dissolution of Marriage Act clearly creates
```

12/27/2016

Page 7

1    enforceable judgment to serve as a basis for a

2    citation and turnover proceedings.

3                    Mr. Ervin, in his articulate motion

4    and reply, completely glosses over this fact.

5    And if you read Section 505(d), which we cite at      09:30AM

6    the bottom of Page 5 of our response, it clearly

7    provides that with every missed child support

8    payment, that payment automatically converts to

9    an enforceable judgment by operation of law.  So

10   to turn over the funds in this case, you need         09:30AM

11   only make a finding that he, Raymond, failed to

12   pay child support and that finding is

13   self-evident by virtue of the agreed orders that

14   have been entered in the underlying matter in

15   which Raymond stipulated to nonpayment.  And I        09:31AM

16   will tender two orders in which he stipulated.

17                    (WHEREUPON, the documents were

18                     tendered to the Court.)

19         MR. COOPER:  And these are attached to

20   your response?                                        09:31AM

21         MR. STEELE:  They are either attached to

22   the response or the reply.  And in each of those

23   orders, there's an acknowledgement that

24   Mr. Ervin did not, in fact, pay the monies that

12/27/2016

Page 8

1    were alleged to have not been paid.

2              So I submit that if you were to

3    grant this motion to quash, you would

4    essentially be finding that Section 505(d) of

5    the IMDMA is inapplicable.  You would be          09:31AM

6    releasing not a personal checking account that

7    Raymond is using to make day-to-day bill

8    payments, but you would be releasing a few life

9    insurance policies which are likely Ms. Ervin's

10   only hope of collecting support for her          09:31AM

11   children.

12             And, again, I will submit that once

13   it's gone, it's gone.  And I think this fact is

14   manifested by Mr. Ervin's behavior since the

15   issuance of our citations.  Specifically after   09:31AM

16   service of the citations, Mr. Ervin's attempted

17   to change beneficiaries on an account that had

18   been frozen.  And I offer this solely for the

19   fact that if you grant this motion, the money is

20   gone and will never be found again.              09:32AM

21             If I were wearing the robe that you

22   are wearing, I would want to be 100 percent sure

23   that 505(d) is inapplicable before I would even

24   consider quashing the citations and allowing the

LAKE-COOK REPORTING, LTD.
847-236-0773

12/27/2016

Page 9

```
 1   money to be moved out of the children's reach.
 2   When I said earlier that context is
 3   everything -- by our calculations, this man owes
 4   in excess of $1 million in child support.  And
 5   the Illinois Healthcare and Family Services        09:32AM
 6   Office has a deadbeat parents website that kind
 7   of ranks all the parents in the state of how
 8   much they owe.  And this man has got to be an
 9   honorable mention at the very least for how much
10   he owes.  He has managed to avoid supporting his  09:32AM
11   children for years through filing of appeal
12   after appeal.  He went to the Appellate Court of
13   our state twice; he went to the Seventh Circuit;
14   he went to the Seventh Circuit Court of Appeals.
15           His gamesmanship, I believe, has         09:32AM
16   run its course and cannot be permitted to
17   continue.  And I am asking that you appreciate
18   the gravity of your decision today and not take
19   it lightly.
20           We are asking that you deny the          09:33AM
21   motion and Mr. Ervin's continued efforts to keep
22   from supporting his children and order a
23   turnover of funds pursuant of 505(d), which
24   creates an enforceable judgment; or in the
```

**12/27/2016**

Page 10

 1    alternative, since Mr. Ervin completely glossed

 2    over the applicability Section 505(d), perhaps

 3    you can reserve ruling at this time and offer

 4    Mr. Ervin the opportunity to submit a brief in

 5    opposition where he actually addresses that          09:33AM

 6    issue.  Because whether or not it's the May

 7    order, the December order, the vacated order,

 8    Section 505(d) creates a judgment after the due

 9    date of every single payment.  And since he is

10    conceding he hasn't made those payments, there's     09:33AM

11    a judgment every single time.

12              Now, Section 505(d), from my

13    experience, creates a little bit of a logistical

14    issue because you issue a citation.  And there's

15    a line in the citation that says, How much does      09:33AM

16    he owe and on what basis.  So if you were to

17    follow 505(d), you would have -- by way of

18    example -- January 1, $1,000; January 2, $1,000;

19    January 3, $1,000.

20         THE COURT:  So there's an underlying            09:34AM

21    order that requires him to pay a set amount per

22    month?

23         MR. STEELE:  Correct.

24         THE COURT:  Where is that order?

**12/27/2016**

                                                              Page 11

1           MR. STEELE:  It's Exhibit A to our

2    response, which is a Canadian judgment that was

3    enrolled in Lake County which is the basis for

4    the underlying proceeding.  When I refer to it

5    being a logistical issue, unless you are to          09:34AM

6    issue a citation on every single payment, at

7    some point you have to issue it on the aggregate

8    of the underlying series of judgments that

9    Section 505(d) contemplates.

10          So, again, I think that 505(d) does         09:34AM

11   create an enforceable judgment; it does impose a

12   lien on Mr. Ervin's property based on his

13   payment of support which he admits to.  And,

14   frankly, I've heard no reply from Mr. Ervin's

15   counsel anywhere in his briefs about why 505(d)     09:35AM

16   doesn't apply.

17          So, again, we are asking that the

18   motion be denied.

19          THE COURT:  So the order that you are

20   seeking to enforce is the August 31, 2000 order     09:35AM

21   entered in Ottawa and specifically what

22   paragraph of that?

23          MR. STEELE:  Child support is set forth

24   in Paragraph 7 on Page 2.

**12/27/2016**

Page 12

```
 1          MR. COOPER:  $5,400 a month.
 2          MR. STEELE:  Correct.  And, again, this
 3   judgment was enrolled in Lake County and there
 4   was a subsequent --
 5          THE COURT:  Where is the document          09:35AM
 6   enrolling it in Lake County?
 7          MR. STEELE:  I don't believe that we've
 8   attached that, but that's how this proceeding is
 9   before the Court.  The underlying action was the
10   registration of the order and a subsequent        09:36AM
11   petition to enforce the order, which is the
12   petition for rule upon which Mr. Ervin curiously
13   appealed not once, but twice.
14          THE COURT:  For failure to pay $5,418 a
15   month?                                            09:36AM
16          MR. STEELE:  Correct.
17          THE COURT:  I'm not sure why, but I
18   don't appear to have the entire file here.
19          MR. STEELE:  It's a difficult file to
20   acquire.  Some of it is on microfilm,             09:36AM
21   microfiche.
22          THE COURT:  I'm looking for an order
23   that would have enrolled the judgment.
24              So you don't know why the clerk's
```

**12/27/2016**

Page 13

```
 1    office supposedly told your predecessor that

 2    they couldn't file it under, let's say, the

 3    enrollment order?

