# AFFIDAVIT OF RAYMOND N. ERVIN

Raymond Nathaniel Ervin, on oath, states:

1. I currently reside at 331 Springside Lane, Buffalo Grove, Lake County, Illinois 60089.

2. On or about May 2011 I was contacted by telephone by a female agent of the Illinois Department of Healthcare and Family Services Division of Child Support Services, wherein I acknowledged receipt of their notice to me earlier that month.

3. In response to the agent's inquiry as to my delinquency of an amount of or about $330,055.25 and why I had not been paying my child support I cordially provided the following answers:

    a.) That the order upon which the claim was made was a fraudulent attempt by Sarina Ervin to shield her from Parental Kidnapping and Child Abduction charges.

    b.) That the Order that the agent referenced was not in compliance with UIFSA and that Sarina Ervin is a Canadian citizen who doesn't reside in the United States nor do the children and do not have a relationship with Illinois.

    c.) That the Order was based on bogus income data and that I had never made more than about $20,000/year and that I was presently unemployed and permanently disabled by a broken neck.

    d.) That my children had benefit of an irrevocable childcare trust that regularly provided for them and that I had paid child support in the amount of $1,083.60/month until I broke my neck in October 2004.

    e.) That I was amenable to having the State of Illinois put a child support order in place based of my Social Security and Federal Income Tax records and would at the very least comply with Illinois law by paying the minimum despite my present situation.

4. The agent stated that she was shocked and unaware of this information and would have to refer the matter to her supervisor.

5. I then gave her the contact information for Ms. Gwen Barlow, Esq. and we politely concluded the conversation.

6. Further, Affiant sayeth nothing.


Under penalties as provided by the law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes that same to be true.

_____  _4 March 2017_____
Raymond N. Ervin                    Date

# AFFIDAVIT OF GWENDOLYN BARLOW ERVIN

Gwendolyn Barlow Ervin, on oath, states:

1. I currently reside at 331 Springside Lane, Buffalo Grove, Lake County, Illinois 60089.

2. I am a licensed attorney in the State of Illinois, Number 6274519.

3. I was one of the attorneys who represented Raymond N. Ervin in *Sarina Ervin vs. Raymond Ervin*, Case No. 04 D 1943.

4. I was contacted by an agent of The Illinois Department of Healthcare and Family Services, Division of Child Support Services ("Agency") in May 2011 who explained that the Agency had been requested by Sarina Ervin to collect child support payments from Raymond Ervin.

5. The Agent explained that she had been in contact via phone and email several times with Sarina Ervin who complained that she could no longer contact her former attorney to handle the matter because she had an outstanding bill of $350,000 and the attorney refused to represent her or take her calls. The Agent indicated that Sarina was rude and demanding each time that she communicated with her because the Agency was not acting quickly enough.

6. I explained that Mr. Ervin had broken his neck in 2004 and was disabled and unemployed.

7. The Agent further stated that upon investigation, the Agency found that Raymond N. Ervin only received unemployment compensation from the State of Illinois at the time and had no other source of income because he was not working. She added that the monthly unemployment payment would be insufficient to satisfy the monthly child support payment in the order supplied by Sarina Ervin. She noted the inconsistency in the requested monthly payment and the total amount stated in delinquency. She closed by stating that the Agency would not be pursuing collection of the child support as Mr. Ervin lacked the funds to pay, based on the outcome of their investigation.

8. Based on the Income Withholding For Support Notice dated May 11, 2011 from the Agency, the monthly support was listed as $1,083.60, which would compute to 304 months or 25.4 years of child support. Mr. Ervin was current on child support payments until he broke his neck in 2004; so it unclear how this was computed. In addition, the amount stated in the Order from Canada and the Third Party Respondent Citation is listed as $5,418.00 per month; over five times the amount designated by the State of Illinois.

9. To this date, I have not been contacted any further by the Agency.

10. Further, Affiant sayeth nothing.

Under penalties as provided by the law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes that same to be true.

_____  
Gwendolyn Barlow Ervin

_March 7 2017_  
Date