# IN THE CIRCUIT COURT, LAKE COUNTY ILLINOIS

## CERTIFICATE OF MAILING
## THIRD PARTY CITATION NOTICE

SARINA ERVIN
_____
**Judgment Creditor**

NO. __04 D 1943_____

v.

RAYMOND N. ERVIN
_____
**Judgment Debtor**

Social Security Administration
_____
**Citation Respondent**

      I hereby certify that, within 3 business days of service of the citation and citation notice upon a person or party other than the judgment debtor, I served upon the judgment debtor the following:

1. Either a copy of the underlying judgment or a certificate by the clerk of the court entered the judgment or the attorney for judgment creditor setting forth the amount of the judgment, the name of that court, and the number of the case,

2. a copy of the citation served upon the third person or party, and

3. a copy of the citation notice.

DATE: __8/13/2019_____

_Sara Baucher_____
**Signature**

**ERIN CARTWRIGHT WEINSTEIN, CLERK OF THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**

171-18    12/16

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 04 D 1943 |
| | ) | |
| RAYMOND ERVIN, | ) | |
| Respondent. | ) | |
| And | ) | |
| Social Security Administration, | ) | |
| Third Party Respondent | ) | |

## <u>CITATION TO DISCOVER ASSETS TO A THIRD PARTY</u>

To:  **<u>Via Certified Mail (Receipt #7018 2290 0001 0381 1926)</u>**
Social Security Administration
Attn: General Counsel
Altmeyer Building, Room 611
6401 Security Boulevard
Baltimore, MD 21235

YOU ARE REQUIRED to appear and/or file your answer to this Citation on the form enclosed herewith (or other appropriate answer) on September 3, 2019 at 9:00 am in Courtroom C-306 of the Circuit Court of Lake County, 18 N. County Street, Waukegan, Illinois 60085.

A judgment against Raymond Ervin (judgment debtor) was entered on July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007, a copy of the Judgment and Enrolling Order is attached, and $595,163.14 (excluding interest) remains unsatisfied.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due the judgment debtor until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the balance due. If requested, you must produce documents and/or records containing information concerning the property or income of the Judgement Debtor.

**WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

**NOTE: Your written answer is sufficient for your appearance unless you received a further order to personally appear in court.**

1

## CERTIFICATE OF ATTORNEY OR JUDGMENT DEBTOR

Judgment Amount: $5,418.00 (CA) per month          Balance due: $595,163.14 (excluding interest)
Date of Judgment/Revival: July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007 in Lake County.
Name of Court Entering Judgment: Canada, Ontario Superior Court; registered in Lake County.

**The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the information contained herein is true and correct.**

**Attorney for Petitioner**

WITNESS:          8/12/2019

CLERK OF COURT          TW

Beermann, LLP
161 N. Clark Street, Suite 3000
Chicago, IL 60601
P: (312) 621-9600
jsteele@beermannlaw.com
ARDC: 6320477

2

# RIDER TO CITATION TO DISCOVER ASSETS

To: Social Security Administration
Attn: General Counsel
Altmeyer Building, Room 611
6401 Security Boulevard
Baltimore, MD 21235

You are commanded to produce and bring for examination copies of all books and records relating to your income or assets, including but not limited to the following:

1. True, correct and complete copies of any and all documents which evidence the current amount received by Raymond Ervin as and for his monthly Social Security Benefits payments.

2. A completed copy of the attached Third Party Respondent Answer to Citation Proceedings.

3

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

Case No. 04 D 1943 _____

Hearing Date 9|3|2019

## THIRD PARTY RESPONDENT ANSWER TO CITATION PROCEEDINGS

_____, certifies under penalty of perjury that with regard to the property of the judgment
(Citation Respondent)
debtor, the Citation Respondent files the following answers to this Citation to Discover Assets and is in possession of the
following property of the judgment debtor.

Circle one or more of the following and indicate the amount held:

A)   Savings Account (Amount withheld) $ _____

B)   Checking and/or Now Account (Amount withheld) $ _____

C)   Certificate of Deposit (Amount held) $ _____

D)   Money Market Account (Amount held) $ _____

E)   Trust Account (Amount held) $ _____

F)   Safety Deposit Box $ _____

G)   No Accounts _____

H)   Adverse Claimant: Name _____Address _____

I)   Wages, Salary or Commissions _____

J)   Other Personal Property (Describe) _____

Attach a sheet for any additional information required by the Citation

Sub-Total _____

Less right of offset for other loans _____

Less deduction for fees limited by
205 ILCS 5/48.1   _____      Total _____

According to the business records kept by the Citation Respondent, we show the above information to be correct.

