IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SARINA ERVIN, | ) |
|       Petitioner, | ) ) ) Case Number: 20-cv-0606 |
| v. | ) ) Removed from the Circuit Court of |
| RAYMOND ERVIN, | ) Lake County, Illinois, ) Case No. 2004 D 1943 |
|       Respondent. | ) |

**PETITIONER'S MEMORANDUM IN SUPPORT OF HER MOTION TO REMAND**

Petitioner Sarina Ervin ("Sarina" or "Petitioner"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1447(c), respectfully moves this Court for an order remanding this case to the Circuit Court of Lake County, Illinois and ordering Respondent Raymond Ervin ("Raymond" or "Respondent") and his attorney, Gwendolyn Barlow, to pay Sarina reasonable costs and attorneys' fees incurred as a result of his improper removal.

**I.    Introduction.**

Raymond and his attorney/wife, Gwendolyn Barlow, will break every rule, ignore every order, and stop at nothing to avoid satisfying Raymond's obligations to his and Sarina's children. The tortured procedural history of this matter is replete with sanctions, body attachment orders, referrals to prosecutors, and dismissals, all directed and Ervin and Barlow's increasingly spurious legal strategies. The instant Notice of Removal is no exception. In clear defiance of section 1441(b), and just one day before a long-scheduled hearing in the state court, Raymond filed his Notice of Removal (Dkt. #1), baldly claiming that it was timely, notwithstanding the fact that by his own admission, citation proceedings have been pending in the state court for several years. This is rank forum shopping, plain and simple. This matter should be remanded back to state court *instanter*, and Raymond and

Gwendolyn sanctioned for their continued abuse of the legal system.

**II.     Procedural History.**

Rather than reciting the tortured history of this case, Sarina will rely upon the trial court's concise recitation of the same, as set forth in its July 29, 2020 Order imposing sanctions on Ms. Barlow, which not only succinctly describes her and Raymond's egregious conduct over the last several years, but demonstrates why the instant request is patently untimely:

> Third-Party respondent Gwendolyn Barlow is the wife of Defendant/Respondent Raymond Ervin, and she is a licensed attorney in the State of Illinois. She was served with a Citation to Discover Assets in April of 2018, based on the Plaintiff/Petitioner's efforts to enforce Child Support obligations against Raymond Ervin. The origin of these support obligations is a foreign judgment from the Province of Ontario, registered with the Circuit Court of the Nineteenth Judicial Circuit on or about October 7, 2004.
> \*\*\*
> [I]t is relevant to the Court that this entire litigation has been characterized by dilatory and vexatious litigation by Barlow and Ervin. The Court takes judicial notice of the history of the case contained in its official record, which can only be interpreted as an ongoing needless attempt to increase the cost of this litigation. \*\*\* Barlow and Ervin have been ruled against and/or sanctioned by almost every court in Northeast Illinois, and yet Barlow insists on regurgitating the same arguments in her Motion.[1]

Relevant for purposes of this Memorandum, the state court's order establishes that (a) supplemental proceedings to discover Raymond's assets have been pending before the state court for several years, and (b) Raymond and Barlow have been active participants in those proceedings for several years, long before the filing of the Notice of Removal.

Indeed, as Raymond acknowledged in his first of two unsuccessful requests to the Illinois Supreme Court for Supervisory Orders, he was served with notice of the

---

[1] True and accurate copies of this Order, and of Petitioner's Motion for Sanctions which precipitated it, are attached hereto as **Exhhibits A** and **B**.

supplemental proceedings almost four full years before seeking Removal:

> On October 28, 2016, the attorney for the judgment creditor [Sarina Ervin] served Movant [Raymond Ervin], with a signed citation to discover assets.[2]

Raymond further confirms the lengthy pendency of the state court proceedings in his unsuccessful September, 2019 bid for leave to appeal to the Illinois Supreme Court, wherein he admits that:

- Sarina issued a first set of citations to discover assets in 2016;

- Sarina issued another round of citations to discover assets on February 10, 2017;

- Sarina issued a third round of citations on July 7, 2017; and

- That he and Barlow have been active participants in those proceedings throughout their pendency.[3]

On September 14, 2020, counsel for the parties appeared (virtually) before the state court. The order entered that day reflected that Ms. Barlow appeared both in her individual capacity as a citation respondent and as counsel for Raymond, and continued the matter for hearing on October 9, 2020 at 2:00 p.m.[4] On the eve of that hearing, Raymond, via his attorney, Barlow, removed this matter to Federal Court.

