IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| SARINA ERVIN, | ) |
| Plaintiff/Petitioner | ) |
| vs. | ) Case No. 04 D 1943 |
| RAYMOND ERVIN, | ) |
| Defendant/Respondent | ) |

**ORDER**

This matter comes before the Court for continued hearing on Plaintiff/Petitioner Sarina Ervin's Petition for Sanctions under Supreme Court 137, counsel for Sarina Ervin appearing on her behalf, Third-Party Respondent Gwendolyn Barlow appearing on her own behalf and as Attorney for Defendant/Respondent Raymond Ervin, and Raymond Ervin failing to appear, the Court being fully advised, FINDS AS FOLLOWS:

Illinois Supreme Court Rule 137 requires that either an attorney for a party or a party sign every "pleading, motion or other paper" to certify that "it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose." The purpose of the rule is "to prevent parties from abusing the judicial process by imposing sanctions on litigants who file vexatious and harassing actions based upon unsupported allegations of fact or law." *Dismuke v. Rand Cook Auto Sales, Inc.*, 378 Ill.App.3d 214, 217 (1st Dist. 2007). If Rule 137 has been violated, a trial court has the discretion to craft an appropriate sanction, "including 'a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances.'" See *Heckinger v. Welsh*, 339 Ill.App.3d 189, 192 (2nd Dist. 2003) (quoting *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 878 (5th Cir.1988)).

Third-Party respondent Gwendolyn Barlow is the wife of Defendant/Respondent Raymond Ervin, and she is a licensed attorney in the State of Illinois. She was served with a Citation to Discover Assets in April of 2018, based on the Plaintiff/Petitioner's efforts to enforce Child Support

1

obligations against Raymond Ervin. The origin of these support obligations is a foreign judgment from the Province of Ontario, registered with the Circuit Court of the Nineteenth Judicial Circuit on or about October 7, 2004. On or about February 26, 2020, Barlow filed a pleading entitled *Third-Party Respondent Motion to Quash Citation* (the "Motion,") signed by Barlow in her own person and as an Attorney in the State of Illinois. In her Motion, Barlow argued a number of claims in support of her request that the Citation to Discover Assets should be quashed. The Court considers each such claim below.

First, Barlow argues that the Circuit Court lacked jurisdiction to enter orders dated December 10, 2019 and January 28, 2020. The basis of this argument is that the matter was on appeal between July 15, 2019 and December 31, 2019, and that therefore the Circuit Court lacked jurisdiction to enter the named orders (the January 28 order is argued to be invalid because the Circuit Court had not yet received a Mandate from either the Appellate or Supreme Courts.) The Court finds that this argument is without merit and unsupported by law, because Barlow should have known that the orders appealed from in the July 17 Notice of Appeal were not final orders, and therefore not ripe for appeal. It is worth noting that both the Appellate Court and the Supreme Court summarily rejected Barlow's appeal for lack of jurisdiction. Additionally, as an attorney, Barlow should have known that an appeal of a non-appealable order does not divest the Court of jurisdiction (cf. *Dwyer v. Graham*, 110 Ill.App.3d 316 (2d Dist. 1982). Further, even if the Court lacked jurisdiction over the December 10 and January 28 orders, as Barlow argues, it would not in any way support her argument that the original citation should be quashed, since it predated those orders by over a year. These arguments are not well-grounded in fact or warranted by existing law or a good faith argument for extension of the law, and are therefore sanctionable under SCR 137.

Second, Barlow argues that the Circuit Court lost jurisdiction when her Motion for Substitution of Judge was denied prior to the issuance of the orders she complains of. However, the Court finds that there is no legal basis for this argument, and that it is likewise unsupported by existing law, and is sanctionable.

For her third and fourth arguments, Barlow attacks the underlying Judgment upon which the Citation is based. This particular claim has been specifically rejected by prior orders of the Second Circuit Court of Appeals, the District Court for the Northern District of Illinois, and the Seventh Circuit Court of Appeals, in various pleadings and appeals filed by Raymond Ervin. It is the law of the case

2

that the Canadian Judgment was properly registered in Illinois. Barlow has no legal basis to renew this argument in her Motion. These arguments are therefore sanctionable.

For her fifth and sixth arguments, Barlow argues that the citation proceedings have lasted more than 6 months, arguably in violation of Illinois Statutes regarding citations, and also that the citation is 'frivolous,' without any legal basis for such claims. Neither claim is supported by Illinois law, particularly when the length of time the citation has been pending has been largely due to the multiple continuances caused by her actions, including failing to appear on a number of occasions. These arguments are therefore without merit and without support in law, and are therefore sanctionable.

In this latter regard, it is relevant to the Court that this entire litigation has been characterized by dilatory and vexatious litigation by Barlow and Ervin. The Court takes judicial notice of the history of the case contained in its official record, which can only be interpreted as an ongoing needless attempt to increase the cost of this litigation. To the extent possible, a concise chronology of the litigation is contained in Plaintiff/Petitioner's *Request for Supreme Court Rule 137 Sanctions* filed in this case. Barlow and Ervin have been ruled against and/or sanctioned by almost every court in Northeast Illinois, and yet Barlow insists on regurgitating the same arguments in her Motion. It is also not lost on the Court that Barlow, in the Court's opinion intentionally, misstates relevant facts in her pleadings and argument, including (for example) during the argument regarding sanctions, when she insisted that the Illinois Supreme Court had ordered the Appellate mandate withdrawn in her most recent appeal, when the face of the Appellate order in question states exactly the opposite. It is also relevant that, although the sanctionable pleadings at issue here were not drafted by or on behalf of Raymond Ervin, Barlow is not only proceeding on her own behalf as Third-party Respondent, but is also Ervin's attorney and wife. Her conduct mirrors his, and contributes to the Court's findings. The Court believes that all of the arguments discussed above, especially when viewed in the context of the overall tenor of the case, expressly and emphatically merit an imposition of sanctions.

Finally, the Court has considered the Affidavit of Jonathan Steele filed in this case, and finds that the stated rates and hours are reasonable for this case, and directly caused by Barlow's sanctionable conduct.

**FOR THE REASONS STATED ABOVE, IT IS HEREBY ORDERED:**

1. Sarina Ervin's request for Supreme Court Rule 137 sanctions is granted.

2. Gwendolyn Barlow shall pay the sum of $3,596.25 to Beerman LLP within 14 days.

ENTERED:

_____
Judge Charles D. Johnson