# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| | |
|---|---|
| SARINA ERVIN, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 04 D 1943 |
| RAYMOND ERVIN, | ) |
| Respondent. | ) |

## NOTICE OF MOTION

To: *Via Facsimile (847) 566-3413*  
Raymond A. Boldt  
209 East Park Street  
Mundelein, Illinois 60060

*Via Facsimile (847) 360-0661*  
Ms. Lisle Stalter  
Lake County States Attorney  
Child Support Division  
18 North County Street  
5th Floor  
Waukegan, Illinois 60085

PLEASE TAKE NOTICE that on **June 2, 2017 at 1:30 pm,** or as soon thereafter as counsel may be heard, I shall appear before the Presiding Judge Daniel Jasica, or any judge sitting in his stead, in the courtroom C-307, usually occupied by him in the Lake County Courthouse, 18 North County, Waukegan, Illinois, and then and there present ***Petitioner's Motion for Sanctions***, a copy of which is attached hereto and is hereby served upon you.

BEERMANN PRITIKIN MIRABELLI  
SWERDLOVE LLP, Attorneys for Plaintiff

By: _____  
Jonathan D. Steele, One of Her Attorneys

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, that the above Notice of Filing, together with the documents referred to therein, were sent to the individual(s) indicated above ☒ by facsimile to the number(s) listed above; and/or ☐ by hand delivery to the address(es) set forth above; and/or ☐ in open court; and/or ☐ by email; and/or ☐ by depositing same in the U.S. Mail with proper postage prepaid, before 5:00 p.m. on **May 30, 2017**

_____  
Rosa E. Gutierrez

Beermann Pritikin Mirabelli Swerdlove LLP, 161 North Clark Street, 26th Floor, Chicago, Illinois 60601, (312) 621-9700, jsteele@beermannlaw.com, Firm No. 6308171

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 04 D 1943 |
| RAYMOND ERVIN, | ) ) ) | |
| Defendant. | ) | |

## MOTION FOR SANCTIONS

NOW COMES the Plaintiff, SARINA ERVIN ("Sarina"), by and through her attorneys, BEERMANN PRITIKIN MIRABELLI SWERDLOVE LLP, and pursuant to Illinois Supreme Court Rule 137, Sarina moves for the entry of an order assessing sanctions against Defendant, Raymond Ervin ("Raymond") and, in support thereof, Sarina respectfully states as follows:

## INTRODUCTION

Raymond has engaged in a campaign of conduct spanning nearly two decades aimed at depriving his children of any semblance of financial support. His Sisyphean efforts in the regard are deplorable and must continue to be rejected by this Court. Nearly seventeen years after an order was entered awarding Sarina child support from Raymond, Sarina finally received relief from this Court in its issuance of turnover orders. Fifty eight days later, Raymond filed a motion, premised upon Section 735 ILCS 5/2-1203, seeking reconsideration of those turnover orders.

While the Illinois Rules of Professional conduct impose a duty upon lawyers in this State to zealously advocate on behalf of a client, that duty is confined to actions undertaken in compliance with the Illinois Supreme Court Rules. Raymond's Motion filed on May 12, 2017 and the reply thereto filed on May 26, 2017 violate Illinois Supreme Court rule 137 and warrant the imposition of sanctions.

1

I. **Raymond's Motion filed on May 12, 2017 warrants the imposition of sanctions.**

Illinois Supreme Court Rule 137 states, in pertinent part, as follows:

> *(a) Signature requirement/certification. Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other document and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit.* ***The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.*** *If a pleading, motion, or other document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee.*

The motion filed by Raymond on May 12, 2017 was not well grounded in fact nor warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law and was instead interposed for an improper purpose. Specifically, Raymond's motion was interposed to harass Sarina, cause unnecessary delay and needless increase the cost of litigation and, more egregiously, with the intent to mislead this court and deprive his children of any semblance of financial support.

In paragraph four of Raymond's Motion, he concedes that "a Turnover Order is a final and appealable order." Raymond's statement of the law in paragraph four of his motion is accurate.

Levaccare v. Levaccare, 376 Ill.App.3d 503, 511, 315 Ill.Dec. 280, 876 N.E.2d 280 (2007) (citation orders became final and appealable upon their entry).

