No.

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| RAYMOND N. ERVIN | ) | |
|     Movant, | ) | Case No. 04D1943 |
| | ) | Trial Judge: Daniel Jasica |
| vs. | ) | |
| LAKE COUNTY CIRCUIT COURT | ) | |
| | ) | |
| | ) | |
|     Respondent. | ) | |

EMERGENCY MOTION FOR SUPERVISORY ORDER

RAYMOND N. ERVIN, by and through his attorney Gwendolyn M. Barlow, Esq., and pursuant to Article VI § 4(a) of the Illinois Constitution, and Illinois Supreme Court Rules 383, respectfully requests this Court for issue of a Supervisory Order. Movant seeks this Supervisory Order to compel the Lake County Circuit Court to dismiss as void the Turnover Order and all subsequent orders, order Petitioner to return all monies turned over, restore the Movant's life insurance policies prior to the court ordered termination and surrender, pay all Movant's attorney fees, costs and damages related to this action and terminate all Administrative actions related to these void proceedings. In support of his motion, Movant states as follows:

The Constitution of the State of Illinois broadly declares that "the general and administrative and supervisory authority over all courts is vested in the Supreme Court." *Ill. Const. 1970, art VI, §16.* Illinois Supreme Court Rule 383 provides the requirements for a

motion for a supervisory order, asking the Supreme Court to invoke its supervisory authority. *Illinois Supreme Court Rule 383 (a) (b)*.

There is a compelling and urgent interest in reigning in a trial court who has acted in excess of its authority and repeatedly abused its discretion whereby these actions have created exigent circumstances upon the Movant. On October 28, 2016, the attorney for the judgment creditor served Movant, with a signed citation to discover assets. Coincident, judgment creditor mailed third-party respondents citations to three life insurance companies and an IRA holder even though the citations were defective by statute. Although the citations were signed by attorney for the judgment creditor, the required judgment was a **vacated order** from Canada *(emphasis added)*. Counsel for the Movant filed a motion to quash and the court allowed the judgment creditor to amend. <u>The amended citation proffered yet another **vacated order** from Canada *(underline and emphasis added)*.</u> Counsel for Movant again put the motion to quash before the court. The court granted the motion to quash the citation against all respondents (including third party respondents) on February 10, 2017 based on the failure to attach a valid and enforceable judgment **(E1).** The court also issued an order **(E2)** that stated, "The Judgment creditor is granted leave to file a second round of Citations to the **Judgment Debtor**" (emphasis added). That same afternoon, the judgment creditor filed a second round of citations to the same exempt third-party respondents that were identical to the citations, quashed by the court, <u>not to the Judgment Debtor</u> (as ordered by the court) using the same defective order from Canada, utterly disregarding the attorney signature and verification and statutory requirements, pursuant to 735 ILCS 5/2-1402, of attaching a copy of a valid judgment and for verification by affidavit when filing against the same third-party respondents and having the clerk serve them upon Movant.

2

Supreme Court Rule 277 (a) states, "... if there has been a prior supplementary proceeding with respect to the same judgment against the party, whether it is the Debtor or Third Party, no further proceedings shall be commenced against him except by leave of Court." There was no written leave of court provided by the Petitioner with the second round of citations. Petitioner issued two different citations predicated on two different orders, both orders had been previously vacated by the court. The Citations to Discover Assets were violative of both 735 ILCS 5/2-1402 and Supreme Court Rule 277 which require that there first be a judgment capable of enforcement before there can be an issuance of a Citation to Discover Assets.

The trial court then contemporaneously permitted Petitioner's counsel to relitigate a "new round" of citations, wherein unsigned citations, in violation of 735 ILCS 5/2-1402, were issued to the same third-party respondents on the same day without providing elements of an affidavit verification, an enforceable judgment or proof of service. Despite the fact that this was in contravention of the statutory procedure, the trial court then determined that it had authority to act and proceeded toward turnover of exempt assets and termination of life insurance policies, despite repeatedly being reminded of the fact that no court ordered judgment exists in this matter and that Movant was a registrant in the Illinois Division of Child Support database; as this is a Title IV matter between Illinois and the Province of Ontario, Canada. Even when provided information as to the fact that the Province of Ontario retained an active exclusive indefinite assignment to all rights of recovery of Petitioner's financial interest defined by the Canadian Order **(E3)**, the trial court ignored this and cavalierly dismissed the assignment as being "too old". Petitioner's counsel never took the steps to reveal exculpatory evidence to the court that this assignment executed in 1991 was indeed valid and this was exclusively a Title IV matter **(E4)**. Furthermore, Petitioner's counsel never revealed that they were an interested party in these

WHEREAS, the Movant, Raymond Ervin, prays that this Honorable Court enter an order as follows:

- A. Compelling the Lake County Circuit Court to dismiss as void the Turnover Order and all subsequent orders,
- B. Compelling Petitioner to return all monies turned over and imposing sanctions for bringing these actions,
- C. Restoring the Movant's life insurance policies to their status prior to the court ordered termination and surrender; and subjecting them to sanctions for acting against insured's interest,
- D. Awarding all of Movant's attorney fees, costs and damages related to this action by disgorgement of attorney fees and costs related to the frivolous motions brought by Petitioner and her counsel in contravention of the law and rules of practice,
- E. Requesting ARDC investigate the actions of all of Petitioner's attorneys in these contemptuous matters,
- F. Ordering all Administrative agencies to cease and desist all actions related to this matter, and
- G. For whatever else the Court deems fair, just and equitable.

*Gwendolyn M. Barlow*

Gwendolyn M. Barlow
Attorney for Movant
P.O. Box 5829
Buffalo Grove, IL 60089
(847) 204-0416
ARDC # 6274519