Case No.

## IN THE SUPREME COURT OF ILLINOIS

| | |
|---|---|
| SARINA ERVIN, ) | |
| Petitioner/Appellee, ) | Petition for Leave to Appeal from |
| ) | the Appellate Court, Second District, |
| ) | No. 2-19-0625 |
| ) | On Appeal from the Circuit Court |
| ) | of Lake County, Nineteenth Judicial |
| ) | District, No. 04D1943 |
| v. ) | |
| ) | The Hon. Stacey Seneczko, |
| ) | Judge Presiding. |
| RAYMOND ERVIN, ) | |
| Respondent/Appellant. ) | |
| ) | |
| And ) | |
| ) | |
| GWENDOLYN BARLOW, ) | |
| Appellant. ) | |

## PETITION FOR LEAVE TO APPEAL

Gwendolyn M. Barlow
P.O. Box 5829
Buffalo Grove, IL 60089
(847) 204-0416
Barlowervin727@gmail.com

*Attorney for Petitioners*

1

## PRAYER FOR LEAVE TO APPEAL

Pursuant to Illinois Supreme Court Rule 315, Respondents Raymond N. Ervin and Gwendolyn M. Barlow respectfully request that this Court grant them leave to appeal from the August 20, 2019 decision of the Illinois Appellate Court, Second District, denying rehearing of the Respondent's Petition for Rehearing and stay of all matters, and the July 24, 2019 decision denying Respondent's Notice of Appeal. In the alternative, pursuant to Illinois Supreme Court Rule 317, Respondents Raymond N. Ervin and Gwendolyn M. Barlow respectfully request that this Court grant them leave to appeal from the August 20, 2019 decision of the Illinois Appellate Court as a Matter of Right.

## STATEMENT OF JURISDICTION

Illinois Supreme Court Rule 315 and Illinois Supreme Court Rule 317 confers jurisdiction upon this Court. The Appellate Court issued its Decision on August 20, 2019, and a petition for rehearing was filed August 18, 2019. The filing of this petition for leave to appeal on September 24, 2019 is timely.

## POINTS RELIED UPON

Respondent Raymond Ervin ("Raymond") has stated a claim for violation of his rights under the Due Process and Equal Protection Clauses of the Illinois Constitution. Raymond has alleged that the registration of a foreign country child support order in Illinois by Petitioner ("Sarina"), without due process, deprives him of the guaranteed right of notice, given to other Respondents that are ordered to pay child support in the State of Illinois, thus treating similarly situated persons ordered to pay child support unequally in violation of the Equal Protection Clause of the Illinois Constitution.

The underlying issue in this case is whether Sarina can enforce a matrimonial order entered by a foreign country that lacked personal jurisdiction over Raymond and subject matter jurisdiction. The Appellate Court's decision was completely out of step with the earlier decision in 2004 of the Lake County Circuit Court wherein the court vacated the Canadian decree for lack of subject matter jurisdiction. Not only did the

decision of the Appellate Court conflict with the 2004 order, the 2007 order purporting to register the Canadian decree conflicted with the 2004 order within the same circuit court. Without intervention by the Supreme Court, the decision stands to invalidate the binding precedent and chill the rights of due process and equal protection for the residents of Illinois. See *Clubb v. Clubb*, 402 Ill. 390, 84 N.E.2d 366 (Ill., 1949); *Marriage of Mullins, In re,* 481 N.E.2d 322, 135 Ill.App.3d 279, 89 Ill.Dec. 771 (Ill. App., 1985). The Appellate Court did not cite or distinguish any of these decisions.

The Appellate Court declined to address whether an order that lacks subject matter jurisdiction and personal jurisdiction is void and should be vacated. By doing so, the Appellate Court impermissibly relaxed the constitutional safeguards of equal protection in direct conflict with the Illinois Consitution. See Marriage of Mullins, In re, 481 N.E.2d 322, 135 Ill.App.3d 279, 89 Ill.Dec. 771 (Ill. App., 1985); Earle v. McVeigh, 91 US 503, 23 L Ed 398; Pennoyer v. Neff (1877) 95 US 714, 24 L Ed 565.

The Appellate Court declined to address the improper surrender of exempt life insurance policies ordered by the circuit court in conflict with the language in 735 ILCS 5/2-1401 and 735 ILCS 5/2-1402. By refusing to address this matter, the Appellate Court acquiesced to the misapprehension of the legislative intent when drafting the statute. See Itasca Bank v. Thorlief Larsen, 352 Ill. App. 3d, 262 (Ill, App. 2004).

Finally, the Appellate Court, in the August 20, 2019 order stated that the order of July 24, 2019, where the appeal was denied due to lack of jurisdiction, remains extant. The July 24, 2019 order stated "THIS ORDER IS FINAL AND SHALL STAND AS THE MANDATE OF THIS COURT." Yet, on September 24, 2019, the Appellate Court issued an order, on its own motion, recalling the mandate issued on July 24, 2019 and granting Sarina's motion for rule to show cause for indirect civil contempt. The Appellate Court previously entered an order in direct conflict on October 19, 2018 where the court stated "The appellee's renewed motion for sanctions is denied this court no longer having jurisdiction to rule. If the court denied the appeal for lack of jurisdiction and issued the mandate, then how can the same court, who denied an order because "this court no longer having jurisdiction to rule." now recall a mandate, grant appellee's motion for rule to

3

show cause for indirect civil contempt. This latest ruling by the Appellate Court runs afoul of the notice of fair play and the constitutional norms of equal protection.

