Gwendolyn Barlow
IL ARDC # 6274519
P.O. Box 5829
Buffalo Grove, IL 60089
Attorney for Raymond Ervin

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sarina Ervin, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:20-cv-06006 |
| | ) | Judge Beth W. Jantz |
| | ) | Mag. Judge Jorge L. Alonso |
| vs. | ) | |
| | ) | |
| | ) | |
| Raymond Ervin, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT RAYMOND ERVIN'S RESPONSE AND BRIEF IN OPPOSITION TO PETITIONER'S MOTION TO REMAND

Respondent Raymond Ervin ("Raymond") hereby responds to Petitioner's Memorandum in Support of her Motion to Remand [Dkt. 8]. Raymond also incorporates as part of his response the arguments, evidence, and authorities set forth in his Notice of Removal [Dkt. 1].

### INTRODUCTION

Petitioner has not presented her Motion to Remand [Dkt. 8] in the prescribed format established by FRCP 10 (b) and as amplified by Local Rule 10.1 thereby making it difficult, if not impossible, to respond diligently to this motion. Further, the imprecise construction and agglomeration, as best as can be construed, bases her claim solely upon an untimely notice of removal, however, indirectly seeks to make her case by discrediting the character of Respondent. All the incredulous claims are without the basis of evidence, as the exhibits that she attaches are incomplete evidence, not fully disclosed and contrary to their position, more to bias and inflame the Court; they are not germane to the claims presented to the Court in Raymond's Notice of

1

Removal [Dkt. 1] per 28 USC 1446 (b)(3) that support the gravamen of the case – that she lacks standing to initiate a collection matter in her name in opposition to the opinion cited by the *Blessing*[1], Court and thus the State Court lacks subject matter jurisdiction to have heard the case. No amount of diversion or dicta will change the fact that, the holding in *Blessing*, the controlling law of the case, Petitioner does not possess an individual right to seek garnishment of the Social Security Benefits of Respondent nor any of the proceeds that she has seized. Petitioner fails to otherwise refute that the Federal District Court has original jurisdiction over Federal law claims such as those pursuant to the Social Security Act and that her Citation to Discover Assets to garnish Respondent's Social Security Benefits poses a Federal question under 42 U.S. Code Chapter 7 which governs Social Security. Whereas Petitioner assigned her rights to collect to the Province of Ontario, Canada in exchange for public assistance, she has no private remedy to pursue in this matter against Raymond. Petitioner fails to acknowledge or address the evidence of her assignment [Dkt. 1, Ex.46] in her Memorandum in Support for her Motion to Remand even though her assignment is what constitutes the law of the case according to *Blessing*.

## ARGUMENT

**A.    Petitioner failed to adhere to Federal Rules of Civil Procedure and Local Rules when presenting her Memorandum in Support of Her Motion to Remand**

1.    Federal Rules of Civil Procedure 10(b) requires that claims be stated in separate and numbered paragraphs. Local Rule 10.1 states that "Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed."

2.    Petitioner's Memorandum in Support of her Motion to Remand not only fails to state her claims in numbered paragraphs but does not include any summation of which she directs her response. In addition, Federal Rules of Civil Procedure 7(b)(2) state that the rules regarding matters of form in pleading also applies to motions. Consequently, it becomes difficult to respond to her Motion and poses a disadvantage to Respondent as he will have no other opportunity to respond upon Petitioner's reply.

---

[1] See *Blessing v. Freestone*, 520 U.S. 329, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997),

3.  Petitioner failed to satisfy the formatting requirements of FRCP 8, LR 5.2, LR 7.1, and LR 10.1 in her Motion to Remand [Dkt. 8] to provide a denial of claims 1 through 24 of the Notice of Removal by enumerated concise statements and factual evidence related to each claim, depriving Raymond the opportunity to appropriately respond and as such, Petitioner's Motion for Remand should be subject to the Court striking for failure to comply with FRCP 8, LR 5.2, LR 7.1, and LR 10.1, thus Raymond's claims should be accordingly deemed as undisputed facts. *See Carroll v. Lynch,* 698 F.3d 561 (7th Cir. 2012).

B.  **Petitioner's Motion to Remand failed to deny any of Raymond's assertions in his Notice of Removal.**

1.  Since Petitioner's only argument in her Motion to Remand is that Raymond's Notice of Removal [Dkt. 1] is untimely and said argument herein has been denied by the further recitation of the provisions in 28 U.S.C. 1446(b)(3), further Petitioner did not deny any of the claims 1-24 made by Raymond in his Notice of Removal, hence in accordance with FRCP 8(b), Raymond's claims are admitted. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir.2009).

