IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SARINA ERVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case Number: 20-cv-0606 |
| v. ) | |
| ) | Removed from the Circuit Court of |
| RAYMOND ERVIN, ) | Lake County, Illinois, |
| ) | Case No. 2004 D 1943 |
| Respondent. ) | |

**PETITIONER'S REPLY TO RESPONDENT'S RESPONSE
TO HER MOTION TO REMAND**

Petitioner, Sarina Ervin ("Petitioner" or "Sarina"), by and through her undersigned attorneys, respectfully states as follows for her Reply to the Response of Respondent, Raymond Ervin, to her Motion for Remand:

**INTRODUCTION**

Before addressing the misstatements of law and fact strewn throughout Raymond's Response to Sarina's Motion to Remand (Dkt. #12), it is important to refocus this Court on what is and, more importantly, what is not presently at issue before this Court. Sarina's Motion for Remand raised two discreet issues:

- First, whether Raymond's removal was timely under section 1446 when, by Raymond's own admission, he could have removed this matter to Federal Court over a year ago; and

- Second, whether Raymond and his counsel should bear responsibility for the legal fees incurred by Sarina in connection with their improper removal.

Sarina's standing to enforce certain orders, the state court's subject matter jurisdiction, the prior conduct of Sarina and her counsel, status of the ARDC investigation into Raymond's counsel, and the other extraneous matters raised in his Response simply have no bearing on the limited question before this Court.

As set forth below and in Sarina's Memorandum (Dkt. #8), the simple fact is that Raymond failed to timely remove this matter and, as a result, he should be ordered to pay Sarina's fees.

By his own admission, and as the myriad exhibits appended to his Notice of Removal confirm, this matter was ripe for removal—either on the basis of diversity or federal question—for months, if not years before he chose to do so. The arguments in his Response do nothing to move the needle, and demonstrate little more than fundamental misunderstandings of basic civil procedure and the lengths he will go and the lines he and his attorney/wife will cross to avoid his obligation to his children. This matter must be remanded to state court *instanter*, and Raymond ordered to pay Sarina's fees.

## **REPLY**

**I. Raymond's Response Misapprehends the Distinction Between Pleadings and Motions.**

In the first two sections of his Response, Raymond advances the novel theory that by filing a Motion for Remand, rather than formally answering the "enumerated concise statements and factual evidence" contained in his anything-but-concise Notice of Removal (23 pages and 49 exhibits), Sarina has not only (a) violated myriad federal and local rules, but (b) admitted all of the "claims" contained therein. (Dkt. 12, p. 2-5). He further argues, as a *non sequitur*, that Sarina lacks standing to maintain collection proceedings against him. Charitably speaking, Raymond's arguments are nonsense.

First, insofar as a Notice of Removal is not a formal pleading, a formal answer is not required. The federal rules of civil procedure draw a clear distinction between pleadings on the one hand, and "motions and other papers" on the other. *Compare* Fed. R. Civ. P. 7(a), *with* Fed. R. Civ. P. 7(b)(1)-(2); *see also,* Fed. R. Civ. P. 11(a),(b), 12(b). Raymond's argument ignores this distinction. Federal Rule 7 contains a list of allowed pleadings. Tellingly, that list does not

include a Notice of Removal. Accordingly, that rule did not compel Sarina to "Answer," paragraph by paragraph, in an admit or deny fashion, Raymond's Notice of Removal because a Notice of Removal is not a pleading to which such a response is required.

Second, and for the same reasons, Raymond's suggestion that Sarina's failure to respond to his Notice of Removal constitutes an admission on her part under Rule 8 falls equally flat. (Dkt. 12, ¶1-2). Again, insofar as Raymond's Notice of Removal is not a pleading governed by Rule 8(a), Sarina was under no obligation to formally answer the same pursuant to Rule 8(b). Instead, recognizing the palpable untimeliness of Raymond's removal, Sarina appropriately chose to seek remand to state court.

