Jul 09 07 03:11p      WOLF & TENNANT          (312) 799-0999          p.2

STATE OF ILLINOIS)
                 )
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE: THE MARRIAGE OF

SARINA ERVIN

      And                                      04 D 1943

RAYMOND ERVIN



ORDER

This cause coming on for hearing on the Respondent's challenge to the validity or enforcement of the July 5th, 2000 order of the Ontario Superior Court of Justice-Family Court in case number 57492/98 (hereinafter referred to as "the Order." Both parties being present and represented by counsel, the court having heard the testimony of the sworn witnesses, reviewed the exhibits admitted into evidence, heard the arguments of counsel and being otherwise fully advised in the premises

Finds:

1. That this court has jurisdiction of the parties hereto and the subject matter hereof.

2. That the parties hereto were divorced pursuant to a Divorce Judgment entered the 12th day of August, 1999 in Superior Court of Justice in case number 57492/98 in Ottawa, Canada (hereinafter called the Canadian court or Canadian case).

3. That at the time of the entry of the Divorce Judgment the Canadian Court had subject matter jurisdiction and personal jurisdiction of the parties.

4. That on November 2nd, 1998 an order was entered by the Canadian Court dealing with "interim custody and other relief.

1

Jul 09 07 03:12p     WOLF & TENNANT          (312) 739-0399        p.3

5. That paragraph 3 of that interim order provided for interim child support of f $1,613.00 Canadian (herein after denoted "C") based on income of $ 100,000.00 C which income was from respondent's disability insurance benefits.

6. That Raymond Ervin was represented by an attorney until January 19th 2000 when, by court order of that date, at paragraph 1 his counsel was, at counsel's request, "removed from the record, as the Respondent has not given instructions to his lawyer and is not present."

7. That the same order provided in paragraph 2 that "Respondent's pleading's are struck."

8. That the Respondent did not file an appearance or retain an attorney to represent him in the Canadian case since his attorney was discharged on January 19th 2000.

9. That paragraph 3 of the order of January 19th 2000 provided that "the matter is set down for summary judgment pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator.

10. That at the hearing in the Canadian Court on July 5th, 2000 Sarina Ervin testified, inter alia:

 A. That in 1996 and 1997 Mr. Ervin had income over and above his disability income of $120,000.00 US per year. (p. 5&6)

 B. That she left Mr. Ervin on June 19th, 1998. (p6)

 C. That at the time of the separation Mr. Ervin . was only making the disability insurance income. (p . 7)

 D. That Mr. Ervin had injured both arms at different times and was contesting a claim for disability with Social Security in the U.S. (p. 13&14)

 E. That at the time of the hearing Mr. Ervin was doing volunteer work for a minister for his wife's church, was not receiving any income from employment and was able to work. (p. 8)

 References are to July 5th, 2000 transcript page numbers.

11. That the Order entered on July 5th, 2000 imputed income to the Respondent of $384,000.00 C and set child support at $5,418.00 C per month.

12. That paragraph 11 of the Order states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed."

2

13. That at the hearing in the instant case held on May 2nd, 2007, at page 27 of the transcript, Sarina Ervin testified that the $120,000.00 annual income she attributed to Mr. Ervin for the years 1996 and 1997 were per diem payments.

The Respondent challenges the registration of the Order on three grounds. First, that the procedure followed by the Canadian Court violated the Respondent's due process rights; Second, that the Order was obtained by fraud and Third, that Sarina Ervin is not the proper party to pursue registration of the Order.

**Due Process:**

The Respondent claims that since he did not receive notice of the hearing of July 5th, 2000 the court should decline to enforce the Canadian Order. This argument fails for a number of reasons. First, there is a presumption of validity to court orders and it is the burden of the party objecting to the court order to over come that presumption. In *Wright V. Autohaus Fortense Inc.* 129 Ill. App. 3d 422 the court said, "The amount of evidence required to rebut the presumption is not determined by any fixed rule, but it must be sufficient to support a finding of the nonexistence of the presumed fact." The unsupported testimony of the Respondent that he did not receive notice does not overcome the presumption of validity of the order.

Second the Respondent did not show that there was any irregularity in the Canadian Court's procedure when, in the order of January 19th 2000, the Canadian Court set the matter " pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator." Nothing that has been presented to the court indicates that that procedure was not, in fact, followed.

Third, the Respondent's argument that Sarina Ervin was asking for additional relief also fails because the prior relief granted in the order of November 2nd, 1998 was "interim" in nature and there is nothing to indicate that any party had a valid reason to assume that it was anything but interim. Also there is evidence that the parties were involved in financial discovery just before Respondent's attorney was discharged which leads the court to conclude that the

3

parties knew or should have known that a final order had yet to be
reached.

### Fraud:

The Respondent claims that the Order was the result of fraud
perpetrated by Sarina Ervin when she testified at the hearing on July
5th, 2000. Her statement that the respondent was able to work at the
time of hearing is of no great moment. It was the opinion of Sarina
Ervin to which the Canadian Court decided to give great weight. Her
testimony regarding the income of $120,000.00 per year in 1996 and
1997 was based upon her belief that Per Diem payments are income.
This misconception might have been easily rectified through cross
examination. The Respondent chose not to avail himself of "the
greatest legal engine ever invented for the discovery of truth" by
ignoring the Canadian proceeding. Sarina Ervin, in fact, testified that
Respondent had no earned income at the time of the hearing and had
no income other than his disability income since 1997, three years
prior to the hearing. The significant increase in child support resulted
from the Canadian Court imputing income to Respondent when he
chose not to be present and testify on his own behalf.

### No Standing:

The Respondent maintains that because the Order contains paragraph
11 which states "Unless the support order is withdrawn from the
office of the Director of the Family Responsibility Office, it shall
be enforced by the Director, and amounts owing under the
support order shall be paid to the Director, who shall pay them to the
person to whom they are owed" Sarina Ervin is not entitled to register
the Order. First, this Court reads paragraph 11 as authority for the
Director to take action to collect child support, not a prohibition
denying Sarina Ervin the right to collect the child support. Again
it is the burden of the Respondent to go forward with his theory. There
was no presentation of any Canadian Law to convince the Court that
paragraph 11 precluded Sarina Ervin from pursuing registration of
the Order.

Wherefore it is hereby ORDERED as follows:

4

A. That the Respondent's challenge to the validity or enforcement of
the July 5th, 2000 order of the Ontario Superior Court of Justice-
Family Court in case number 57492/98 is overruled and the
registration of said Order is upheld.

Dated at Waukegan this
21st day of June, 2007

ENTER:

JUDGE

5