UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 20 C 6006 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| RAYMOND ERVIN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Sarina Ervin's motion [7] to remand is granted. This case is remanded to the Circuit Court of Lake County. Civil case terminated.

## STATEMENT

Respondent Raymond Ervin ("Raymond") filed a notice of removal stating that he thereby removed "Case Number 04D1943." That case was a domestic-relations case, and the Seventh Circuit Court of Appeals described the case as follows:

> [Raymond] and Sarina were living together in Canada when divorce proceedings began in 1998. After their divorce was final, the Ontario court issued an interim order awarding custody of the couple's three children to Sarina and requiring Raymond to make support payments. Raymond . . . moved to Illinois[.] . . . The Ontario court conducted additional proceedings in Raymond's absence, and in 2000 it entered a final order that increased his monthly support payments.
>
> Sarina registered the latter order in Illinois in 2004 by filing it in state court along with the other information required by statute. See 750 ILCS 22/602. Raymond contested the registered order, as he was entitled to do under 750 ILCS 22/606. He asserted, among other things, that he had not received notice of the additional proceedings that took place in the Ontario court after he left Canada. Thus, he reasons, the Ontario court's order is not valid because it violated his right to due process. The Circuit Court of Lake County (IL) rejected that argument and confirmed the registered order pursuant to 750 ILCS 22/607(c). The state appellate court affirmed its judgment, and in 2009 the Supreme Court of Illinois denied Raymond's petition for leave to appeal.

*Ervin v. Ervin*, 571 Fed.Appx. 464, 465 (7th Cir 2014) (affirming dismissal of Raymond's § 1983 claims for want of jurisdiction based on *Rooker-Feldman* doctrine).

Raymond, as the removing party in this case, "bears the burden of establishing federal jurisdiction." *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). In his notice of removal, Raymond asserts that he is a citizen of Illinois, that Sarina is a citizen of Canada and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(2). To the extent that Raymond is attempting to remove the entire 2004 state-court case, removal was improper, because, as Sarina points out (and pointed out within 30 days after removal), the notice of removal was untimely. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . "). Because it was clear on the first day of that suit that the parties were diverse, § 1446(b)(3) is inapplicable. 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). Likewise, to the extent Raymond was attempting to remove the post-judgment supplemental proceedings (i.e., the citations to discover his assets) directed to him, removal was improper for the same reason. Those proceedings began no later than 2017 [Docket 1-15], so, as Sarina points out, the notice of removal was untimely.[1]

It is possible that Raymond, whose notice of removal is not a model of clarity, is attempting to remove only the citation to discover assets that Sarina issued to the Social Security Administration. Raymond's notice of removal states that Sarina "seeks a turnover order for garnishment of Raymond's SSA benefits to satisfy child support payments." [Docket 1 at ¶ 4]. Raymond also asserts that Sarina "served summons with Third Party Citation to Social Security Administration (SSA) (see attachments) on or about August 20, 2019." [Docket 1 at ¶ 1]. Raymond states that the pandemic delayed the citation and that, on September 11, 2020, the state court set that citation for a hearing on October 9, 2020. The day before that hearing was to occur, Raymond removed the case, and his notice of removal seems to argue that the involvement of the Social Security Administration presents a federal question. [Docket 1 at 2].

To the extent Raymond is attempting to remove only the citation to discover assets that was issued to the Social Security Administration, Sarina points out two defects with that removal. [Docket 13 at 5-6].[2] First, Sarina correctly points out that the notice of removal was

---

[1] It is not clear that Raymond could have removed those proceedings with even a timely notice of removal, because they are "probably excluded from federal-court jurisdiction by the domestic-relations doctrine." *Ervin*, 571 Fed.Appx. at 466 (citing *Marshall v Marshall*, 547 U.S. 293, 311-312 (2006); *Struck v. Cook Cty. Public Guardian*, 508 F.3d 858, 859-60 (7th Cir. 2007)). Furthermore, ancillary proceedings are generally not removable. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 622-23 & 625 (7th Cir. 2013) (explaining that "most state-court enforcement proceedings are more properly characterized as ancillary or supplementary suits" and are, therefore, not removable under § 1441(a), which allows the removal only of independent suits, not ancillary proceedings).

[2] The Court notes that those arguments were made within 30 days after Raymond filed the notice of removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the base of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice

not filed within thirty days after service of the citation, 28 U.S.C. § 1446(b)(1), which Raymond admits in the notice of removal was served on or about August 20, 2019 [Docket 1 at ¶1]. Raymond argues that, pursuant to 28 U.S.C. § 1446(b)(3), he had until 30 days after the state court's scheduling order to file his notice of removal. That is nonsense. The scheduling order was not Raymond's first notice that the case was removable [Docket 1-47], so § 1446(b)(3) does not apply.

Sarina has also pointed out a second reason why the notice of removal for the citation to discover assets is defective: Raymond did not obtain the consent of the Social Security Administration. 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action."). As the third-party recipient of the citation to discover asserts, the Social Security Administration is a defendant to the citation proceedings. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 629-30 (7th Cir. 2013) ("a third-party citation respondent in an Illinois citation action is a defendant" for purposes of the removal statute).

For these reasons, Raymond's notice of removal was defective. Accordingly, Sarina's motion to remand is granted. This case is remanded to the Circuit Court of Lake County. Civil case terminated.

SO ORDERED.                                                    ENTERED: November 17, 2020

_____
JORGE L. ALONSO
United States District Judge

---

of removal under section 1446(a)"); *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 626 (7th Cir. 2013) ("GE Betz's forum-defendant objection was timely under 28 U.S.C. § 1447(c); it raised the argument in its motion to reconsider, filed sixteen days after Zee's removal.").