IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SARINA ERVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case Number: 20-cv-0606 |
| v. ) | |
| ) | Removed from the Circuit Court of |
| RAYMOND ERVIN, ) | Lake County, Illinois, |
| ) | Case No. 2004 D 1943 |
| Respondent. ) | |

**PETITIONER'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR COSTS AND FEES**

Petitioner Sarina Ervin ("Sarina" or "Petitioner"), by and through her undersigned attorneys and pursuant to 28 U.S.C. § 1447(c), respectfully moves this Court for an order requiring Respondent Raymond Ervin ("Raymond" or "Respondent") to pay Sarina's just costs and actual expenses, including attorneys' fees, incurred as a result of his improper removal of this action.

**I.  Background and Introduction.**

On October 8, 2020, Respondent filed a Notice of Removal of this post-decree child support enforcement matter, asserting that this Court has jurisdiction over this case, both due to a complete diversity of citizenship and the existence of a federal question (Dkt. 1 ¶2). The next day, Sarina filed a Motion to Remand on the basis that Raymond's removal was untimely pursuant to 28 USC §1446)(b) insofar as he first sought removal long after this matter arguably became removable. (Dkt. 7, 8). Sarina also requested in her Motion to Remand that the Court order Raymond to pay her reasonable costs and fees incurred as a result of the removal.

This Court granted Sarina's Motion to Remand in a November 17, 2020 written order. (Dkt. 14). This Court did not, however, rule on Sarina's request for fees and costs. Sarina now requests that this Court do so, and order Raymond to pay her reasonable costs and fees.[1]

**II.     Raymond Should Be Ordered to Pay Sarina's Costs and Expenses for His Baseless Removal.**

This Court should order Raymond to pay Sarina's costs and expenses incurred as a result of his improper and unreasonable removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts award attorneys' fees under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also PNC Bank, N.A.*, 763 F.3d at 654 (affirming district court's award of fees and costs where there was "no objectively reasonable basis for federal jurisdiction or for removal"). "[I]f, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009).

Here, clearly established law and the facts known to, or reasonably discoverable by, Raymond demonstrate that he had no objectively reasonable basis to seek removal years into the state court litigation. As this Court found in its November 17, 2020 Order, no matter how one looks at it, Raymond's October 2020 Notice of Removal was not only untimely, but likely impermissible insofar as:

- Complete diversity existed between the captioned parties in the underlying state court proceedings since 2004 and in the state court supplemental proceedings since 2017;

- Federal courts lack jurisdiction to hear ancillary state court proceedings;

---

[1] This Court retains jurisdiction to enter a fee award, even though this case has been remanded to state court. *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) ("even after remanding a case to state court, a district court retains jurisdiction to decide collateral matters like fee awards").

- A federal question arguably existed since August of 2019; and
- To the extent the involvement of the Social Security Administration created such a federal question, Raymond failed to obtain its consent prior to seeking removal.

In defense of his belated removal, Raymond advanced the argument that this matter first became removeable not when it was filed, not when the Social Security Administration became involved, but instead in September, 2020 when the state court issued a scheduling order on a citation to discover assets Sarina issued over a year prior. This Court charitably described this argument as "nonsense."

Finally, this Court cannot ignore the timing of Raymond's removal of this action. Despite having, by his own admission, months if not years to seek removal, he waited until October 8, 2020, the day before the hearing on Sarina's Citation to Discover Assets issued to the SSA (and less than two weeks before the citation examination of his attorney/wife), to do so. This smacks of the precise type of intentional delay that section 1447 is designed to discourage. See *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (noting that awards of fees under section 1447 are designed to "deter[] improper removals as a way to delay litigation.").

This Court's findings—and Raymond's own arguments—make it abundantly clear that he had no objectively reasonable legal basis to remove this matter to federal court years after federal jurisdiction arguably existed. In sum, considering the applicable facts and controlling law, Raymond's removal of this case was wholly unreasonable. Accordingly, Sarina respectfully requests that this Court order Raymond to pay her reasonable costs and fees.

### III. Conclusion.

Because Raymond lacked any objectively reasonable legal or factual basis to remove this action, Sarina should be awarded reasonable costs and attorneys' fees incurred as a result of his

improvident removal. As outlined on the attached affidavit of her counsel, those fees total **$7,875.00.**

WHEREFORE, for the foregoing reasons, Sarina respectfully requests that this Court order Raymond to pay Sarina's reasonable costs and expenses, including attorneys' fees, incurred as a result of Raymond's improper removal in the amount of $7,875.00.

By: /s/ *Matthew D. Elster*
One of Her Attorneys

Matthew D. Elster
**BEERMANN LLP**
161 North Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2020, a copy of the foregoing ***Memorandum in Support of Motion For Costs and Fees*** was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

/s/ *Matthew D. Elster*