Gwendolyn Barlow
IL ARDC # 6274519
P.O. Box 5829
Buffalo Grove, IL 60089
Attorney for Raymond Ervin

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sarina Ervin, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:20-cv-06006 |
| | ) | Judge Jorge L. Alonso |
| | ) | Mag. Judge Beth W. Jantz |
| vs. | ) | |
| | ) | |
| | ) | |
| Raymond Ervin, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT RAYMOND ERVIN'S RESPONSE AND BRIEF IN OPPOSITION TO PETITIONER'S MOTION AND MEMORANDUM IN SUPPORT OF HER MOTION FOR COSTS AND FEES**

Respondent Raymond Ervin ("Raymond") hereby responds to Petitioner's Memorandum in Support of her Motion for Costs and Fees [Dkt. 15, 16]. Raymond also incorporates as part of his response the arguments, evidence, and authorities set forth in his Notice of Removal [Dkt. 1].

**INTRODUCTION**

The gravamen of the case – that Sarina lacks standing to initiate a collection matter in her name - is supported in the opinion cited by the *Blessing*[1] Court and thus the State Court lacked subject matter jurisdiction to have heard the case. No amount of diversion or dicta will change the fact that, *Blessing*, the controlling law of the case, stipulates that a party such as Petitioner does not possess an individual right to seek garnishment of the Social Security Benefits of Respondent. Petitioner fails to otherwise refute that the Federal District Court has original

---
[1] See *Blessing v. Freestone, 520 U.S. 329, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997)*,

1

jurisdiction over Federal law claims such as those pursuant to the Social Security Act and that her Citation to Discover Assets to garnish Respondent's Social Security Benefits poses a Federal question under 42 U.S. Code Chapter 7 which governs Social Security. Whereas Petitioner assigned her rights to collect to the Province of Ontario, Canada in exchange for public assistance, she has no private remedy to pursue collection in this matter against Raymond unless a rebuttable presumption as elucidated in *Blessing* could be established, which Sarina has not done here. Petitioner fails to acknowledge or address the evidence of her assignment [Dkt. 1, Ex. 46] in her Memorandum in Support for her Motion to Remand even though her assignment is what constitutes the law of the case according to *Blessing*.

**ARGUMENT**

**A.      Attorneys' Costs and Fees**

1.      Sarina has requested attorneys' costs and fees pursuant to 28 U.S.C. §1447(c) "as a result of his improper removal of this action." The Supreme Court has held that "…courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Respondent seeks removal based on Sarina's attempt to garnish his Social Security benefits. In addition, the state agent (Department of Healthcare and Family Services) of the assignee, has determined that no child support is due [Dkt. 1, Ex. 30]. In 1999, Sarina assigned all her rights to collect child support to the Province of Ontario Canada. Sarina has not denied that she assigned her rights in exchange for her receipt of child support from the Province of Ontario Canada and has not overcome any rebuttable presumption that she has an individual right to collect any child support pursuant to the Supreme Court's opinion in *Blessing*.

2.      "… if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorney's fees." *Lott v. Pfizer*, 492 F.3d 789, 793 (7th Cir. 2007). Social Security Act, which is clearly established law, does not foreclose Raymond's basis for removal. Rather the Social Security Act, Title IV-D (42 U.S.C. 651 *et seq*.) is the basis for Raymond's removal. Raymond's attempt at removal was objectively reasonable based on the required assignment of child support collection rights in Title IV-D of the Social Security Act.

3. Since Sarina sought to garnish Raymond's Social Security benefits, which arise under federal law, it was objectively reasonable for Raymond to remove the matter to federal court. Pursuant to the holding in *Lott*, the District Court should not award attorney's fees to Sarina.

