UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 20 C 6006 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| RAYMOND ERVIN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Sarina Ervin's motion [15, 16] for fees is granted. The Court awards $7,875.00. Hearing set for December 1, 2020 is stricken.

## STATEMENT

After petitioner Sarina Ervin ("Sarina") filed a motion for remand, the Court granted the motion. Before the Court is Sarina's motion for fees in connection with the remand. Although the Court has already granted the motion for remand, the Court may still consider the motion for fees. *PNC Bank NA v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) ("even after remanding a case to state court, a district court retains jurisdiction to decide collateral matters like fee awards"); *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000). Sarina seeks $7,875.00 in fees, based on 17.75 attorney hours billed at rates of $400, $450 and $600. The time was spent on the motion for remand and the motion for fees.

The remand statute allows a court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained the purpose of the provision:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

*Martin v. Franklin Capital Corp.* 546 U.S. 132, 140 (2005). Accordingly, the Supreme Court outlined the following test for awarding fees under § 1447(c):

> [a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . . In applying this rule, district courts retain discretion to consider

> whether unusual circumstances warrant a departure from the rule in a given case. . . . When a court exercises discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c).

*Martin*, 546 U.S. at 141.

In addition to several irrelevant arguments (including the merits of the underlying citation and the merits of prior child support orders) that do not warrant discussion, Raymond argues that he had an objectively reasonable basis for removal, namely, the existence of a federal question based on the fact that the recipient of the citation to discover assets was the Social Security Administration. Even were that so, however, as the Court explained in its remand order, Raymond's notice of removal suffered two fatal defects: (1) it was filed too late; and (2) it was filed without the consent of the Social Security Administration, which was a defendant to the citation proceedings. [Docket 14 at 2-3]. These principles were clearly established.

Thus, the Court finds that Raymond lacked an objectively reasonable basis for removal. Accordingly, an award of fees is warranted in this case. Furthermore, the Court notes that even if Raymond had had an objectively reasonable basis for removal, the Court *still* would have granted fees. This case presents the sort of unusual circumstance that the Supreme Court in *Martin* said could warrant a departure from the usual rule. *Martin*, 546 U.S. at 141. These parties have been litigating over child support for ages. *See, e.g., Ervin v. Ervin*, 571 Fed.Appx. 464, 465 (7th Cir 2014) (describing the long history of these parties' battles and affirming dismissal of Raymond's § 1983 claims for want of jurisdiction based on *Rooker-Feldman* doctrine). Raymond removed this case the day before a long-awaited hearing on the citation to discover assets, thereby causing the sort of unjustified delay that §1447(c) is meant to deter. Fees are warranted.

Raymond does not take issue with the amount of the requested fees. He does not argue that the rates or the number of hours billed were excessive. Nor does he argue that the fees were not actually incurred. Accordingly, the Court finds that the amount requested by Sarina is appropriate.

For these reasons, Sarina's motion for fees is granted, and she is awarded $7,875.00.

SO ORDERED.                                             ENTERED: November 30, 2020

_____
JORGE L. ALONSO
United States District Judge