 4         MR. STEELE:  My understanding is that

 5    the clerk's office shouldn't be the gatekeeper      09:37AM

 6    of what can be filed.  I should be able to walk

 7    in with a ham sandwich and say, Stamp this.  But

 8    I think Mr. Cooper can address that because he

 9    was the one working with the Clerk's office.

10         MR. COOPER:  It is our understanding,          09:37AM

11    your Honor, that that 2000 case number was -- it

12    was dismissed for lack of subject matter

13    jurisdiction, which was the reason that the '04

14    case had to be filed.  It was in the '04 case

15    where there was an order enrolling the Canadian    09:37AM

16    judgment that was subsequently appealed to the

17    Second Circuit which affirmed the trial Court's

18    order enrolling the Canadian judgment.

19              Attached as Exhibit B to the

20    response is the Second District's Appellate        09:37AM

21    Court order affirming the trial Court's order

22    enrolling the Canadian judgment in Lake County

23    which serves as the basis for the underlying

24    citations.
```

**12/27/2016**

```
                                               Page 14
 1            THE COURT:  So the Second District, in
 2    their Rule 23 opinion, held that the October 7,
 3    2004 registration of judgment of the Canadian
 4    judgment in Lake County was proper?
 5            MR. COOPER:  Right.                    09:39AM
 6            THE COURT:  So why wasn't the October 7,
 7    2014 document the document upon which you based
 8    the citations?
 9            MR. STEELE:  It was.
10            MR. WOLF:  No.                         09:40AM
11            MR. STEELE:  Are you asking why we
12    didn't go under the '04 case number or why we
13    didn't go under the October 7th order?
14            THE COURT:  The October 7th order.
15            MR. STEELE:  Because the October 7th   09:40AM
16    order was simply the order that registered the
17    judgment.  That's not the order that sets forth
18    the basis for enforcement.  That's not the
19    judgment upon which we are attempting to
20    enforce.  That's just the initial order.       09:40AM
21            THE COURT:  So bottom line, what's the
22    judgment you are trying to enforce?
23            MR. STEELE:  Exhibit A, which is the
24    order that sets forth the child support
```

**12/27/2016**

Page 15

1    application.  And, again, 505(d) says, Any new

2    or existing support order entered by this Court

3    has been deemed to be a series of judgments

4    against the person obligated to pay support,

5    each such judgment to be in each amount or          09:41AM

6    installment of support and each such judgment to

7    be deemed entered as of the date of the

8    corresponding payments or sum that becomes due

9    under the terms of the support order.  Each such

10   judgment shall have the full force and effect      09:41AM

11   and attributes of any other judgments to this

12   date including the ability to be enforced.

13            So the judgment that's attached to

14   Exhibit A is the initial underlying basis for

15   the citation.  And then after the first month's    09:41AM

16   missed payment, that's a judgment; after the

17   second month, that's a judgment.

18            THE COURT:  Under what?

19            MR. STEELE:  Section 505(d).

20            THE COURT:  But under what order?         09:41AM

21            MR. STEELE:  Under the judgment that's

22   attached as Exhibit A.  I think it was

23   Paragraph 7.  Sets forth the child support

24   obligation.  And if this order was entered

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**12/27/2016**

Page 16

1    August 31st, then assuming he missed his

2    September 2000 payment, there's a $5,418 -- or

3    Canadian dollars -- judgment.  And then on

4    October 2000, there's another judgment;

5    September, another judgment; November, another    09:42AM

6    judgment.  All the way up through today.

7            THE COURT:  Not to complicate matters,

8    but if everything stems from the judgment that

9    was entered in Ottawa that got registered in

10   Lake County, then why does it matter that    09:42AM

11   there's an ongoing violation?  Why wouldn't you

12   say simply -- oh, because -- Okay.

13            So there was no back child support

14   ordered in the 2000 order out of Ottawa?

15            MR. STEELE:  That's correct.    09:42AM

16            THE COURT:  It was just a prospective

17   only?

18            MR. STEELE:  Correct.

19            THE COURT:  What I don't understand,

20   then, is how you got around to referring to an    09:42AM

21   order in the citation that's been vacated.  I

22   understand the argument you are making today,

23   and to me it makes sense.  Why wouldn't that

24   order be enforceable if it was registered in

**12/27/2016**

Page 17

1  Lake County?  But why wasn't the combination of

2  that order and the Illinois registration of that

3  order cited as the basis for the citation?  Or

4  could it be?

5          MR. STEELE:  So that's just the logic      09:43AM

6  issue that I'm referring to.  When it gives you

7  like a two -- not even -- an inch-and-a-half

8  line that says fill the date of the order in, a

9  half line that says fill in the amount of the

10  order.  And unless you were to say August 2000    09:43AM

11  order and then 5,418, 5,418, 5,418, August,

12  September, October, November, December, you

13  would have to either do a citation for every

14  single month after that judgment or you would

15  have to just reference some sort of stopping      09:43AM

16  point where you come to an aggregate.

17          THE COURT:  Why haven't you gone back to

18  the first floor to basically get a new order

19  that says, Okay, since -- I mean, it's kind of

20  odd that this matter is in this courtroom.  I     09:44AM

21  would have thought a child support matter would

22  be on the child support call.

23              But leaving that aside for the

24  moment, why wouldn't you at this point go back

**12/27/2016**

Page 18

1    and get the family law judge to say, Okay, he

2    has missed all these payments; we now have a

3    judgment in the amount of -- I don't know --

4    $400,000, and then you have a judgment from Lake

5    County with a set amount of money that you can        09:44AM

6    then enforce.

7         MR. STEELE:  The reason that I would

8    suggest that is it's not necessary.  Because of

9    Section 505(d), you don't have to reduce each

10   payment into a separate money judgment; it's       09:44AM

11   automatically created by operation of statute.

12   So we don't have to go in every single month or

13   even at the aggregate end of the month and say,

14   He missed the payments, he admitted missing the

15   payments in these orders, so convert it to a       09:45AM

16   judgment because the statute itself converts it

17   to a judgment.  It's probably one of the only

18   areas of law where we have a self-executing

19   statute that converts monies owed into a

20   judgment.                                          09:45AM

21            And it just so happens that

22   Mr. Ervin has not even disputed making the

23   payments.  He says, I didn't make them; I

24   stipulate that I didn't make them.  So we have a

**12/27/2016**

Page 19

1    judgment entered after each and every payment.

2         THE COURT:  You have a Lake County

3    judgment based on each and every missed payment

4    because the Ottawa judgment has been registered

5    in Lake County?                            09:45AM

6         MR. STEELE:  Correct.

7         THE COURT:  So let me just be clear.

8    Are you asking for leave to amend the citation

9    in the order that you are citing to, or are

10    you -- because even what you are telling me     09:45AM

11    today, though, I don't see you relying on the

12    judgment that was the judgment that was cited on

13    the citation.

14         MR. STEELE:  The order that we are

15    relying on is the judgment for dissolution, so   09:46AM

16    the judgment that's attached as Exhibit A.  But

17    the order that sets forth the money judgment is

18    an order that's entered by operation of law

19    after each and every month.  So if we were to

20    ask for leave to amend the citation, we would    09:46AM

21    either be asking to amend it to include 12

22    citations for every single year there were

23    missed payments or at some point to have an

24    aggregate total of what's owed during that time

12/27/2016

Page 20