_____
Agent for Citation Respondent

Respondent/Agent:

_____
Date

Agent Name _____

Business Name _____

Address _____
        _____

Phone _____

Fax _____

NOTE: A copy of this Answer should be mailed to the Court, Attorney for Plaintiff or Judgment Creditor and the Defendant

171-131 Rev. 10/13



ONTARIO SUPERIOR COURT OF JUSTICE
FAMILY COURT

at 161 Elgin Street, Ottawa, ON

SUPERIOR COURT OF JUSTICE AT OTTAWA

AUG 30 2000
COUR

DÉPOSÉ À LA COUR
SUPÉRIEURE DE JUSTICE À OTTAWA

Court File Number
57492/98

Form 25: Order
(General)
☐ Final

Justice Jennifer Mackinnon

_____
Judge

| Applicant(s) | Lawyer |
|---|---|
| Sarina Ervin<br>34 Hammill Court<br>Nepean, ON | Roble S. Loomer<br>157 McLeod Street<br>Ottawa, ON<br>K2P 0Z6<br>tel - 567-8223 fax 567-8312<br>Box 206 |

July 5, 2000

_____
date of order

| Respondent(s) | Lawyer |
|---|---|
| Raymond Ervin<br>331 Springfield Lane<br>Buffalo Grove, Illinois<br>USA 60061 | |

The court heard an application made by Sarina Ervin

The following persons were in court: Sarina Ervin and Roble S. Loomer

The court received evidence from Sarina Ervin and heard submissions on behalf of her

# THIS COURT ORDERS THAT:

## Custody
1. The Applicant, Sarina Ervin, shall have sole custody of the children of the marriage, namely:
   Raymond Ervin, born November 20, 1991
   Yakira Ervin, born November 20, 1991
   Nasia Ervin, born July 5, 1995

## Access
2. All access by the Respondent, Raymond Ervin, shall take place in the city where the Applicant, Sarina Ervin, resides,, at times and places chosen by Sarina Ervin and shall be supervised and shall be supervised at the expense of the Respondent, Raymond Ervin.

3. The Respondent, Raymond Ervin, is prohibited from removing the children from the municipality in which the Applicant, Sarina Ervin resides.

## Restraining Order
4. The Respondent , Raymond Ervin, is prohibited from attending within 300 metres of the residence or place of work of the Applicant, Sarina Ervin, or the schools, daycares or

2

caregivers of the children.

### Police Enforcement
5.     The police forces having jurisdiction shall enforce the terms of this order.

### Passport
6.     The Applicant, Sarina Ervin, shall have the right to obtain a passport in the names of the children or to include the children on her passport without the consent of the Respondent. The Respondent is prohibited from obtaining any passports documents in the names of the children.

### Child Support
7.     Income is imputed to the Respondent of $384,000 per annum. The Respondent, Raymond Ervin, shall pay child support to the Applicant, Sarina Ervin, for the children Raymond Ervin, born November 20, 1991, Yakira Ervin, born November 20, 1991, and Nasia Ervin, born July 5, 1995, payable from January 1, 2000 in the amount of $5,418.00 per month, in accordance with the Tables of the Guidelines.

8.     In addition, the Respondent shall pay his percentage share of camps and education costs of the children, currently being 100% of those costs, upon production of proof of these expenditures by the Applicant. Currently these costs are estimated at $2,000.00 per annum for camps and $3,000.00 for educational expenses.

9.     Amounts of child support paid to the Applicant, Sarina Ervin, by the Raymond Nathaniel Ervin Childcare Trust shall be credited against the Respondent's obligation to pay child support.

### Spousal Support
10.     The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin, lump sum spousal support in the amount of $200,000.00. The interim spousal support award is terminated as of June 30, 2000.

### FRO Enforcement
11.     Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed

### Life Insurance
12.     The Respondent shall designate each child as irrevocable beneficiary of $250,000.00 of life insurance insuring the Respondent's life in the form of a policy with Penn Mutual, and the proceeds of that policy or any replacement policy are impressed with a trust in that amount for each child. If this policy (Penn Mutual) no longer exists or is cancelled then the Respondent shall obtain replacement insurance and this provision applies to any such other policy.

13.     The Respondent shall designate the Applicant, Sarina Ervin, as irrevocable beneficiary of $200,000.00 of life insurance insuring his life, in the form of a policy with ROA Life, the proceeds of that policy to the extent of $200,000 are impressed with a trust for the benefit of the Applicant. If this policy () no longer exists or is cancelled then the

3

Respondent shall obtain replacement Insurance and this provision applies to any such other policy. When the lump sum of $200,000.00 has been paid to the Applicant, she shall release this Insurance provision.