### III. Argument

#### A. Raymond's Notice of Removal is Untimely.

Generally, the party seeking a federal forum bears the burden of establishing federal jurisdiction. *Wellness Community–National v. Wellness House,* 70 F.3d 46, 49 (7th Cir.1995)). When a federal court's exercise of jurisdiction is challenged following removal, the burden of

---

[2] True and correct excerpts from Raymond's 2017 Emergency Motion for Supervisory Order are attached hereto as **Exhibit C**.
[3] True and correct excerpts from Raymond and Barlow's 2019 Petition for Leave to Appeal are attached hereto as **Exhibit D**.
[4] A true and correct copy of the state court's September 14, 2020 Order is attached hereto as **Exhibit E**.

establishing federal jurisdiction rests on the party seeking to preserve removal. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993).

Pursuant to § 1446(b), "[r]emoval must be effected within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first." *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 273 (7th Cir.1982); *Ponce v. Alitalia Linee Airee,* 840 F.Supp. 552, 554 (N.D.Ill.1994). Actual service is not required; rather, "[a]ll that is required is that the defendant receive, through service or otherwise, a copy of an 'initial pleading' from which the defendant can ascertain that the case is one which is or has become removable." *Dial–In, Inc. v. ARO Corporation,* 620 F.Supp. 27, 28 (N.D.Ill.1985). Moreover, the thirty day period in § 1446(b) "is mandatory and cannot be extended by consent of the parties or by court order." *Dial-In.,* 620 F.Supp. at 29.

Here, as set forth above, and by his own repeated admissions, Raymond received copies of Sarina's initial citation to discover assets nearly four full years prior to seeking removal. As he has conceded, and as the state court found, he and his attorney/wife have been active participants in the state court proceedings.

### B. Raymond Should Be Ordered to Pay Sarina Costs and Expenses for this Improper Removal.

This Court should order Raymond to pay Sarina costs and expenses incurred as a result of his improper and unreasonable removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts award attorneys' fees under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) (affirming district court's award of fees and costs where there

was "no objectively reasonable basis for federal jurisdiction or for removal"). "[I]f, at the time the Respondent filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a Petitioner his attorneys' fees." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009).

Here, clearly established law and Raymond's own admissions demonstrate that he had no objectively reasonable basis for removal. Raymond's Notice of Removal does not even attempt to address the 30-day window for removal. Rather, apparently without considering the requirements of section 1446(b), he summarily concludes that his Notice is timely. His lack of analysis belies the frivolity of his position.

Raymond is represented by counsel in this matter. Both have been active participants in the state court proceedings for years. They should have known, or at least could have easily discovered, that removal was improper here. *See H.F. Vegter Excavation Co. v. Vill. of Oak Brook*, 790 F. Supp. 184, 187 (N.D. Ill. 1992) (awarding attorneys' fees and costs in order remanding case to state court where "[w]ith minimal research, and given their experiences" with their co-Respondent, Respondents "could easily have determined that removal was clearly improper"). The language of section 1446(b) could not be clearer. Raymond and Barlow's decision to ignore it cannot be excused. Further, the fact that Raymond first sought removal after nearly four years of litigation and on the eve of a hearing, smacks of forum shopping and intentional delay.

In sum, considering the applicable facts and controlling law, Raymond's removal of this case was wholly unreasonable. Accordingly, Sarina respectfully requests that this Court order Raymond to pay its reasonable costs and fees.

### IV. Conclusion

For the reasons set forth above, Raymond lacked any objective basis to remove this matter to federal court after years of state court litigation. Sarina should be awarded her reasonable costs and attorneys' fees incurred as a result of his improvident removal. For these reasons, Sarina respectfully requests that this Court (a) grant its Motion to Remand and issue an order remanding this case to the Circuit Court of Lake County, Illinois and (b) order Raymond to pay Sarina reasonable costs and expenses, including attorneys' fees, incurred as a result of Raymond's improper removal.

Dated: October 9, 2020

Respectfully submitted,
**SARINA ERVIN**

By: /s/ Matthew D. Elster
One of Her Attorneys

Matthew D. Elster
BEERMANN LLP
161 North Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2020, a copy of the foregoing document was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

By: /s/ Matthew D. Elster