Section 735 ILCS 5/2-1203 allows a movant to seek relief from a final order or judgment within 30 days of entry. As noted above, Raymond's motion, brought pursuant to Section 2-1203, was filed 58 days after the entry of the orders he is seeking to reconsider. His motion is thus clearly time barred and is completely meritless.

Raymond's motion further attempts to mislead this court. By way of example, he argues that because the Lake County Clerk signed citations to discover assets, the resulting orders should be vacated. During the hearing on April 12, 2017, Raymond's counsel inquired of this Court's clerk whether it is proper procedure for the clerk to sign citations to discover assets or whether the attorney is "required" to also sign the form. This Court's clerk informed Raymond's counsel that the clerk is the individual who signs the citation form and that the attorney's block at the bottom of the page identifies the attorney on the citation form. Notwithstanding being advised of the process, Raymond nevertheless interposes this specious argument in a desperate attempt to delay these proceedings and deprive his children of financial support. Furthermore, Illinois Supreme Court Rule specifically provides that in the event a pleading, motion or other document is not signed it may be stricken unless when called to the attention of the pleader or movant it is signed. While Sarina agrees with this Court's clerk's understanding of the procedure for proceedings in this Court, to the extent this Court deems a signature necessary from Sarina's counsel, her counsel is willing to sign each and every citation issued in this matter.

Raymond's Motion goes on to attempt to mislead this court by claiming that Sarina's reliance upon Section 750 ILCS 5/505(b) was misplaced in her request for turnover orders. See Par. 12 of Raymond's Motion. First, Sarina relied upon Section 5/505(d), not 5/505(b). Second,

As has been previously argued and adjudicated Section 5/505(d) provides for the entry of a series of judgments with each missed support payment without the necessity of being "reduced to judgment."

Raymond goes on to try to mislead this court by alleging that the court impaired or altered his contractual rights with his former insurance companies. What this court did was enter turnover orders directing life insurance companies to turn over the cash values of whole life policies. This Court undoubtedly has the authority under Section 735 ILCS 5/2-1402 to order the turnover of such cash values. Raymond's citations to case law regarding ordering a debtor to resign from a country club are confusing as to their relevance and are misleading to this court. Raymond was not ordered to resign from a country club, Raymond was not ordered to terminate his life insurance policies, in fact Raymond was not ordered to do anything. Instead, life insurance companies were merely ordered to turn over the cash values in the accounts. In the event that said turn over resulted in the cancellation of his policies, that consequence is merely collateral to this Court's lawful orders. Had this court ordered the turnover of funds located in a savings account held by Raymond and the bank thereafter closed said account due to having a $0 balance, would Raymond later assert that the Court lacked authority to order the closing of the savings account? Perhaps, but his assertion would be as misguided as it is here. Just as the court would not have ordered the closing of the savings account but merely the turnover of the funds contained therein, this Court merely ordered the turnover of the cash in the life insurance policies.

Raymond next attempted to mislead this court by arguing that Sarina signed an assignment over a decade ago assigning her rights to collect child support. Raymond later alleged in Paragraph 6 of his Response, filed on May 26, 2017, to a Petition to Intervene filed by the Department of Healthcare and Family Services that "said assignment terminated in 2006." Raymond's conflicting

4

and confusing arguments are demonstrative of the lengths he is willing to go to assert any conceivable arguments, regardless of their lack of merit. Unfortunately such a practice is prohibited by Illinois Supreme Court Rule 137 and warrants the imposition of sanctions.

## II. Raymond's Reply to the Response to Motion to Reconsider, Vacate and Rehear filed on May 26, 2017 warrants the imposition of sanctions.