This Court's review is imperative because this case presents an issue of great "general importance" under Illinois Supreme Court Rule 315 and alternatively, Illinois Supreme Court Rule 317 as it is positioned to impact all potential litigants in the State of Illinois.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Initially the State of Illinois filed a case to enroll the Canadian judgment (using case number 00 D 2067) as part of the Title IV case on behalf of the Province of Ontario Canada in 2001, who had previously provided Petitioner public assistance in Canada where she resided with the minor children at the time. As a condition of the public assistance, Petitioner assigned her rights to collect under the judgment to the Province of Ontario **(EX0005)**. This case was dismissed because the state failed to produce a certified order to enroll the judgment **(EX0006)**. Some years later in 2004, Sarina filed her request to enroll the Canadian judgment using the same case number 00 D 2067. It is then, that Judge Winter vacated the Canadian judgment based on lack of subject matter jurisdiction. **(EX0007)**.

In 2016, Sarina's first series of Citation to Discover Assets were filed based on two vacated orders. Her first citations included an order vacated by Judge Waller **(EX0008-EX0013)**. Upon admonishment from the Court her counsel then attached the order that had been vacated by Judge Winter in 2004. Raymond presented and the court granted a motion to quash all of the citations on February 10, 2017 **(EX0014-EX0063)** with the court admonishing Petitioner's counsel for submitting a citation sworn to as a valid judgment when in fact it contained a vacated judgment. The Court denied Petitioner's subsequent motion for leave to amend with the Canadian order.

Subsequently, Sarina filed another round of citations using the same order that had been vacated on February 10, 2017 to the same parties. The newly filed citations were not certified, did not contain a valid and enforceable judgment or an affidavit

4

provided to demonstrate that new matter had been presented in contravention to SCR 277 and ILCS 735 2-1402.

The Court, before granting the order quashing the citations, pursued a line of questioning in light of binding precedent, however, in opposition to precedent proceeded to grant three Turnover Orders for life insurance policies owned by Raymond on March 15, 2017 without Raymond's consent.

Sarina issued another citation against Raymond and Third-Party Respondent Gwendolyn M. Barlow ("Barlow") with the same vacated Canadian decree on or about July 7, 2017. Raymond filed motions to dismiss the citations and to reconsider, however the Court denied the motions. Subsequently, the court allowed Sarina to continue with supplementary proceedings using the vacated Canadian decree.

The Court *sua sponte* issued a renewed body attachment for Raymond on March 6, 2019 (**EX0064-EX0071**) even though he was not represented, had no notice and was not part of the scheduled hearing. The Court had also issued a previous body attachment, without notice, which had expired February 20, 2019 and had not been renewed (**EX000072**).

Third Party Respondent Barlow filed a proper Motion for Substitution of Judge, which was subsequently denied by the Court on May 9, 2018 (**EX0073**). The case was reassigned to a different judge on or about September 15, 2018 when Barlow filed another proper Motion for Substitution of Judge, prior to any substantive ruling as required by statute. The Motion was granted, and the case was then assigned to the Judge Seneczko.

Barlow filed motions to dismiss the citations and to reconsider, however the court denied all motions and Sarina continued with supplementary proceedings of Barlow relying on the same vacated Canadian decree. Based on the rulings of the court and in light of the lack of subject matter jurisdiction, Barlow filed the appeal and petition for rehearing, however the Appellate Court denied the appeal and subsequent motion for rehearing.

IV. **The Petition for Leave to Appeal as a Matter of Right Should be Allowed as a Matter of Sound Judicial Discretion as the Illinois Supreme Court assures a uniform body of law**

The Appellate Court, once again, conflicts with its earlier decisions and renders orders that are not in step with binding precedent of both State and Federal law. If an order is rendered without jurisdiction of the parties or the matter, it is void and should be reversed and vacated. The Appellate Court in its October 19, 2018 order clearly finds that it no longer has jurisdiction to rule on the appellee's motion, however nearly one year later in a similar situation, the court grants appellee's motion for rule to show cause. Raymond and Gwendolyn, and any future litigants, who are subject to the inconsistent rulings of the Appellate Court, are treated unequally than similarly situated litigants who are respondents in lawsuits. The history of this matter demonstrates that the law which should work for each of us only works for some of us. This Court's review is necessary to render a judicial opinion that Appellate Districts within the State of Illinois are one Appellate Court and should rule consistently with precedent. When decisions from different districts are in conflict, it becomes impossible to follow one without violating another. It is the obligation of the Illinois Supreme Court to always assure a uniform body of law. The rule of law should benefit all of us.

## CONCLUSION

For all of the reasons stated above, Petitioner respectfully requests that this Court grant this Petition for Leave to Appeal and reverse the Second District's August 20, 2019 ruling.

Respectfully submitted,

Raymond Ervin

By: /s/ Gwendolyn M. Barlow
    Attorney for Raymond Ervin
    and Gwendolyn Barlow

Gwendolyn M. Barlow (ARDC #6274519)
P.O. Box 5829
Buffalo Grove, IL 60089
(847) 204-0416
Barlowervin727@gmail.com

11