2.  West's Encyclopedia of American Law, edition 2. © 2008 defines responsive pleadings as "A formal declaration by a party in reply to a prior declaration by an opponent." Petitioner's Memorandum in Support of her Motion to Remand [Dkt. 8] was filed as a formal declaration in reply to Raymond's Notice of Removal and thus could be considered a responsive pleading. Pursuant to Federal Rules of Civil Procedure 8(b)(6), if a claim in a responsive pleading is not denied, then it is admitted. Since Petitioner failed to deny any of Raymond's assertions in his Notice of Removal, then they are admitted.

3   Petitioner lacked standing to bring the matter for collection as she had assigned her rights to the Province of Ontario Canada [Dkt. 1, Ex. 46], however in the assignee's stead, she started a Citation to Discover Assets proceeding against Raymond in state Court. The matter was tried before the State Court and the initial Citation was quashed [Dkt. 1, Ex. 19] `as it was filed with two vacated orders. Petitioner then filed a new Citation with the same order, which was the predicate for the initial Citation against Raymond, which resulted in the Court granting three turnover orders [Dkt. 1, Ex. 21]. Petitioner's new Citation to Discover Assets should have been barred by collateral estoppel. The US Supreme Court has agreed that "a plaintiff must demonstrate standing separately for each form of relief sought", *Friends of the Earth, Inc. v.*

*Laidlaw Environmental Services*, 528 U.S. 167, 185 (2000). Petitioner failed to demonstrate that she had standing to bring any such matter in the United States.

4. Now Petitioner seeks yet another bite at the proverbial apple with yet another Citation to Discover Assets [Dkt. 1, Ex. 15], with the same order, which was the predicate for the initial vacated Citation, to garnish Raymond's Social Security Benefits. As per Illinois Supreme Court Rule 277, citations can only be reissued after applying to the Court and asserting "that the existence of the property, income or indebtedness was not known to the judgment creditor during the pendency of any prior supplementary proceeding." Satisfaction of this requirement is not in the record. At the core of this frivolous matter, is that Petitioner has always lacked standing to have brought any action in the United States. No amount of judicial fiat would ever have succeeded to alter the fact that Petitioner had assigned her rights to collect and thus was estopped from asserting any of the rights of the assignee who is the real party of interest. The Seventh Circuit Court of Appeals found that "…The rule recognizes the right of the assignee to sue also, if he so desires, and it does not permit the assignor to recover for his own personal benefit, but if he recovers at all it must be for the benefit of the assignee, where, as here there has been a complete assignment of the entire subject matter." *Falvey v. Foreman-State Nat. Bank*, 101 F.2d 409, 415 (7th Cir. 1939). In *Falvey*, the Court agreed that Foreman, who had assigned their rights to sue, was no longer the party of interest and was "deprived" of its "right to sue." *Id* at 415. The case here is no different. Petitioner assigned her rights to bring suit and thus is not a party of interest and does not possess the right to bring an action.

5. Petitioner knowingly and intentionally assigned her rights to the Province of Ontario Canada in exchange for public assistance [Dkt.1, Ex. 46], yet she proceeded with a legal action in the United States to directly benefit herself and not the assignee. This action, with knowledge and intent, would suggest fraudulent conduct by the Petitioner, because she has in fact collected money by usurping the rights of the assignee. Petitioner's counsel should have known that she had assigned her rights to collect and without standing and thus was obligated to decline or terminate representation in this matter pursuant to LR83.51.16.

6. It is against the manifest weight of the evidence that Petitioner should rightfully proceed in an action to garnish Social Security Benefits because she is not a party of interest. The State of Illinois, as agent for the Province of Ontario Canada, has issued a Termination of the Income

Withholding Order based on a determination that Raymond owes no child support [Dkt. 1, Ex. 30, 44], If the agent of the assignee has issued an order that no child support is due, how can the assignor, Petitioner, legally proceed to effect a garnishment of Raymond's Social Security Benefits.