Finally, in paragraphs 3-6 of section B of his Response, Raymond asserts that Sarina lacks standing to maintain the collection proceedings she initiated nearly four years ago. Putting aside the fact that the state court considered and rejected this exact same argument over 13 years ago, and the fact that her standing, or lack thereof, has no bearing on the propriety of his removal, and the fact that he waited over a decade to raise this issue again, thereby waiving it (See *RK Co. v. See*, 622 F.3d 846 (7th Cir. 2010) (finding waiver where defendant failed to raise lack of standing until the middle of trial)), Raymond's suggestion that Sarina lacks standing further underscores the frivolity of his removal and mandates remand.[1]

Both prudential standing and Article III standing are required before a federal court can hear a matter. See *MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 745 (7th Cir. 2007) (discussing the difference between these two standing doctrines). It is well established that a defendant cannot remove a case to federal court and then seek dismissal based upon the absence of federal subject matter jurisdiction. See *Collier v. SP Plus Corporation*, 889 F.3d 894,

---

[1] A true and correct copy of the state court's June 22, 2007 Order rejecting Raymond's challenge to Sarina's standing to enforce her support order is attached hereto as **Exhibit A**.

896 (7th Cir. 2018) (rejecting argument that "once removal based on a federal question gets a defendant's foot in the door of a federal court, the slate is wiped clean and the defendant can challenge jurisdiction"); *Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 839 (N.D. Ill. 2017) ("[t]o say that a court is without jurisdiction to decide a case on its merits [yet] has jurisdiction merely to remove the case is to state a contradiction."). Section 1441 "does not contemplate a result that permits a district court to remove a case which it is required to dismiss for want of jurisdiction." *Richman Bros. Co. v. Amalgamated Clothing Workers of Am.*, 114 F.Supp. 185, 190 (N.D. Ohio 1953). This is precisely what Raymond attempts to do now. Assuming his standing arguments are even properly raised in response to a request for remand (they are not), those arguments further bolster Sarina's position.

**II.  Raymond's Notice of Removal is Untimely, Regardless of the Basis for Asserting Federal Jurisdiction.**

As Sarina previously established, Raymond's multi-year delay in seeking removal mandates the remand of this matter to state court. In an attempt to distance himself from this rule, Raymond advances a theory that is nothing short of absurd, namely that this matter first became removeable 16 years after it was initiated because the 30-day clock in section 1446 first began to run when the state court entered a continuance order on September 14, 2020.

According to Raymond, notwithstanding: (i) the admitted pendency of the supplemental proceedings in the state court since 2016, and the underlying proceedings since 2004; (ii) the admitted complete diversity of citizenship which has *always* existed in the state court proceedings; (iii) the admitted sufficiency of the amount in controversy; and (iv) the admitted involvement of the Social Security Administration in the state court proceedings since the fall of 2019 (Dkt. 1, ¶1-2; ex. 10, 47), it nevertheless *first* became clear to him that this matter was removable on September 14, 2020, the day the state court entered a scheduling order relating to

citations to discover assets issued over a year prior. (Dkt. 12, Ex. A). Charitably speaking, this argument—like virtually all which preceded it—is utter nonsense. Raymond's Notice of Removal is palpably untimely, regardless of Raymond's purported jurisdictional basis.

First, insofar as Raymond first asserted diversity as a jurisdictional basis, as he did in his Notice of Removal, by his own admission that diversity has existed for the better part of the last 20 years. (Dkt. 1 ¶2). As the caption of the state court proceedings suggests, the parties have been litigating before the Lake County Circuit Court since the waning days of the George W. Bush's first term. Insofar as the parties have been residents of different countries since Sarina initiated this action in 2004—and since she initiated supplemental proceedings in 2016—Raymond cannot credibly contend that he timely removed this matter on the basis of diversity.