B. **Respondent brings a timely Notice of Removal pursuant to §1446(b)(3) as a claim arising under a Federal Law**

1. The Seventh Circuit, in *Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013) set out to clarify when the thirty-day clock runs for purposes of removal begins. In the instant case, Raymond relies on §1446(b)(3) whereby the statute permits the removal when the defendant receives a pleading or other paper at which it can be determined that the grounds for removal are present. In this matter, although Sarina filed her Third-Party Respondent citation against Social Security Administration on or about August 12, 2019 and her Memorandum of Law in Support of Request for Turnover Order from Social Security Administration [Dkt. 1, Ex. 3] on or about October 11, 2019, the case may or may not have been removable at that time because Social Security contested jurisdiction of the state court[2] and had not answered or appeared, and the court continued the matter on December 10, 2019[3]. Upon the advent of COVID-19, the court continued all hearings in the case until July 2020 (at which the status of the Social Security citation was not on the docket). The first instance that the status of the Social Security citation was on the docket was at the September 11, 2020 hearing[4] before a newly assigned judge who continued the matter until October 9, 2020 to provide time to review Sarina's Memorandum of Law in Support of Request for Turnover Order from Social Security Administration [Dkt. 1, Ex. 3], which although filed by Sarina, had not been previously presented.

2. Respondent received a court order on or about September 14, 2020 where the court scheduled the hearing of Sarina's Memorandum on October 9, 2020. It was upon receipt of the court order where Sarina's Memorandum would be heard that the "predicates for removal" were present and the first time that Raymond had a reasonable belief that the case was removable. *Id* at 823. The Court in *Walker* provide clarity that supports Raymond's timely removal. "The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper

---

[2] True and correct copy of the October 22, 2019 State Court transcript (pertinent pages) is attached as Exhibit A
[3] True and correct copy of the December 10, 2019 State Court transcript (pertinent pages) is attached as Exhibit B
[4] True and correct copy of the September 11, 2020 State Court transcript (pertinent pages) is attached as Exhibit C

3

that affirmatively and unambiguously reveals that the predicates for removal are present." *Id.* at 824.

3.     Further, based on Sarina's Memorandum, she seeks to garnish Raymond's Social Security Benefits which are governed by 42 U.S.C. §402 arising under federal law; elucidating the fact that the matter has become removable as the state court would have been precluded to render a decision regarding Sarina's garnishment request.

4.     Several other Federal circuits have also opined on the premise that the thirty-day removal clock, if not removable with the initial pleading, starts when the defendant receives a copy of an amended pleading, motion, order or other paper that portends that a matter is or has become removable. The *Chapman* Court, in the Fifth Circuit, holds "A defendant does not have a duty to investigate whether a case is removable." *See Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163. And goes on to state, "Thus, if the case stated by the initial pleading is not clearly removable (i.e., it may or may not be removable) the defendant may wait until an "other paper" makes clear that the case is removable." *Id*.

**C.     Respondent possessed an objectively reasonable basis for seeking removal**

1.     It is beyond a preponderance of the evidence that Petitioner should rightfully proceed in an action to garnish Social Security Benefits because she is not a party of interest. The State of Illinois, as agent for the Province of Ontario Canada, has issued a Termination of the Income Withholding Order based on a determination that Raymond owes no child support [Dkt. 1, Ex. 30, 44], If the agent of the assignee has issued an order that no child support is due, how can the assignor, Petitioner, legally proceed to effect a garnishment of Raymond's Social Security Benefits.

2.      The Seventh Circuit Court of Appeals found that "…The rule recognizes the right of the assignee to sue also, if he so desires, and it does not permit the assignor to recover for his own personal benefit, but if he recovers at all it must be for the benefit of the assignee, where, as here there has been a complete assignment of the entire subject matter." *Falvey v. Foreman-State Nat. Bank*, 101 F.2d 409, 415 (7th Cir. 1939). In *Falvey*, the Court agreed that Foreman, who had assigned their rights to sue, was no longer the party of interest and was "deprived" of its "right to sue." *Id* at 415. The case here is no different. Petitioner assigned all of her rights to bring suit and thus is not a party of interest and does not possess the right to bring a private action.

3.  Raymond asserts that not only was Sarina not a party of interest in the case, but federal law preempts state law in matters of Social Security. "[F]ederal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n.14 (1983).