```
 1   period.  So to the extent you want us to amend

 2   our citation --

 3            THE COURT:  I'm asking if you are

 4   seeking that at this point.

 5            MR. STEELE:  I don't think that it's        09:46AM

 6   necessary to amend the citations.  I think that

 7   the order that's enforceable by citation

 8   proceedings is the underlying judgment.  That's

 9   what gives rise to the series of judgments that

10   are entered by operation of law.                      09:46AM

11            THE COURT:  But you are not asking for

12   leave to amend cites to that judgment because

13   that, as you are telling me today, is the font

14   of all of the relief that you are seeking?

15            MR. STEELE:  To the extent your Honor        09:46AM

16   deems that to be necessary, I would ask for

17   leave to amend our citations to cite to the

18   underlying judgment for dissolution as the

19   basis, yes.  The problem with that would be

20   Counsel may come in and say it's not the            09:47AM

21   judgments that's the violations, it's the first

22   payment missed, the second payment missed, the

23   third, fourth, fifth, sixth.  That's the series

24   of the judgments that I'm enforcing.
```

**12/27/2016**

```
                                                        Page 21
 1              THE COURT:  Right.
 2              MR. STEELE:  So I'm not sure what the
 3      one-inch line, how to put in what would be like
 4      144 separate payments that are missed.  But I
 5      suppose we can get creative and try to draft our    09:47AM
 6      own form.
 7              THE COURT:  Right.  And it's really the
 8      attorney's affidavit that we are talking about,
 9      right?
10              MR. STEELE:  As far as what specific        09:47AM
11      amount is owed and on what basis, that's
12      correct.
13              THE COURT:  I'm going to take a look and
14      see if I can find that.  Here it is.  I thought
15      I saw something in your response that the          09:48AM
16      circuit clerk -- you had originally come in and
17      were citing one particular order and then the
18      circuit clerk advised you, no, you shouldn't
19      cite that, you should cite another.  Whether she
20      should -- or he, I guess, at the time -- whether   09:48AM
21      he should have done that or not is another
22      issue.
23                  But is that accurate?
24              MR. COOPER:  That is correct, your
```

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

12/27/2016

Page 22

1    Honor.  When we initially tried to file the

2    citations, it was under the 2000 case number,

3    which was -- subsequently the matter was

4    dismissed because of subject-matter

5    jurisdiction.                                    09:48AM

6          THE COURT:  That order.

7          MR. COOPER:  Right.  And then that's

8    when we are advised by the clerk to file any

9    citations under the '04 case which had enrolled

10   the 2000 Canadian judgment in Lake County.       09:49AM

11         THE COURT:  All right.  It is your

12   motion.  I will give you the last word.

13         MR. WOLF:  Thank you, your Honor.

14             I think the issue before us is

15   really pretty clear.  We are talking about the   09:49AM

16   four corners of a citation.  Supreme Court

17   Rule 277 requires that there be a certification

18   as to which judgment and the amount.  There has

19   been, obviously, a violation of Supreme Court

20   Rule 277.  The judgment that was the alleged     09:49AM

21   basis for the citations that were issued was

22   vacated.  The secondary attempt of counsels for

23   Serina, as to another judgment, that was

24   vacated.

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

12/27/2016

```
                                                        Page 23
 1              The only thing before you, your
 2    Honor, is whether these citations as served and
 3    as issued are valid.  And I submit they are
 4    absolutely invalid under Supreme Court Rule 277.
 5    They are invalid.  I think that the citations      09:50AM
 6    should be quashed.
 7              If Counsel wishes to issue further
 8    citations on a different basis, there's nothing
 9    that necessarily precludes him from doing that.
10    But these citations are invalid.                   09:50AM
11         THE COURT:  Anything that would preclude
12    me, in your opinion, from allowing him to amend
13    the citation to cite a different basis for the
14    judgment?
15         MR. WOLF:  I think there is.  First of        09:50AM
16    all, I don't think the matter is properly before
17    you.  The only matter before you is the motion
18    to quash the citations.  Secondly, what we are
19    dealing with is documents that are certified and
20    are quite simply false.  And they are knowingly    09:50AM
21    false because, first of all, they attempted to
22    file it under a different matter.  And in their
23    response they indicate that under the judgment
24    they were going to file it had been vacated.
```

**12/27/2016**

Page 24