## Equalization of Net Family Properties

14. The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin, $310,160.63 as equalization plus pre-judgement interest to equalize their net family properties.

## Costs

15. The Respondent, Raymond Ervin, shall immediately pay the Applicant, Sarina Ervin, costs as fixed in the amount of $15,000 including disbursement and GST. This is in addition to amounts already awarded by this court.

## Interest

16. This order bears post-judgement interest at the rate of 7 % per annum.

_August 31, 2000._
date of signature

_A Bergau_
signature of judge or clerk of the court

STATE OF ILLINOIS)

COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE: THE MARRIAGE OF

SARINA ERVIN

And

RAYMOND ERVIN

**F I L E D**

JUN 22 2007

CIRCUIT CLERK

04 D 1943

ORDER

     This cause coming on for hearing on the Respondent's challenge to the validity or enforcement of the July 5th, 2000 order of the Ontario Superior Court of Justice-Family Court in case number 57492/98 (hereinafter referred to as "the Order". Both parties being present and represented by counsel, the court having heard the testimony of the sworn witnesses, reviewed the exhibits admitted into evidence, heard the arguments of counsel and being otherwise fully advised in the premises

Finds:
1. That this court has jurisdiction of the parties hereto and the subject matter hereof.
2. That the parties hereto were divorced pursuant to a Divorce Judgment entered the 12th day of August, 1999 in Superior Court of Justice in case number 57492/98 in Ottawa, Canada (hereinafter called the Canadian court or Canadian case).
3. That at the time of the entry of the Divorce Judgment the Canadian Court had subject matter jurisdiction and personal jurisdiction of the parties.
4. That on November 2nd, 1998 an order was entered by the Canadian Court dealing with "interim custody and other relief.

1

5. That paragraph 3 of that interim order provided for interim child support of $1,613.00 Canadian (herein-after denoted "C") based on income of $100,000.00 C which income was from respondent's disability insurance benefits.

6. That Raymond Ervin was represented by an attorney until January 19th 2000 when, by court order of that date, at paragraph 1 his counsel was, at counsel's request, "removed from the record, as the Respondent has not given instructions to his lawyer and is not present."

7. That the same order provided in paragraph 2 that "Respondent's pleading's are struck."

8. That the Respondent did not file an appearance or retain an attorney to represent him in the Canadian case since his attorney was discharged on January 19th 2000.

9. That paragraph 3 of the order of January 19th 2000 provided that "the matter is set down for summary judgment pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator."

10. That at the hearing in the Canadian Court on July 5th, 2000 Sarina Ervin testified, inter alia:

   A. That in 1996 and 1997 Mr. Ervin had income over and above his disability income of $120,000.00 US per year. (p. 5&6)

   B. That she left Mr. Ervin on June 19th, 1998. (p. 6)

   C. That at the time of the separation Mr. Ervin was only making the disability insurance income. (p. 7)

   D. That Mr. Ervin had injured both arms at different times and was contesting a claim for disability with Social Security in the U.S. (p. 13&14)

   E. That at the time of the hearing Mr. Ervin was doing volunteer work for a minister for his wife's church, was not receiving any income from employment and was able to work. (p. 8)

   References are to July 5th, 2000 transcript page numbers.

11. That the Order entered on July 5th, 2000 imputed income to the Respondent of $384,000.00 C and set child support at $5,418.00 C per month.

12. That paragraph 11 of the Order states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed."

2

13. That at the hearing in the instant case held on May 2ⁿᵈ, 2007, at page 27
of the transcript, Sarina Ervin testified that the $120,000.00 annual
income she attributed to Mr. Ervin for the years 1996 and 1997 were per
diem payments.

The Respondent challenges the registration of the Order on three
grounds. First, that the procedure followed by the Canadian Court
violated the Respondent's due process rights; Second, that the Order
was obtained by fraud and Third, that Sarina Ervin is not the proper
party to pursue registration of the Order.

**Due Process:**

The Respondent claims that since he did not receive notice of the
hearing of July 5ᵗʰ, 2000 the court should decline to enforce the
Canadian Order. This argument fails for a number of reasons. First,
there is a presumption of validity to court orders and it is the burden
of the party objecting to the court order to over come that
presumption. In *Wright V. Autohaus Fortense Inc.* 129 Ill. App. 3d
422 the court said, "The amount of evidence required to rebut the
presumption is not determined by any fixed rule, but it must be
sufficient to support a finding of the nonexistence of the presumed
fact." The unsupported testimony of the Respondent that he did not
receive notice does not overcome the presumption of validity of the
order.