On May 26, 2017, rather than conceded the lack of factual or legal basis for proceeding on the Motion filed by Raymond on May 15, 2017, he chose to double down and maintain his contentions. Raymond cited to a case to try to mislead this court into believing that the orders he seeks reconsideration of were not final and appealable upon their entry. His citation is as misplaced as is his contention. The case he cited also cites the very same case cited above, Levaccare v. Levaccare, 376 Ill.App.3d 503, 511, 315 Ill.Dec. 280, 876 N.E.2d 280 (2007) for the clear statement of law that citation orders became final and appealable upon their entry. The turnover orders entered on March 15, 2017 were immediately final and appealable upon their entry. The fact that they were at some point thereafter stayed is wholly irrelevant. The fact of the matter is that the orders were entered on March 15, 2017, they were final orders (as conceded by Raymond in paragraph 4 of his motion filed on May 12, 2017) and the time for challenging those orders under Section 735 ILCS 5/2-1203 would have been on or before April 14, 2017. His motion seeking to challenge those orders filed on May 12, 2017 is indisputably time barred. Accordingly, his continued assertion otherwise is not well-grounded by law and warrants the imposition of sanctions. With regard to the order entered on April 19, 2017, to the extent that order is construed as a final and appealable order, Raymond's motion is not time barred under Section 2-1203 from a challenge of that order. However, such an attack is nevertheless an improper collateral attack upon the turnover order entered against Monarch on March 15, 2017. The order entered on April 19, 2017 was not the turnover order entered against Monarch, it was merely a modification or

5

clarification of the turnover order entered against Monarch. Moreover Raymond's basis for challenging the Monarch order is meritless as this Court is permitted under Section 2-1402 to order the turnover of the cash value of said account.

Throughout Raymond's reply he attempts to mislead this court by suggesting that because Sarina did not respond to the specific allegations contained in his motion to reconsider, those allegations are deemed admitted. While Sarina acknowledges a lawyer's duty of zealous advocacy to a client, lawyers are also bound by a duty of candor to the court. Raymond's argument in this regard runs afoul of his duties of candor. While it is true that pursuant to Section 735 ILCS 5/2-610, allegations <u>in a pleading</u> which are not explicitly denied are deemed admitted, he did not file a pleading. He filed a motion to reconsider, which is not a pleading. *In re Marriage of Wolff,* 355 Ill.App.3d 403 (2005). The failure to respond to specific allegations of a <u>motion</u> does not serve to deem those allegations admitted nor operate as a waiver of the non-movant's ability to contest the merits of the motion. *In re Marriage of Fahy,* 208 Ill.App.3d 677 (1991).

Raymond's attempt to again mislead the court in his reply by arguing that Sarina's counsel did not sign the citation forms has already been addressed herein so will not be addressed again other than to state that it is as meritless an argument in the reply as it was when it was argued on April 12, 2017 and again in Raymond's motion filed on May 12, 2017. Similarly Sarina will not again address Raymond's argument that Section 750 ILCS 5/505(d) did not result in a series of enforceable judgments with each month Raymond failed to pay support as she addressed it previously herein and repeatedly in arguments before this Court.

Raymond again argued in his reply that the court improperly terminated his contracts with the life insurance companies. His argument lacks merit and is not well grounded in law. Assuming *arguendo* that he had timely filed his challenge to the turnover orders (he did not) and made this

6

argument, it should nevertheless be summarily disregarded because, as discussed in more detail herein above, this court simply ordered the surrender of the cash values in the insurance policies. The Court clearly had authority to do so under Section 735 ILCS 5/2-1402 regardless of the consequential effects of the turnovers.

Finally, Raymond confusingly again asserts that an assignment from over a decade ago somehow bars Sarina from collection of child support, yet because he also alleged in his response to a petition to intervene filed by the Department of Healthcare and Family Services, at paragraph 6, that the assignment terminated in 2006, Sarina will not spend any more of the court's time addressing his specious argument other than to say it is meritless and warrants sanctions under Supreme Court Rule 137.

Wherefore, Sarina Ervin, by and through her attorneys requests the entry of an order assessing sanctions against Raymond Ervin and/or his attorney for the filing of a meritless motion to reconsider on May 12, 2017 and a reply thereto on May 26, 2017.

Respectfully Submitted,

_____
Jonathan D. Steele

BEERMANN PRITIKIN MIRABELLI SWERDLOVE LLP
Attorneys for Plaintiff
161 North Clark Street, Suite 2600
Chicago, Illinois 60601
Tel: (312) 621-9700
jsteele@beermannlaw.com
Firm No. 6308171

7