C. **Respondent, pursuant to 28 U.S.C. § 1446(b)(3), filed a proper and timely Notice of Removal.**

1. Petitioner argues that Raymond's Notice of Removal is Untimely. Raymond denies that his Notice of Removal is untimely. Petitioner argues that Raymond's Notice of Removal is not timely because supplementary proceedings have been "pending in the state Court for several years." [Dkt. 8, at p. 1]. Petitioner goes on to quote *Northern Illinois Gas Co. v. Airco*, that according to § 1446(b), "[r]emoval must be effected within thirty days after a defendant receives a copy of the state Court complaint, or is served, whichever occurs first." Petitioner fails to fully review 28 U.S.C. § 1446(b) whereby the statute goes on to indicate that even if a case was not removable at the time of the initial pleading, 28 U.S.C. § 1446(b)(3) states that a notice of removal may be filed within 30 days of the receipt by defendant of a paper (i.e., "copy of amended pleading, motion, order or other paper…"). [Dkt. 8, at p. 4]. Petitioner's argument overlooks the fact that the statute contains two different 30-day provisions.

2. Pursuant to 28 U.S.C. § 1446(b)(3), " Except as provided in subsection (c), if the case stated by the initial pleading is not removable, **a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**." [emphasis added]. The Seventh Circuit Court of Appeals, in *Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013), clearly elucidates the nature of the statute, its time provisions and when and how the 30-day time provisions are prompted.

> "The general removal statute includes two different 30–day time limits for removal. The first applies to cases that are removable based on the initial pleading. In such a case, the notice of removal "shall be filed within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief" or within 30 days of service of the summons "if such initial pleading has then been filed in Court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). However, if the case stated by the

5

initial pleading is not removable, **a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.**" *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013) [Emphasis added].

3. In this case, Raymond received an order on or about September 14, 2020 [Ex. A] from the state Court continuing to October 9, 2020 Petitioner's Citation to Discover Assets served upon the Social Security Administration along with her Memorandum of Law in support of the garnishment of Raymond's Social Security Benefits [Dkt. 1, Ex. 3]. Raymond filed his Notice of Removal on October 8, 2020, well within the 30-day timeframe of the state Court order of September 14, 2020. [Ex. A]. Upon receipt of the order, pursuant to 28 U.S.C. § 1446(b)(3), it became clear that the matter was removable based on a Federal question. She sought further to extend her reach, when Petitioner voluntarily included Social Security Administration as a Citation Respondent to garnish Raymond's Social Security Benefits and set for hearing her Memorandum of Law in Support of the garnishment of Raymond's Social Security Benefits, the case became removable. Social Security law is an area where Federal law completely preempts the state law claim and replaces them with the necessary Federal claim. In this instance, the State Court is preempted from hearing and deciding matters of Social Security garnishment requested by the Petitioner.

4. Petitioner argues that Raymond should be ordered to pay Sarina costs and expenses for this improper removal. Raymond denies that he should be ordered to pay Sarina's costs and expenses for this improper removal. Raymond has argued and demonstrated that the Notice of Removal was timely pursuant to 28 U.S.C. § 1446(b)(3) and thus not an improper removal.

D. **Petitioner's conduct satisfies the type of behavior envisioned by the waiver of right to remand doctrine**

1. Petitioner's counsel served a Citation to Discover Assets on Social Security Administration [Dkt. 1, Ex. 47] knowing that Petitioner had assigned her rights [Dkt. 1, Ex. 46]. This fact had been presented, with a copy of the assignment signed by Petitioner, and argued in nearly every filing made by Raymond in defending against each of the Citations to Discover Assets since their inception in 2016. The Court transcript of June 2, 2017 [Dkt. 1, Ex. 36, pg. 7-

12] with further evidence of knowledge by Petitioner's and her counsel and the State Court. This action by Petitioner and her counsel was a violation of LR83.53.3 and LR83.53.1.

2.      In addition, Petitioner's counsel served a Citation to Discover Assets on the Social Security Administration [Dkt. 1, Ex. 47] containing the same order, which was the predicate for the initial vacated Citation. This action, in violation of LR83.53.3 and LR83.53.1, represents the type of conduct that the waiver of the right to remand doctrine seeks to deter. In order to constitute a waiver of the right to remand, some Federal District Courts have held that there must be conduct that "would render it offensive to fundamental principles of fairness to remand,'' *Maybruck v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968).

3.      Pursuant to 28 U.S.C. 1441 (d), upon notice to adverse parties and State Court the removal has been effected and the State Court "… shall proceed no further unless and until the case is remanded." Yet Petitioner's counsel sent notice of Citation to Discover Assets examination to Respondent's counsel after the case had been removed [Dkt. 11], in violation of 28 U.S.C. 1441 (d).