Second, assuming that Raymond's jurisdictional basis is a federal question arising under "the Social Security Act, 26 USC, the Internal Revenue Code and the 31 USC § 5311, the Bank Secrecy Act" (Dkt. 1 ¶2; Dkt. 12, page 1-2), his removal is still woefully untimely. Indeed, in the very first sentence of his very first filing in this matter, Raymond explicitly concedes that a federal question—Sarina's right to garnish his social security payments—has existed since August 20, 2019:

> Petitioner served summons with Third Party Citation to Social Security Administration (SSA) (see attachments) ***on or about August 20, 2019.*** (Emphasis added.)
> Dkt 1, page 1, ¶1

The exhibits to his Notice of Removal support this fact. Exhibit 47 is a copy of the third-party citation Sarina issued to the Social Security Administration and Exhibit 10 is a September 3, 2019 court order setting that citation for status and reflecting that both Raymond and his attorney failed to appear before the court on that date. (Dkt. 1, Ex. 10, 47). The fact that the state court, in the year following the issuance of that citation, entered additional orders does not detract from

the fact that jurisdiction under section 1331 arguably existed for approximately 13 months prior to Raymond's Notice of Removal. Raymond provides this Court with no authority—and none exists—which suggests that the 30-day deadline to seek removal is reset each and every time a state court enters an order in an already removeable proceeding. Such a holding would eviscerate the 30-day time limit set forth in section 1446.

Finally, the Seventh Circuit has concluded that a third-party citation respondent in Illinois supplemental proceedings qualifies as a "defendant" for purposes of section 1441. *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 629–30 (7th Cir. 2013) (reaching this conclusion by applying "the famous duck test."). Insofar as Raymond is asserting jurisdiction on the basis of a federal question, rather than diversity, his failure to obtain the SSA's consent to removal represents yet another basis to remand this matter. See 28 USC 1446(b)(2)(A); *N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)("a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants").

**III.     Sarina has Not Waived Her Right to Seek Remand.**

Raymond removed this matter to federal court on October 8, 2020. Sarina sought remand the very next day. Nevertheless, Raymond contends that Sarina somehow waived her right to seek remand, first by somehow violating the Local Rules of this Court through actions she took in *state court* over three years ago, and second, when her attorney sent his attorney an email. (Dkt 12, page 6-7, ¶1-2).

The former argument is facially absurd and requires no length response. Suffice it to say that a party who is not an active litigant before this Court cannot logically violate the rules which, by definition, only apply to active litigants before this Court. This is especially true

where, as here, the rules Raymond accuses Sarina and her counsel of violating where repealed over nine years ago. See. N.D. Ill. Gen. Order 11-0019 (replacing Local Rules 83.50.1 through 83.58.4 in their entirety).

The latter argument is based upon a single sentence email providing "*Ms. Barlow, Please advise if you intend to appear for the citation exam. Thank you.*" (Dkt. 11) and fares no better. Raymond offers no cogent explanation as to how this email can be construed as Sarina's "affirmative conduct or unequivocal assent" to this matter proceeding in federal court. *Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1448 (N.D. Ill. 1987). No such explanation exists. If that email can be construed as anything, it is an acknowledgement that the matter belongs in state court, where Ms. Barlow's citation examination ought to proceed upon remand.

The remaining paragraphs in this section of Raymond's response bear no logical relationship to the relief sought. (Dkt. 12, page 7-9, ¶5-8). Rather than making a case for waiver, he resurrects a parade of irrelevant arguments, lamenting the fact that "the case was not destroyed" and that Sarina had the gall to attempt to enforce a six-figure child support judgment against him. By his own admission, Raymond and his attorney/wife have engaged in a course of conduct which the state trial court and the state appellate court have found sanctionable. The instant removal is no exception, and this Court should join in the chorus of other tribunals which have sanctioned Raymond and his attorney for their flagrant disregard of authority and disrespect for the rule of law.

WHEREFORE, Sarina Ervin hereby moves this Court for an order remanding this case to the Circuit Court of Lake County, Illinois, and requiring Respondent, Raymond

Ervin and his attorney, Gwendolyn Barlow, to pay Petitioner's costs and any actual expenses, including attorneys' fees, incurred as a result of this removal.

**SARINA ERVIN**

By: /s/ *Matthew D. Elster*
One of Her Attorneys

Matthew D. Elster
**BEERMANN LLP**
161 North Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2020, a copy of the foregoing *Reply to Response to Motion to Remand* was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

        /s/ *Matthew D. Elster*