4.  "Preemption also occurs, however, where Congress manifests an intent to occupy exclusively an entire field of regulation through a comprehensive federal regulatory scheme. See Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta , 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982) ; Wigod v. Wells Fargo Bank, N.A. , 673 F.3d 547, 576 (7th Cir. 2012)." *Effex Capital, LLC v. Nat'l Futures Ass'n,* 933 F.3d 882, 893 (7th Cir. 2019). The federal Child Support Enforcement (CSE) program was signed into law in 1975. It was part of the Social Services Amendments of 1974 (P.L. 93-647). The CSE program is Title IV-D of the Social Security Act. The CSE program is administered at the federal level by the Office of Child Support Enforcement (OCSE) in the Department of Health and Human Services (HHS). From this regulatory scheme, it is apparent that Congress intended that the federal government would exclusively manage the regulatory governance and oversight of the child support enforcement program.

5.  The law of the case in this matter was espoused in *Blessing* by the U.S. Supreme Court where the Court held that the legislature did not intend for members in the class of those who had assigned their rights to collect in exchange for public assistance to have a private and individual right to collect. "The enforcement scheme that Congress created in Title IV-D is far more limited than those in *Sea Clammers* and *Smith*. Unlike the federal programs at issue in those cases, Title IV-D contains no private remedy-either judicial or administrative-through which aggrieved persons can seek redress." See *Blessing v. Freestone*, 520 U.S. 329, 348 (1997).

**D.   Social Security is a nominal party and does not present any adverse interests to Petitioner**

1.  Social Security is a nominal party in this case as it is not an adverse party in Sarina's attempt to collect. She is seeking to garnish Raymond's Social Security benefits of which Social Security Administration only administers benefits however is not liable for any monies due and owing to Sarina. "Nominal parties, however, are disregarded for removal purposes and need not

5

join in the petition." *Ryan v. State Board of Elections of the State of Illinois*, 661 F.2d 1130, 1134 (7th Cir. 198).

2.     The court goes on to state that it is the duty of the removing party to include a statement indicating that the nominal party is not included and thus not required to consent to removal.

"A removal petition may be amended freely within the thirty-day period. Moreover, even after the thirty days have elapsed, amendments to correct 'defective allegations of jurisdiction' are permitted under 28 U.S.C. § 1653." *Northern Illinois Gas Co. v. Airco Indus. Gases, a Division of Airco, Inc.,* 676 F.2d 270, 273 (7th Cir. 1982). Respondent then, would have moved the court to amend the removal petition to include a statement of the status of Social Security as a nominal party, thus curing the defect.

3.     The Seventh Circuit further elucidates the position that defendants who are deemed nominal are not considered defendants for purposes of removal as they also quoted their holding in *Shaw v. Dow Brands, Inc*., 994 F.2d 364, 369 (7th Cir.1993), "…arguing that the definition of "defendant" in 28 U.S.C. § 1441(b) is very narrow and does not include "[n]ominal or formal parties." According to *Shaw*, a "defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *GE Betz, Inc. v. Zee Co*., 718 F.3d 615, 631 (7th Cir. 2013). Clearly, it is not reasonable to think that Social Security Administration would be liable to Sarina in this matter and thus would be considered nominal.

4.     Since Social Security contested state court's jurisdiction in this matter, and was a nominal party, then they are not considered defendants, according the holding in *Shaw*, for purposes of removal, and thus would not need to consent to removal.

For the foregoing reasons, Respondent Raymond Ervin respectfully requests that the Court deny Petitioner's Motion and Memorandum in Support of her Motion for Costs and Fees.

Dated: November 25, 2020

By: s/Raymond N. Ervin

 s/ Gwendolyn M. Barlow

Gwendolyn M. Barlow
P.O. Box 5829
Buffalo Grove, IL 60089
(847) 204-0416 Phone (847) 465-1910 Facsimile
 barlowervin727@gmail.com
ARDC # 6274519
Attorney for Raymond Ervin, Respondent

## CERTIFICATE OF SERVICE

This is to certify that the foregoing RESPONDENT RAYMOND ERVIN'S RESPONSE AND BRIEF IN OPPOSITION TO PETITIONER'S MOTION AND MEMORANDUM IN SUPPORT OF HER MOTION FOR COSTS AND FEES, with exhibits, was e-filed through ECF and electronically served on November 25, 2020 to:

> Matthew Elster
> 161 North Clark Street, Suite 3000
> Chicago, IL  60601
> mdelster@beermannlaw.com
>
> *Attorney for Petitioner*