```
 1    That is an acknowledgment by the plaintiffs in
 2    their brief.
 3              So I simply submit, you know, we
 4    are playing hopscotch here.  We are going from
 5    one to the next to the next.  And if they wish    09:51AM
 6    to have citations issued, they can do it under
 7    whatever basis they choose to do it.  But the
 8    basis they have chosen so far is invalid and
 9    admittedly invalid.
10         THE COURT:  What I'm going to try to do       09:51AM
11    is take a few minutes to see if under Rule 277
12    if there is any basis to allow them to amend.
13    So what I am going to do is pass the case.  I am
14    going to have to try and get some of these other
15    individuals out of court.  I may or may not be    09:52AM
16    ready to rule today.  So I will invite you to
17    stick around for a few minutes and I will try to
18    look at that issue.
19              (WHEREUPON, a recess was had.)
20         THE COURT:  All right, gentlemen.            10:17AM
21    Unfortunately, I don't want to make you sit
22    here.  I have a trial and then I'm going to have
23    an emergency motion coming up from chancery.  So
24    I would like to set this for a date for ruling
```

**12/27/2016**

Page 25

1  on basically any date next week.  Any

2  preferences?  Well, we are closed Monday.

3          MR. STEELE:  Would it be possible to go

4  beyond one week just because I would like the

5  opportunity to submit my -- my belief is that        10:17AM

6  the discretion to allow leave to amend is in the

7  case law as opposed to the plain language of the

8  rule and I would like the opportunity to submit

9  that.

10          THE COURT:  I was going to read the        10:17AM

11  annotation and see if I could find that.  I

12  guess I would say this, you would have to file

13  some sort of motion to that effect, and I'm not

14  granting you leave to do that; I'm not

15  precluding you from doing that.  But if your        10:18AM

16  desire is to now amend it somehow, you would

17  have to file a written motion for that.

18          MR. STEELE:  Maybe go to two weeks

19  instead of one week, then?

20          THE COURT:  Counsel, what's your        10:18AM

21  position?

22          MR. WOLF:  I would rather deal with this

23  sooner rather than later, your Honor.

24          THE COURT:  That's fine.  So I am

**12/27/2016**

Page 26

1    appreciative of the holidays.  On the other

2    hand, I'm not going to change the schedule just

3    so you can hypothetically file some motion.

4              How about January 4th or 5th in the

5    morning?                                    10:18AM

6         MR. WOLF:  The 4th is good for me, your

7    Honor.

8         MR. STEELE:  The 5th would be better for

9    me if that's possible with Counsel.

10        MR. WOLF:  I can't do it the 5th, your    10:18AM

11   Honor.  I have my wife over at Northwestern

12   Memorial Hospital.

13        THE COURT:  Well, that's obviously more

14   important.  The 4th at 9:00?

15        MR. STEELE:  I'm not available on the     10:19AM

16   4th.  I apologize.

17        THE COURT:  You want to do the afternoon

18   of January 6th?

19        MR. STEELE:  That's fine with me.

20        THE COURT:  It's a Friday.  The morning   10:19AM

21   is tax deeds, so you do not want to get behind

22   that.

23        MR. WOLF:  All right.  Let's schedule

24   it.

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

12/27/2016

Page 27

1         THE COURT:  January 6th at 1:30.

2         MR. WOLF:  Thank you, your Honor.

3         MR. STEELE:  So the only order today is

4    just continuing it?

5         THE COURT:  Yes.                          10:20AM

6         MR. WOLF:  The only point I'd make, your

7    Honor, is that if you consider that to be a

8    written motion to amend, then -- because I did

9    ask for an amendment, but they wanted to amend

10   it to the --                                   10:20AM

11        THE COURT:  They have to file a written

12   motion if they want to amend it.

13                    (WHICH WERE ALL THE PROCEEDINGS

14                     HAD IN THE ABOVE-ENTITLED CAUSE

15                     ON THIS DATE.)

16

17

18

19

20

21

22

23

24

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

**12/27/2016**

Page 28