Second the Respondent did not show that there was any irregularity
in the Canadian Court's procedure when, in the order of January 19ᵗʰ
2000, the Canadian Court set the matter " pursuant to Rule 16 of the
Family Law Rules to a date to be set by the trial co-ordinator."
Nothing that has been presented to the court indicates that that
procedure was not, in fact, followed.

Third, the Respondent's argument that Sarina Ervin was asking for
additional relief also fails because the prior relief granted in the
order of November 2ⁿᵈ, 1998 was "interim" in nature and there is
nothing to indicate that any party had a valid reason to assume that
it was anything but interim. Also there is evidence that the parties
were involved in financial discovery just before Respondent's
attorney was discharged which leads the court to conclude that the

3

parties knew or should have known that a final order had yet to be reached.

## Fraud:

The Respondent claims that the Order was the result of fraud perpetrated by Sarina Ervin when she testified at the hearing on July 5th, 2000. Her statement that the respondent was able to work at the time of hearing is of no great moment. It was the opinion of Sarina Ervin to which the Canadian Court decided to give great weight. Her testimony regarding the income of $120,000.00 per year in 1996 and 1997 was based upon her belief that Per Diem payments are income. This misconception might have been easily rectified through cross examination. The Respondent chose not to avail himself of "the greatest legal engine ever invented for the discovery of truth" by ignoring the Canadian proceeding. Sarina Ervin, in fact, testified that Respondent had no earned income at the time of the hearing and had no income other than his disability income since 1997, three years prior to the hearing. The significant increase in child support resulted from the Canadian Court imputing income to Respondent when he chose not to be present and testify on his own behalf.

## No Standing:

The Respondent maintains that because the Order contains paragraph 11 which states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed" Sarina Ervin is not entitled to register the Order. First, this Court reads paragraph 11 as authority for the Director to take action to collect child support, not a prohibition denying Sarina Ervin the right to collect the child support. Again it is the burden of the Respondent to go forward with his theory. There was no presentation of any Canadian Law to convince the Court that paragraph 11 precluded Sarina Ervin from pursuing registration of the Order.

Wherefore it is hereby ORDERED as follows:

4

A. That the Respondent's challenge to the validity or enforcement of the July 5th, 2000 order of the Ontario Superior Court of Justice Family Court in case number 37492/98 is overruled and the registration of said Order is upheld.

Dated at Waukegan this
21st day of June, 2007

ENTER:

DONALD H. GEIGER
JUDGE

5

FILED
8/12/2019 10:04 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

SARINA ERVIN )
)
Judgment Creditor, )
)
vs. )
)
)
RAYMOND ERVIN )
Judgment Debtor. )

Gen No. 04 D 1943

19th Judicial Circuit – 18 N County Street, Waukegan, IL 60085

## CITATION NOTICE

| Judgment Debtor's last known: | Judgment Creditor's Attorney/Judgment Creditor |
|---|---|
| Name: Raymond Ervin | Name: Beermann LLP |
| Address: 331 Springside Lane | Address: 161 N. Clark Street, Suite 3000 |
| City, State, Zip: Buffalo Grove, IL 60089 | City, State, Zip: Chicago, IL 60601 |

Judgment in the amount of $ 595,163.14 (excludes interest)

Name of the person receiving Citation: Social Security Administration

Next Court Date: September 3 , 20 19 at 9:00 ☑ AM ☐ PM Courtroom: C-306

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the Judgment debtor or in which the Judgment debtor has an interest. The citation was issued on the basis of a judgment against judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date shown above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal law and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME AND ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1)     Under the Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor;  Social Security and SSI benefits;  public assistance benefits;  unemployment compensation benefits;  worker's compensation benefits;  veteran's benefits;  circuit breakers property tax relief benefits;  the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2)     Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3)     Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceeds the total of 45 times the federal minimum hourly wage.

(4)     Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5)     Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

**THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the office of the Clerk of the Circuit Court, 18 N. County Street, Waukegan, Illinois, 60085. When so notified the Clerk of the Circuit Court will provide a hearing date and the necessary forms that must be prepared by judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor's attorney regarding the time and location of the hearing. This Notice may be sent by regular first class mail.**

171-23a (Rev. 12/17)



BEERMANN
— LLP —
EST. 1958

Mr. Raymond Ervin
331 Springside Lane
Buffalo Grove, Illinois 60089