4.      Waiver of right to remand is defined as "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand . . .." (*Owens v. General Dynamics Corp*. (S.D. Cal. 1988) 686 F. Supp. 827, 830.). Raymond filed a notice [Dkt. 11] on October 22, 2020 whereby he advises the Court that Petitioner has violated 28 U.S.C. 1441 (d) in contacting Raymond's attorney to attend a Citation to Discover Assets examination, ordered by the State Court, even though removal had been effected to State Court [Dkt. 4].

5.      From the conception of this matter in Illinois, the State Court recognized and ruled accordingly that the State Court did not have subject matter jurisdiction [Dkt. 1, Ex. 48]. These orders were entered under case number 00D2067 which ultimately was closed for want of prosecution. Petitioner, aware of the case status, filed the same Canadian order under a new case number, 04 D1943 and was able to register the order because there was no connection to the original case umber 00D2067. Upon registration of the Canadian order in case number 04 D1943, the case sat dormant for nearly eight (8) years and was scheduled for destruction [Ex. B] According to 735 ILCS 5/13-217, the case was likely scheduled for dismissal for want of prosecution as it was scheduled for destruction. It is unclear why the case was not destroyed as

scheduled by the State Court, but Petitioner knowingly filed third party Citations to Discover Assets against three insurance companies on October 28, 2016 with vacated orders [Dkt.1, Ex.17]. The State Court quashed these Citations to Discover Assets on February 10, 2017 [Dkt. 1, Ex. 19] based on the inclusion of vacated orders. Petitioner's counsel *knew and admitted* that the Citations to Discover Assets were filed with vacated orders [Emphasis added] [Dkt. 1, Ex. 39, pg. 3-5, 22-24]. The Court record does not contain any explanation of Petitioner and her counsel's duplicitous conduct in the 10/28/2016 Citations.

6.    Consequently, the conduct of Petitioner and her counsel not only have subject the State Court to having heard a matter without jurisdiction and subsequently ordered the cash surrender of exempt life insurance policies without Respondent's consent, but have also ordered several sanctions against Respondent and his counsel up to and including a referral to ARDC [Ex. C] for investigation of Respondent's counsel, albeit without jurisdiction. Petitioner and her counsel now seek to, without jurisdiction and standing, garnish Raymond's Social Security Benefits which arise under Federal law and thus appropriately removed to Federal Court. In summation, Respondent and his counsel have been damaged because of the conduct of Petitioner and her counsel.

7.    Petitioner and her counsel have repeatedly sought sanctions against Respondent's counsel, as an officer of the Court, even though the evidence is irrefutable that Petitioner had assigned her rights and had no standing and has promulgated the falsehood that her individual rights do exist, in opposition to the holding in *Blessing* and have perpetuated this position to the Court knowing it to be untrue and unsupported by the evidence.

8.    The Seventh Circuit Appellate Court has indicated that sanctions are appropriate in circumstances where "In filing a pleading and advocating for it, an attorney certifies, to the best of its knowledge, information, and belief, that its legal contentions are warranted by existing law and that its factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). Sanctions are appropriate where the party has not filed a pleading for proper purposes but, instead, asserts its claims simply to harass or cause unnecessary delay or expense. Fed. R. Civ. P. 11(b)(1). The purpose of Rule 11 sanctions "is to deter baseless filings in the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013). The entire span of tenure of Petitioner's cases before the Illinois State Courts appear for the spurious purpose of harassment and vexation of Respondent

8

Raymond Ervin, given that there exists no controversy, Petitioner has no standing and State Court lacks subject matter jurisdiction and she is not an aggrieved party.

For the foregoing reasons, Respondent Raymond Ervin respectfully requests that the Court withdraw and deny Petitioner's Memorandum in Support of her Motion to Remand.

Dated: October 30, 2020

By: s/Raymond N. Ervin

s/ Gwendolyn M. Barlow

Gwendolyn M. Barlow
P.O. Box 5829
Buffalo Grove, IL 60089
(847) 204-0416 Phone (847) 465-1910 Facsimile
barlowervin727@gmail.com
ARDC # 6274519
Attorney for Raymond Ervin, Respondent

### CERTIFICATE OF SERVICE

This is to certify that the foregoing RESPONDENT RAYMOND ERVIN'S RESPONSE AND BRIEF IN OPPOSITION TO PETITIONER'S MOTION TO REMAND, with exhibits, was e-filed through ECF and electronically served on October 30, 2020 to:

> Matthew Elster
> 161 North Clark Street, Suite 3000
> Chicago, IL 60601
> mdelster@beermannlaw.com
>
> *Attorney for Petitioner*