```
 1        I, KAREN ORENSTEIN, CSR No. 84-4693, a
 2   Certified Shorthand Reporter of the State of
 3   Illinois, and a Registered Professional
 4   Reporter, do hereby certify that I reported in
 5   shorthand the proceedings had at the hearing
 6   aforesaid, and that the foregoing is a true,
 7   complete, and correct transcript of the
 8   proceedings of said hearing as appears from my
 9   stenographic notes so taken and transcribed
10   under my personal direction.
11        IN WITNESS WHEREOF, I do hereunto set my
12   hand at Bannockburn, Illinois, this 17th day of
13   April, 2018.
14
15   _____
16        KAREN ORENSTEIN, CSR No. 84-4693
17        Certified Shorthand Reporter
18
19
20
21
22
23
24
```

**LAKE-COOK REPORTING, LTD.**
**847-236-0773**

12/27/2016

**A**

**a.m** 1:12
**ability** 6:12 15:12
**able** 13:6
**above-entitled** 1:11 3:3 27:14
**absolutely** 23:4
**account** 8:6,17
**accurate** 21:23
**acknowledgement** 7:23
**acknowledgment** 24:1
**acquire** 12:20
**Act** 6:19,24
**action** 12:9
**add** 4:14
**address** 13:8
**addresses** 10:5
**admits** 11:13
**admitted** 18:14
**admittedly** 24:9
**advised** 21:18 22:8
**affidavit** 21:8
**affirmed** 13:17
**affirming** 13:21
**aforesaid** 28:6
**afternoon** 26:17
**aggregate** 11:7 17:16 18:13 19:24
**agreed** 7:13
**alleged** 8:1 22:20
**allegedly** 4:6
**allow** 4:13 24:12 25:6
**allowing** 8:24 23:12
**alternative** 10:1
**amend** 4:14,22 19:8,20,21 20:1,6 20:12,17 23:12 24:12 25:6,16 27:8,9,12
**amendment** 27:9
**amount** 10:21 15:5

17:9 18:3,5 21:11 22:18
**and-** 1:6 2:10
**annotation** 25:11
**apologize** 26:16
**appeal** 9:11,12
**appealed** 12:13 13:16
**Appeals** 9:14
**appear** 12:18
**APPEARANCES** 2:1
**Appeared** 2:12,19
**appears** 28:8
**Appellate** 9:12 13:20
**applicability** 10:2
**application** 15:1
**applies** 6:19
**apply** 6:11 11:16
**appreciate** 9:17
**appreciative** 26:1
**April** 28:13
**areas** 18:18
**argue** 3:24
**argument** 16:22
**arguments** 5:19
**articulate** 7:3
**aside** 17:23
**asked** 4:13
**asking** 9:17,20 11:17 14:11 19:8 19:21 20:3,11
**assuming** 16:1
**attached** 7:19,21 12:8 13:19 15:13 15:22 19:16
**attempt** 22:22
**attempted** 8:16 23:21
**attempting** 14:19
**attorney** 6:5
**attorney's** 21:8
**attributes** 15:11
**August** 11:20 16:1 17:10,11

**author** 5:17
**automatically** 7:8 18:11
**available** 26:15
**avoid** 9:10

**B**

**B** 13:19
**back** 16:13 17:17 17:24
**Bannockburn** 2:5 28:12
**based** 3:20 4:6 11:12 14:7 19:3
**basically** 3:12 17:18 25:1
**basis** 4:19 7:1 10:16 11:3 13:23 14:18 15:14 17:3 20:19 21:11 22:21 23:8,13 24:7,8,12
**BEERMANN** 2:3
**behalf** 2:12,19 3:7 3:9
**behavior** 8:14
**belief** 25:5
**believe** 5:21 6:1,21 9:15 12:7
**beneficiaries** 8:17
**better** 26:8
**beyond** 25:4
**bill** 8:7
**bit** 10:13
**bottom** 7:6 14:21
**brief** 10:4 24:2
**briefs** 5:18 11:15

**C**

**calculations** 9:3
**call** 17:22
**Canadian** 11:2 13:15,18,22 14:3 16:3 22:10
**case** 6:2 7:10 13:11 13:14,14 14:12 22:2,9 24:13 25:7

**cause** 1:11 3:3 27:14
**certification** 22:17
**certified** 23:19 28:2 28:17
**certify** 28:4
**chancery** 24:23
**change** 8:17 26:2
**checking** 8:6
**Chicago** 2:16
**child** 6:4,6,8,11,13 6:15 7:7,12 9:4 11:23 14:24 15:23 16:13 17:21,22
**children** 8:11 9:11 9:22
**children's** 9:1
**choose** 24:7
**chosen** 24:8
**circuit** 1:1,2 5:12 9:13,14 13:17 21:16,18
**citation** 3:13,19 4:3 4:5,20 5:4,15,22 7:2 10:14,15 11:6 15:15 16:21 17:3 17:13 19:8,13,20 20:2,7 22:16 23:13
**citations** 4:5 5:5 8:15,16,24 13:24 14:8 19:22 20:6 20:17 22:2,9,21 23:2,5,8,10,18 24:6
**cite** 7:5 20:17 21:19 21:19 23:13
**cited** 3:12 5:15 17:3 19:12
**cites** 3:16 20:12
**citing** 19:9 21:17
**claim** 6:4
**clear** 19:7 22:15
**clearly** 6:24 7:6
**clerk** 4:24 5:12 21:16,18 22:8

**clerk's** 12:24 13:5,9
**closed** 25:2
**collecting** 8:10
**combination** 17:1
**come** 17:16 20:20 21:16
**coming** 24:23
**complete** 28:7
**completely** 7:4 10:1
**complicate** 16:7
**concede** 5:16
**conceding** 10:10
**consider** 8:24 27:7
**contemplates** 11:9
**context** 6:1 9:2
**continue** 9:17
**continued** 9:21
**continuing** 27:4
**contract** 6:13
**convert** 18:15
**converts** 7:8 18:16 18:19
**Cooper** 2:11 3:7,16 7:19 12:1 13:8,10 14:5 21:24 22:7
**corners** 22:16
**correct** 3:15,22 10:23 12:2,16 16:15,18 19:6 21:12,24 28:7
**correctly** 4:2
**corresponding** 15:8
**counsel** 4:5,21 11:15 20:20 23:7 25:20 26:9
**counsels** 22:22
**County** 1:2 11:3 12:3,6 13:22 14:4 16:10 17:1 18:5 19:2,5 22:10
**course** 5:23 9:16
**court** 1:1 3:5,10,23 4:13 5:10 7:18 9:12,14 10:20,24

LAKE-COOK REPORTING, LTD.
847-236-0773

12/27/2016

11:19 12:5,9,14
12:17,22 13:21
14:1,6,14,21 15:2
15:18,20 16:7,16
16:19 17:17 19:2
19:7 20:3,11 21:1
21:7,13 22:6,11
22:16,19 23:4,11
24:10,15,20 25:10
25:20,24 26:13,17
26:20 27:1,5,11
**Court's** 13:17,21
**courtroom** 17:20
**create** 11:11
**created** 18:11
**creates** 6:24 9:24
10:8,13
**creative** 21:5
**creditor/debtor** 6:3
**CSR** 2:23,24 28:1
28:16
**curiously** 12:12

**D**

**D** 1:6 2:9
**DANIEL** 1:14
**date** 3:4 10:9 15:7
15:12 17:8 24:24
25:1 27:15
**dated** 3:17
**day** 1:11 2:4 28:12
**day-to-day** 8:7
**deadbeat** 9:6
**deal** 25:22
**dealing** 23:19
**Dearborn** 2:15
**December** 1:12
3:17 4:14,23 5:13
10:7 17:12
**decision** 9:18
**deeds** 26:21
**deemed** 15:3,7
**deems** 20:16
**denied** 11:18
**deny** 9:20
**desire** 25:16

**different** 6:7 23:8
23:13,22
**differently** 6:16
**difficult** 12:19
**directing** 5:7
**direction** 28:10
**discretion** 25:6
**dismissed** 13:12
22:4
**disputed** 18:22
**disregard** 5:8
**dissolution** 6:18,24
19:15 20:18
**distill** 5:19
**distilled** 5:20
**District** 14:1
**District's** 13:20
**document** 12:5
14:7,7
**documents** 7:17
23:19
**doing** 23:9 25:15
**dollars** 16:3
**draft** 21:5
**due** 10:8 15:8

**E**

**earlier** 9:2
**effect** 15:10 25:13
**efforts** 9:21
**either** 7:21 17:13
19:21
**emergency** 24:23
**emphasis** 6:22
**enforce** 11:20
12:11 14:20,22
18:6
**enforceable** 5:22
6:10 7:1,9 9:24
11:11 16:24 20:7
**enforced** 15:12
**enforcement** 14:18
**enforcing** 20:24
**enrolled** 11:3 12:3
12:23 22:9
**enrolling** 12:6

13:15,18,22
**enrollment** 13:3
**entered** 7:14 11:21
15:2,7,24 16:9
19:1,18 20:10
**entertain** 5:22
**entire** 12:18
**Ervin** 1:4,7 3:7,9
4:10,12 5:21 7:3
7:24 10:1,4 12:12
18:22
**Ervin's** 8:9,14,16
9:21 11:12,14
**essentially** 8:4
**example** 6:8 10:18
**excess** 9:4
**Exhibit** 11:1 13:19
14:23 15:14,22
19:16
**existing** 15:2
**experience** 10:13
**extent** 20:1,15

**F**

**fact** 4:7,9,11,13,18
6:22 7:4,24 8:13
8:19
**failed** 7:11
**failure** 12:14
**false** 23:20,21
**family** 6:5,17 9:5
18:1
**far** 21:10 24:8
**fifth** 20:23
**file** 12:18,19 13:2
22:1,8 23:22,24
25:12,17 26:3
27:11
**filed** 4:5 13:6,14
**filing** 9:11
**fill** 17:8,9
**find** 21:14 25:11
**finding** 5:6 7:11,12
8:4
**fine** 25:24 26:19
**first** 15:15 17:18

20:21 23:15,21
**floor** 17:18
**follow** 10:17
**FOLLOWING** 3:1
**font** 20:13
**force** 15:10
**foregoing** 28:6
**form** 21:6
**forth** 11:23 14:17
14:24 15:23 19:17
**found** 8:20
**four** 22:16
**fourth** 20:23
**frankly** 11:14
**Friday** 26:20
**frozen** 8:18
**full** 15:10
**funds** 7:10 9:23
**further** 23:7

**G**

**gamesmanship**
9:15
**gatekeeper** 13:5
**gentlemen** 24:20
**give** 22:12
**gives** 17:6 20:9
**glossed** 10:1
**glosses** 7:4
**go** 5:13 14:12,13
17:24 18:12 25:3
25:18
**going** 21:13 23:24
24:4,10,13,14,22
25:10 26:2
**good** 3:5 26:6
**grant** 8:3,19
**granting** 25:14
**gravity** 9:18
**guess** 21:20 25:12

**H**

**half** 2:4 17:9
**ham** 13:7
**hand** 26:2 28:12
**happens** 18:21

**Healthcare** 9:5
**hear** 5:11
**heard** 11:14
**hearing** 28:5,8
**held** 14:2
**hereunto** 28:11
**holidays** 26:1
**Honor** 3:8 4:1,17
13:11 20:15 22:1
22:13 23:2 25:23
26:7,11 27:2,7
**honorable** 1:14 9:9
**hope** 8:10
**hopscotch** 24:4
**Hospital** 26:12
**hypothetically** 26:3

**I**

**Illinois** 1:2 2:5,16
6:18,23 9:5 17:2
28:3,12
**IMDMA** 6:18 8:5
**important** 26:14
**importantly** 5:1
**impose** 11:11
**inapplicable** 8:5,23
**inch-and-a-half**
17:7
**include** 4:22 19:21
**including** 15:12
**indicate** 4:24 23:23
**indicated** 4:16
**indicates** 4:11
**individuals** 24:15
**initial** 4:19 5:5
14:20 15:14
**initially** 4:5 22:1
**installment** 15:6
**instances** 6:14
**insurance** 8:9
**invalid** 23:4,5,10
24:8,9
**invite** 24:16
**issuance** 8:15
**issue** 10:6,14,14
11:5,6,7 17:6

12/27/2016

[Page 3]

21:22 22:14 23:7
24:18
**issued** 4:3 5:4,5
22:21 23:3 24:6

**J**

**JAMES** 2:18
**January** 10:18,18
10:19 26:4,18
27:1
**JASICA** 1:14
**Jim** 3:8
**John** 3:6
**JONATHAN** 2:9
**jsteele@beerma...**
2:7
**judge** 3:15,22 18:1
**judgment** 4:4,6 5:3
5:22 6:9 7:1,9
9:24 10:8,11 11:2
11:11 12:3,23
13:16,18,22 14:3
14:4,17,19,22
15:5,6,10,13,16
15:17,21 16:3,4,5
16:6,8 17:14 18:3
18:4,10,16,17,20
19:1,3,4,12,12,15
19:16,17 20:8,12
20:18 22:10,18,20
22:23 23:14,23
**judgments** 11:8
15:3,11 20:9,21
20:24
**JUDICIAL** 1:1
**July** 4:18
**June** 4:8
**jurisdiction** 13:13
22:5

**K**

**KAREN** 2:23 28:1
28:16
**kcooper@beerm...**
2:8
**keep** 9:21

**kind** 9:6 17:19
**know** 12:24 18:3
24:3
**knowingly** 23:20
**Kyle** 2:11 3:7

**L**

**L** 1:14
**laches** 6:11
**lack** 13:12
**Lake** 1:2 11:3 12:3
12:6 13:22 14:4
16:10 17:1 18:4
19:2,5 22:10
**language** 25:7
**law** 6:5,7,16,17 7:9
18:1,18 19:18
20:10 25:7
**lawsuit** 6:3
**leave** 19:8,20 20:12
20:17 25:6,14
**leaving** 17:23
**let's** 4:22 13:2
26:23
**lien** 11:12
**life** 8:8
**lightly** 9:19
**line** 10:15 14:21
17:8,9 21:3
**little** 10:13
**logic** 17:5
**logistical** 10:13
11:5
**look** 21:13 24:18
**looking** 12:22

**M**

**making** 16:22
18:22
**man** 9:3,8
**managed** 9:10
**manifested** 8:14
**Marriage** 1:3 6:18
6:19,23,24
**materials** 3:11
**matter** 6:17,17

7:14 13:12 16:10
17:20,21 22:3
23:16,17,22
**matters** 16:7
**mean** 17:19
**Memorial** 26:12
**mention** 9:9
**microfiche** 12:21
**microfilm** 12:20
**million** 9:4
**minutes** 24:11,17
**MIRABELLI** 2:3
**missed** 7:7 15:16
16:1 18:2,14 19:3
19:23 20:22,22
21:4
**missing** 18:14
**moment** 17:24
**Monday** 25:2
**money** 8:19 9:1
18:5,10 19:17
**monies** 7:24 18:19
**month** 10:22 12:1
12:15 15:17 17:14
18:12,13 19:19
**month's** 15:15
**morning** 3:5 26:5
26:20
**motion** 3:11,24 7:3
8:3,19 9:21 11:18
22:12 23:17 24:23
25:13,17 26:3
27:8,12
**moved** 9:1

**N**

**necessarily** 23:9
**necessary** 18:8
20:6,16
**need** 7:10
**never** 8:20
**new** 15:1 17:18
**NINETEENTH**
1:1
**nonpayment** 7:15
**North** 2:15

**Northwestern**
26:11
**noted** 6:21
**notes** 28:9
**November** 16:5
17:12
**null** 5:7
**number** 13:11
14:12 22:2

**O**

**obligated** 15:4
**obligation** 15:24
**obviously** 22:19
26:13
**occasions** 4:10
**October** 14:2,6,13
14:14,15 16:4
17:12
**odd** 17:20
**offer** 8:18 10:3
**office** 9:6 13:1,5,9
**oh** 16:12
**Okay** 16:12 17:19
18:1
**once** 8:12 12:13
**one-inch** 21:3
**ongoing** 16:11
**operation** 7:9
18:11 19:18 20:10
**operative** 6:20
**opinion** 14:2 23:12
**opportunity** 10:4
25:5,8
**opposed** 25:7
**opposition** 10:5
**order** 3:12,13,17
3:19,21 4:2,6,7,14
4:18,19,22 5:6,13
5:14,14 6:12 9:22
10:7,7,7,21,24
11:19,20 12:10,11
12:22 13:3,15,18
13:21,21 14:13,14
14:16,16,17,20,24
15:2,9,20,24

16:14,21,24 17:2
17:3,8,10,11,18
19:9,14,17,18
20:7 21:17 22:6
27:3
**ordered** 16:14
**orders** 6:15 7:13,16
7:23 18:15
**ORENSTEIN** 2:23
28:1,16
**original** 5:14
**originally** 21:16
**Ottawa** 11:21 16:9
16:14 19:4
**owe** 9:8 10:16
**owed** 18:19 19:24
21:11
**owes** 9:3,10

**P**

**Page** 7:6 11:24
**paid** 8:1
**paragraph** 11:22
11:24 15:23
**parents** 9:6,7
**part** 5:10
**particular** 21:17
**pass** 24:13
**pay** 7:12,24 10:21
12:14 15:4
**payment** 7:8,8 10:9
11:6,13 15:16
16:2 18:10 19:1,3
20:22,22
**payments** 8:8
10:10 15:8 18:2
18:14,15,23 19:23
21:4
**percent** 8:22
**period** 20:1
**permitted** 9:16
**person** 15:4
**personal** 8:6 28:10
**petition** 12:11,12
**Petitioner** 1:5 2:12
**placed** 6:22

12/27/2016

**plain** 25:7
**plaintiffs** 24:1
**playing** 24:4
**point** 11:7 17:16,24
  19:23 20:4 27:6
**policies** 8:9
**position** 25:21
**possible** 25:3 26:9
**preclude** 23:11
**precludes** 23:9
**precluding** 25:15
**predecessor** 13:1
**predicate** 4:4
**preferences** 25:2
**pretty** 22:15
**PRITIKIN** 2:3
**probably** 18:17
**problem** 20:19
**proceeding** 11:4
  12:8
**proceedings** 1:10
  3:2 5:23 7:2 20:8
  27:13 28:5,8
**Professional** 28:3
**proper** 14:4
**properly** 4:17
  23:16
**property** 11:12
**prospective** 16:16
**provides** 7:7
**pursuant** 9:23
**put** 4:1 21:3

**Q**

**quash** 8:3 23:18
**quashed** 23:6
**quashing** 8:24
**quite** 23:20

**R**

**ranks** 9:7
**Raymond** 1:7 3:9
  7:11,15 8:7
**reach** 9:1
**read** 3:10 5:18 7:5
  25:10

**ready** 24:16
**really** 21:7 22:15
**reason** 13:13 18:7
**recess** 24:19
**record** 3:6
**reduce** 18:9
**refer** 11:4
**reference** 17:15
**referring** 16:20
  17:6
**regarded** 6:15
**regarding** 6:4
**registered** 14:16
  16:9,24 19:4 28:3
**registration** 12:10
  14:3 17:2
**releasing** 8:6,8
**relief** 20:14
**relying** 19:11,15
**remember** 3:18
**reply** 4:16 7:4,22
  11:14
**reported** 2:23 28:4
**Reporter** 28:2,4,17
**require** 6:9
**requires** 10:21
  22:17
**reserve** 10:3
**Respondent** 1:8
  2:19
**response** 3:16,20
  4:9,11,12,23 5:10
  5:11 6:21 7:6,20
  7:22 11:2 13:20
  21:15 23:23
**revival** 6:9
**right** 3:10,23 14:5
  21:1,7,9 22:7,11
  24:20 26:23
**rise** 20:9
**road** 2:4 6:11
**robe** 8:21
**room** 6:6
**RPR** 2:23
**rule** 12:12 14:2
  22:17,20 23:4

24:11,16 25:8
**ruling** 10:3 24:24
**run** 9:16

**S**

**sandwich** 13:7
**saw** 21:15
**says** 4:21 10:15
  15:1 17:8,9,19
  18:23
**schedule** 26:2,23
**second** 13:17,20
  14:1 15:17 20:22
**secondary** 22:22
**Secondly** 23:18
**Section** 6:23 7:5
  8:4 10:2,8,12 11:9
  15:19 18:9
**see** 19:11 21:14
  24:11 25:11
**seeking** 11:20 20:4
  20:14
**self-evident** 7:13
**self-executing**
  18:18
**sense** 16:23
**separate** 18:10
  21:4
**September** 16:2,5
  17:12
**series** 11:8 15:3
  20:9,23
**Serina** 1:4 3:7
  22:23
**serve** 7:1
**served** 5:8 23:2
**serves** 13:23
**service** 8:16
**Services** 9:5
**set** 10:21 11:23
  18:5 24:24 28:11
**sets** 14:17,24 15:23
  19:17
**Seventh** 9:13,14
**shifts** 4:21
**shorthand** 28:2,5

28:17
**simple** 5:19
**simply** 4:1 14:16
  16:12 23:20 24:3
**single** 10:9,11 11:6
  17:14 18:12 19:22
**sit** 24:21
**sixth** 20:23
**solely** 8:18
**sooner** 25:23
**sort** 17:15 25:13
**specific** 21:10
**specifically** 8:15
  11:21
**Stamp** 13:7
**state** 9:7,13 28:2
**statute** 6:20 18:11
  18:16,19
**Steele** 2:9 3:6,6
  5:16 7:21 10:23
  11:1,23 12:2,7,16
  12:19 13:4 14:9
  14:11,15,23 15:19
  15:21 16:15,18
  17:5 18:7 19:6,14
  20:5,15 21:2,10
  25:3,18 26:8,15
  26:19 27:3
**stem** 6:17
**stems** 16:8
**stenographic** 28:9
**stick** 24:17
**stipulate** 18:24
**stipulated** 7:15,16
**stopping** 17:15
**Street** 2:15
**subject** 13:12
**subject-matter**
  22:4
**submit** 8:2,12 10:4
  23:3 24:3 25:5,8
**subsequent** 12:4,10
**subsequently** 13:16
  22:3
**suggest** 5:23 18:8
**suggests** 3:18

**Suite** 2:4,15
**sum** 15:8
**summarized** 4:2
**support** 3:13 6:4,6
  6:8,12,13,15 7:7
  7:12 8:10 9:4
  11:13,23 14:24
  15:2,4,6,9,23
  16:13 17:21,22
**supporting** 9:10,22
**suppose** 21:5
**supposedly** 13:1
**Supreme** 22:16,19
  23:4
**sure** 5:16 8:22
  12:17 21:2
**SWERDLOVE** 2:3

**T**

**take** 9:18 21:13
  24:11
**taken** 28:9
**talking** 21:8 22:15
**tax** 26:21
**tell** 6:6
**telling** 19:10 20:13
**tender** 7:16
**tendered** 7:18
**TENNANT** 2:14
**terms** 15:9
**Thank** 22:13 27:2
**thing** 23:1
**things** 4:22
**think** 5:20 8:13
  11:10 13:8 15:22
  20:5,6 22:14 23:5
  23:15,16
**third** 20:23
**thought** 17:21
  21:14
**three** 4:10 6:12
**time** 10:3,11 19:24
  21:20
**today** 9:18 16:6,22
  19:11 20:13 24:16
  27:3

12/27/2016

told 4:24 13:1
total 19:24
transcribed 28:9
transcript 1:10
28:7
treated 6:7
trial 13:17,21 24:22
tried 22:1
true 28:6
try 21:5 24:10,14
24:17
trying 14:22
turn 7:10
turnover 5:23 7:2
9:23
twice 9:13 12:13
two 4:10 5:17 6:11
7:16 17:7 25:18
typical 6:3

**U**

underlying 6:20
7:14 10:20 11:4,8
12:9 13:23 15:14
20:8,18
understand 16:19
16:22
understanding
3:11 5:12 13:4,10
Unfortunately
24:21
unpaid 6:4

**V**

vacant 4:12
vacated 3:14,21 4:7
4:18,20 5:2,5 10:7
16:21 22:22,24
23:24
valid 4:4 23:3
various 6:14
vastly 6:7
violation 16:11
22:19
violations 20:21
virtue 7:13

void 5:7

**W**

walk 13:6
want 5:11 8:22
20:1 24:21 26:17
26:21 27:12
wanted 27:9
wasn't 14:6 17:1
way 6:8 10:17 16:6
we've 12:7
wearing 8:21,22
website 9:6
week 25:1,4,19
weeks 25:18
well-written 5:18
went 9:12,13,14
WHEREOF 28:11
wife 26:11
wish 24:5
wishes 23:7
WITNESS 28:11
Wolf 2:14,18 3:8,8
3:15,22 4:1 14:10
22:13 23:15 25:22
26:6,10,23 27:2,6
word 22:12
working 13:9
wouldn't 16:11,23
17:24
written 25:17 27:8
27:11

**X**

**Y**

year 3:18 19:22
years 6:10 9:11

**Z**

**0**

03 4:23
04 1:6 13:13,14
14:12 22:9
09:26AM 3:10,15

3:20
09:27AM 4:5,10,15
09:28AM 4:20 5:5
5:10,15
09:29AM 5:20 6:5
6:10,15
09:30AM 6:20 7:5
7:10
09:31AM 7:15,20
8:5,10,15
09:32AM 8:20 9:5
9:10,15
09:33AM 9:20 10:5
10:10,15
09:34AM 10:20
11:5,10
09:35AM 11:15,20
12:5
09:36AM 12:10,15
12:20
09:37AM 13:5,10
13:15,20
09:39AM 14:5
09:40AM 14:10,15
14:20
09:41AM 15:5,10
15:15,20
09:42AM 16:5,10
16:15,20
09:43AM 17:5,10
17:15
09:44AM 17:20
18:5,10
09:45AM 18:15,20
19:5,10
09:46AM 19:15,20
20:5,10,15
09:47AM 20:20
21:5,10
09:48AM 21:15,20
22:5
09:49AM 22:10,15
22:20
09:50AM 23:5,10
23:15,20
09:51AM 24:5,10

09:52AM 24:15

**1**

1 9:4 10:18
1,000 10:18,18,19
1:30 27:1
10:17AM 24:20
25:5,10
10:18AM 25:15,20
26:5,10
10:19AM 26:15,20
10:20AM 27:5,10
100 8:22
12 19:21
144 21:4
15 6:10
17th 28:12
1943 1:6

**2**

2 10:18 11:24
2000 11:20 13:11
16:2,4,14 17:10
22:2,10
2003 4:15
2004 4:18 14:3
2008 4:7,8
2013 5:13
2014 14:7
2016 1:12
2018 28:13
21 4:6
2275 2:4
23 14:2
277 22:17,20 23:4
24:11
27th 1:11

**3**

3 10:19
30 4:18
31 11:20
312-621-4394 2:6
312-739-0300 2:17
31st 16:1
33 2:15

350 2:4

**4**

400,000 18:4
4th 26:4,6,14,16

**5**

5 4:14 7:6
5,400 12:1
5,418 12:14 16:2
17:11,11,11
505(d) 6:23 7:5 8:4
8:23 9:23 10:2,8
10:12,17 11:9,10
11:15 15:1,19
18:9
5th 4:8,23 26:4,8
26:10

**6**

60015 2:5
60602 2:16
6th 26:18 27:1

**7**

7 11:24 14:2,6
15:23
7th 14:13,14,15

**8**

800 2:15
84-4693 2:24 28:1
28:16

**9**

9:00 26:14
9:25 1:12